UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHN PLUMMER,**                                                                                               **PLAINTIFF**

v.                                         CIVIL ACTION NO. 5:22-cv-05102-TLB

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**                               **DEFENDANT**

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Lincoln Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit Court of Washington County, Arkansas, to the United States District Court for the Western District of Arkansas, Fayetteville Division. In support of the instant Notice of Removal, Defendant respectfully states unto the Court the following:

1. The instant action was commenced against Defendant on or about May 2, 2022, in the Circuit Court of Washington County, Arkansas as Civil Action No. 72CV-22-1012.

2. Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc. ("Walmart")[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2] Defendant hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3. The Circuit Court of Washington County, Arkansas, is within the United States District Court for the Western District of Arkansas, Fayetteville Division, to which this action is removable.

---

[1] See ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2] See ¶¶ 1, 6, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

4.Defendant Lincoln Life Assurance Company of Boston was served with this lawsuit on May 6, 2022. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8. Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9. As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4] See ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[5] See ¶¶ 1 and 4 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

10. Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11. Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12. By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13. A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: *Iwana Rademaekers*
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Mail on the 26th day of May 2022.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

*Iwana Rademaekers*
Iwana Rademaekers

PRESS

B/C

RECEIVED
WD/AR

MAY 3 1 2022

U.S. CLERK'S OFFICE

# UNITED STATES POSTAL SERVICE ® Click-N-Ship®

usps.com $9.25
US POSTAGE
Legal Flat Rt Env

9405 5036 9930 0258 7489 82 0092 5000 0037 2701

U.S. POSTAGE PAID
Click-N-Ship®

05/26/2022   Mailed from 75169

## PRIORITY MAIL 2-DAY™

IWANA RADEMAEKERS
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 PRESTON RD STE 800
DALLAS TX 75252-5645

Expected Delivery Date: 05/28/22
Ref#: PLUMMER
**0006**

4/521   C005

SHIP TO:
CLERK
US DISTRICT COURT, WESTERN DISTRICT OF
35 E MOUNTAIN ST
STE 510
**FAYETTEVILLE AR 72701-5353**

### USPS TRACKING #



9405 5036 9930 0258 7489 82

Electronic Rate Approved #038555749

gal Flat Rate Envelope
14L February 2014
): 15 x 9.5

MAIL LEGAL
E REQUIRED

ED STATES
L SERVICE®

