**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JOHN PLUMMER,                                                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 5:22cv05102-TLB

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                          DEFENDANT

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S**
**ANSWER TO PLAINTIFF'S COMPLAINT COUNTERCLAIM**

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, John Plummer, and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

**Introduction**

1.      Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

**Parties**

2.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Arkansas.  Lincoln admits that it was properly served with summons in this action.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

**Jurisdiction**

4.      Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action under ERISA.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

**Venue**

5.      Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action and that venue of this action is proper in this Court. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

**Facts**

6.      Lincoln admits that it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") to Wal-Mart Stores, Inc. ("Walmart") which, at certain times, insured benefits from the Wal-Mart Stores, Inc. Associates' Health and Welfare Benefit Plan (the "Plan") sponsored by Walmart.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that Walmart sponsored the Plan to provide short-term disability ("STD") benefits and long-term disability ("LTD") benefits to certain of its employees.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits Plaintiff was, at certain times, an employee of Walmart, and was, at certain times, a participant in the Plan.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits Plaintiff was, at certain times, employed by Walmart as a TBC Tire Tech.  Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Lincoln admits that certain documents concerning Plaintiff's job description and occupation at Walmart are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.     To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph12 of the Complaint.

13.     Lincoln admits that Plaintiff's last day of work at Estes was January 21, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

3

14.    On information and belief, Lincoln admits Plaintiff submitted a claim for, and at certain times received, STD benefits from the Plan.  Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.    Lincoln admits that an Activities Questionnaire is contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.    Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan.  Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.    Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.    Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Lincoln admits it sent a letter dated September 25, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Lincoln admits that an Activities Questionnaire is contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Lincoln is without sufficient knowledge concerning Plaintiff's access to medical insurance and Plaintiff's financial resources to either admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     There is no paragraph numbered "29" contained in the Complaint.

30.     Lincoln admits it sent a letter dated February 11, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31.    Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32.    Lincoln admits it sent a letter dated February 11, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33.    Lincoln admits it sent a letter dated February 11, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34.    Lincoln admits that Plaintiff submitted an appeal of the denial of his claim for LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35.    Lincoln admits that Plaintiff submitted an appeal of the denial of his claim for LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.    Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37.    Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents.  Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38.   Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with various emails and additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39.   Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40.   Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41.   Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with various emails and additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42.   Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43.   Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies the allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

**9**

of its contents.  Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50.    Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with various emails and additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51.    Lincoln denies the allegations contained in Paragraph 51 of the Complaint.

52.    Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53.    Lincoln admits it sent a letter dated July 28, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54.    Lincoln admits that the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph 54 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55.     Lincoln admits that the Policy includes language pertaining to the definition of "Any Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph 55 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56.     Lincoln incorporates its responses contained in Paragraphs 1 through 55 as if fully stated herein.

57.     Lincoln denies the allegations contained in Paragraph 57 of the Complaint.

58.     To the extent that Paragraph 58 contains legal conclusions, Lincoln is not required to answer.  To the extent a response is required, Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59.     To the extent that Paragraph 59 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60.     Lincoln denies the allegations contained in Paragraph 60 of the Complaint.

61.     Lincoln incorporates its responses contained in Paragraphs 1 through 60 as if fully stated herein.

62.     Lincoln denies the allegations contained in Paragraph 62 of the Complaint.

63.     Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64.     Lincoln denies the allegations contained in Paragraph 64 of the Complaint.

65.     Lincoln denies the allegations contained in Paragraph 65 of the Complaint.

66.     Lincoln denies the allegations contained in Paragraph 66 of the Complaint.

67.     Lincoln denies the allegations contained in Paragraph 67 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long-term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## COUNTERCLAIM

1.      In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the Plan.  Lincoln also seeks a constructive trust and

other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 6th day of June 2022.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
      Iwana Rademaekers (Texas Bar # 16452560)
      LAW OFFICES OF IWANA RADEMAEKERS, P.C.
      17304 Preston Road, Suite 800
      Dallas, Texas 75252
      Main:  (214) 579-9319
      Fax:  (469) 444-6456
      Email:  iwana@rademaekerslaw.com

      ATTORNEYS FOR LINCOLN LIFE
      ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email:  neil@mcmathlaw.com

June 6, 2022                                    /s/ Iwana Rademaekers
Date                                           Iwana Rademaekers

**14**