**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JOHN PLUMMER**                                                    **PLAINTIFF**

**V.**                                    **NO. 5:22-CV-05102-TLB**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**            **DEFENDANT**

---

**PLAINTIFF'S MOTION TO HOLD CASE IN ABEYANCE OR**
**ALTERNATIVELY FOR REMAND**

---

1.      This marks the second time that defendant Lincoln Life Assurance Company of Boston ("Lincoln") improperly attempted to remove a case to federal court by faxing a notice of removal to an Arkansas state court clerk through the same out-of-state attorney who is not licensed to practice law in the state courts of Arkansas. Both cases are discussed in part I of the accompanying brief.

2.      Unlike in the prior case, in which the Eighth Circuit allowed the removal, Lincoln did not file a copy of the notice of removal of this case with the state court clerk (*i.e.*, Washington County Circuit Clerk) "promptly" after filing a notice of removal in this court under the federal removal statute, 28 U.S.C. § 1446(b), but only unsuccessfully attempted to do so by facsimile machine. *See* Exhibit 12 (certified docket from Washington County Circuit Clerk). Thus, the removal of this case to this federal court was not "effected" (*i.e.*, it never occurred) under that statute, 28 U.S.C. § 1446(d), as discussed in part II of the accompanying brief.

3.      *After* Lincoln did not file a copy of the notice of removal in the Washington County Circuit Court within the time allowed to do so, the plaintiff filed a motion default judgment, damages hearing, and for the court to retain jurisdiction

(hereinafter "motion for default judgment") in the Washington County Circuit Court, as discussed below.

4.    *After* that, the Washington County Circuit Clerk filed a copy of Lincoln's notice of removal, even though submitted by the same attorney not licensed to practice in the state courts of Arkansas, on 06/20/2022, which was untimely. Exhibit C to Exhibit 15. On that same date, 06/20/2022, the Washington County Circuit Clerk entered on the docket report that the copy was "filed of record, in accordance with Arkansas Rules of Civil Procedure, 06-01-2022." Exhibit B to Exhibit 15. Despite this late entry on the docket sheet, Lincoln's copy of the notice of removal still was not file-marked or entered on the docket until 06/20/2022, which was untimely.

5.    Lincoln did not file an answer with the Washington County Circuit Clerk within the 30 days it was allowed to do so, Ark. R. Civ. P. 12(a)(1), and thus it is in default. On 06/09/2022, therefore, the plaintiff filed the above-mentioned motion for default judgment in the Washington County Circuit Court, which is pending. Exhibit 14.

6.    The Employee Retirement Income Security Act ("ERISA") allows a person seeking long term disability benefits under an employer-sponsored plan, as here, to file his action in either state or federal court, which have "concurrent" jurisdiction. 29 U.S.C. § 1132(e)(1). Thus, because this case was not removed to this federal court in the time the defendant was allowed to do so, subject matter jurisdiction does not exist in this court but instead exists only in the Washington County Circuit Court.

7.    By filing this motion, the plaintiff does not consent to this court exercising subject matter jurisdiction, even for purposes of issuing an order to remand, because the plaintiff's position is that Lincoln never "effected" to removal of this case to this federal

court by promptly filing a copy of the notice of removal with the Washington County Circuit Clerk, as required by 28 U.S.C. § 1446(d), in which case this court cannot have subject matter jurisdiction. The plaintiff files this motion only as a precaution to avoid missing the 30-day time limit to file a motion for remand under 28 U.S.C. § 1447(c).

8. The plaintiff further contends that, due to Lincoln's failure to effect removal and this court's consequent lack of subject matter jurisdiction, Lincoln should not be allowed credit for the answer it filed with this federal court but did not timely file in the Washington County Circuit Court, as it may claim in the event of a remand under Ark. R. Civ. P. 55(f), discussed in part II of the accompanying brief.

9. The plaintiff further contends that, even if federal courts are not, the Washington County Circuit Court is obligated of abide by the Arkansas Supreme Court's holdings in *Desoto Gathering Co., LLC v. Hill,* 2017 Ark. 326, *8, under which the copy of the notice of removal filed by Lincoln in the Washington County Circuit Court is a "nullity" and must be treated as never filed, and *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988), under which removal was never "effected" and subject matter jurisdiction was never transferred to this court, as discussed in part II of the accompanying brief. This plaintiff asks that this court not interfere with the Washington County Circuit Court in applying those precedents.

10. These exhibits are submitted herewith:

### *Prior Case*

| | |
|---|---|
| Exhibit 1 | Complaint in prior case |
| Exhibit 2 | Defendant's notice of removal in prior case |
| Exhibit 3 | Plaintiff's motion for remand in prior case |

3

Exhibit 4      Plaintiff's brief in support of motion for remand in prior case

Exhibit 5      Defendant's response to motion for remand in prior case

Exhibit 6      Defendant's brief in support of response to motion for remand in prior case

Exhibit 7      Federal district court's order denying motion for remand in prior case

Exhibit 8      Eighth Circuit's opinion in prior case

*This Case*

Exhibit 9      Complaint filed in Washington County Circuit Court

Exhibit 10     Affidavit of service filed in Washington County Circuit Court

Exhibit 11     Fax from defendant to Washington County Circuit Clerk

Exhibit 12     Certified docket from Washington County Circuit Clerk

Exhibit 13     Affidavit of Stacey Pectol

Exhibit 14     Plaintiff's Motion and Brief for Default Judgment, Damages Hearing, and for Court to Retain Jurisdiction filed in Washington County Circuit Court

Exhibit 15     Defendant's Response and Brief in Support to Plaintiff's Motion and Brief for Default Judgment, Damages Hearing, and for Court to Retain Jurisdiction

Exhibit 16     Plaintiff's Reply in Support of Motion for Default Judgment, Damages Hearing, and for Court to Retain Jurisdiction

Exhibit 17     Defendant's Surreply to Plaintiff's Reply in Support of Motion and Brief for Default Judgment, Damages Hearing, and for Court to Retain Jurisdiction.

WHEREFORE, the plaintiff moves this court to (1) hold this case in abeyance to allow the Washington County Circuit Court to rule on the plaintiff's pending motion for

4

default judgment, damages hearing, and to retain jurisdiction; and (2) alternatively and without waiving the arguments herein as to this court's lack of subject matter jurisdiction, to remand this case to the Washington County Circuit Court.

Respectfully submitted,

Neil Chamberlin, Ark. Sup. Ct. No. 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

*Attorney for Plaintiff*