ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2017-Nov-07 17:26:11
23CV-17-1450
C20D03 : 4 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
_____ DIVISION

ROGER BROOKS                                                    PLAINTIFF

V.                          NO. _____

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON                       DEFENDANT

_____

### COMPLAINT

_____

### I.   Introduction

1.     Roger Brooks brings this action to recover long term disability benefits under an insurance policy pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

2.     In accordance with Ark. R. Civ. P. 10(d), a copy of the policy is not attached for good cause because Brooks' attorney anticipates that the policy will be filed with the court as part of a stipulated record and thus attaching it here would be duplicative.

### II.   Parties

3.     Brooks was a resident of Faulkner County, Arkansas, at the time of the loss described herein.

4.     Liberty Life Assurance Company of Boston ("Liberty") is a foreign corporation. According to records on file with the Arkansas Insurance Department, the registered agent for service of process for this defendant is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201.

EXHIBIT
1
tabbies®

### III.    Jurisdiction & Venue

5.    This court has jurisdiction of the claim under ERISA, 29 U.S.C. § 1132(e)(1), which states that state courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of a civil action brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan, all of which Brooks seeks to accomplish herein.  This court also has jurisdiction under Ark. Code Ann. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts, and this is such an action; and under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution, and this is such a matter.

6.    This court is the proper venue under Ark. Code Ann. § 23-79-204, which states that an action brought by an insured against an insurer as to a loss occurring under an insurance policy shall be brought in either the county in which the loss occurred or the county of the insured's residence at the time of the loss.  Brooks was a resident of Faulkner County, Arkansas, at the time of the loss described herein.

### IV.    Facts

7.    Brooks was an employee of AmeriGas Propane, Inc.

8.    Brooks was insured under a Group Disability Income Policy issued by Liberty.

2

9.     Brooks' own occupation was Area Sales Manager.

10.    Brooks' own occupation required him to regularly travel a sales area that included several states.

11.    Brooks became unable to perform his own occupation under the terms of the policy.

12.    Brooks became unable to perform any occupation under the terms of the policy.

13.    Brooks' disabling conditions included diabetic neuropathy; the side effects of Lyrica, including sedation, sluggishness, and the inability to drive; multiple facet arthropathy; and others.

14.    According to letters from Liberty, Brooks' last day of work occurred on April 26, 2016.

15.    Brooks timely and appropriately submitted a claim to Liberty for long term disability benefits, which Liberty denied by letter dated November 22, 2016.

16.    Brooks timely and appropriately submitted an appeal to Liberty of its denial of his claim for long term disability benefits, which Liberty denied by letter dated June 21, 2017.

## V.     Improper Denial of Benefits

17.    All allegations herein are incorporated in this count.

18.    From April 26, 2016 to the present, Brooks has been disabled and entitled to long term disability benefits under the terms of Liberty's policy.

19.    Liberty wrongfully denied Brooks' claim and appeal, even though Liberty was presented with evidence from Brooks' physicians and others that Brooks was disabled under the terms of the policy.

### VI.    Jury Trial

20.    Brooks demands a trial by jury of any issue triable of right by a jury.

### VII.    Prayer for Relief

WHEREFORE, Brooks prays that the court enter judgment, in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases, in his favor and against Liberty, for all damages suffered and all other damages and relief allowed by law, including without limitation:  (1) a judgment requiring Liberty to pay all long term disability benefits accrued by Brooks under the terms of policy and unpaid as of the date of the judgment, with interest; (2) a judgment clarifying Brooks' rights to future long term disability benefits under the terms of the policy and requiring Liberty to continue paying long term disability benefits to Brooks from the date of the judgment forward until he becomes no longer entitled to receive those benefits under the terms of the policy; and (3) an order requiring Liberty to pay reasonable attorney fees and costs.

Respectfully submitted,

/s/ Neil Chamberlin

Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

4