Case 5:22-cv-05102-TLB    Document 9-2    Filed 06/30/22    Page 1 of 7 PageID #: 65

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2017-Dec-11 13:01:35
23CV-17-1450
C20D03 : 7 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### 3RD DIVISION

ROGER BROOKS,                                                    PLAINTIFF

v.                          CIVIL ACTION NO. 23CV-17-1450

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,               DEFENDANT

### DEFENDANT'S NOTICE OF FILING NOTICE OF
### REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life Assurance Company of Boston ("Defendant"), hereby give notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the Eastern District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the record of this action to the United States District Court, unless and until this action is remanded to this Court. *See* 28 U.S.C. § 1446(d).

Dated this 11th day of December, 2017.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
EM: iwana@rademaekerslaw.com

By: _____
Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

**EXHIBIT**

tabbies®

**2**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Priority Mail, Delivery Confirmation requested on the 11th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

Iwana Rademackers

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT

2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 1 2017

UNITED STATES DISTRICT COURT   JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS   By:_____
WESTERN DIVISION                                    DEP CLERK

ROGER BROOKS,                                                        PLAINTIFF

v.                                   CIVIL ACTION NO. 4:17cv817-SWW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,              DEFENDANT

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division. In support of the instant Notice of Removal, Defendant respectfully states unto the Court the following:

1.      The instant action was commenced against Defendant on or about November 7, 2017, in the Circuit Court of Faulkner County, Arkansas as Civil Action No. 23CV-17-1450.

2.      Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas Propane, Inc. ("AmeriGas")[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2] Defendants hereby submit that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.      The Circuit Court of Pulaski County, Arkansas, is within the United States District Court for the Eastern District of Arkansas, Western Division, to which this action is removable.

---

[1]   See ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]   See ¶¶ 1, 7, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A"

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

EXHIBIT
A

4.      Defendant Liberty Life Assurance Company of Boston was served with this lawsuit on November 9, 2017. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of sickness, accident, disability, death or

---

[3]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

DEFENDANT'S NOTICE OF REMOVAL                                                                    2

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]  *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

[5]  *See* ¶¶ 1 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

DEFENDANT'S NOTICE OF REMOVAL                                                3

Case 5:22-cv-05102-TLB    Document 9-2    Filed 06/30/22    Page 6 of 7 PageID #: 70
12/11/2017   13:01 PM PST      TO:15014504948  FROM:4694446456         Page:   7

Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 4 of 16

10.     Plaintiff's civil action arises under the laws of the United States.  Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.     Removal of this matter is timely pursuant to 28 U.S.C. § 1446.  This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.     By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.     A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

DEFENDANT'S NOTICE OF REMOVAL                                                          4

Case 5:22-cv-05102-TLB   Document 9-2   Filed 06/30/22   Page 7 of 7 PageID #: 71
12/11/2017   13:01 PM PST   TO:15014504948   FROM:4694446456   Page:   8

Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 5 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by US Priority Mail, Delivery Confirmation requested on the 7th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201

Iwana Rademaekers