UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER BROOKS                                                    PLAINTIFF

V.                          NO. 4:17-CV-00817-JLH

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON            DEFENDANT

---

### ROGER BROOKS' MOTION FOR REMAND

---

1.     On November 7, 2017, Roger Brooks filed a complaint in the Circuit Court of Faulkner County against Liberty Life Assurance Company of Boston ("Liberty") seeking long term disability benefits and related relief.  Document 2.

2.     On November 9, 2017, Brooks served a summons and complaint on Liberty by hand service on Liberty's registered agent.  Document 7-1.

3.     On December 11, 2017, Liberty filed herein a Defendant's Notice of Removal, removing this case from the Circuit Court of Faulkner County to this court, pursuant to 28 U.SC. § 1446, which sets forth the procedure for removal.  Document 1.

4.     On December 11, 2017, Liberty filed with the Circuit Court of Faulkner County a Defendants' Notice of Filing Notice of Removal of Action to Federal Court, as part of the procedure for removal required by 28 U.S.C. § 1446(d).  Exhibit 1.

5.     Although Liberty's attorney is approved to practice in the U.S. District Court for the Eastern District of Arkansas, as Brooks' attorney was orally advised by the office of the U.S. District Court Clerk, Liberty's attorney is not licensed to practice in the State of Arkansas or in its circuit courts, as shown by the attached Affidavit of Stacey Pectol, Clerk of the Arkansas Supreme Court and Court of Appeals.  Exhibit 2.

**EXHIBIT**

**3**

tabbies®

6.     Liberty's filing with the Circuit Court of Faulkner County, having not been filed by an attorney licensed to make that filing, is a nullity, in which case Liberty did not strictly comply with the procedure for removal in the federal removal statute, 28 U.S.C. § 1446(d).

7.     Because Liberty was required to strictly comply with the procedure for removal in the federal removal statute, 28 U.S.C. § 1446(d), and because federal courts are required to resolve all doubts about federal jurisdiction in favor of remand, this court should remand this case to the Circuit Court of Faulkner County.

8.     The remand requested herein is required by 28 U.S.C. § 1447(c).

9.     Liberty also did not timely file or serve its answer.  Brooks served the summons and complaint on Liberty on November 9, 2017.  Document 7-1.  Liberty was required to file its answer within 30 days thereafter under Ark. R. Civ. P. 12(a)(1) or serve its answer within 21 days thereafter under Fed. R. Civ. P. 12(a)(1)(A), but Liberty filed and served its answer on December 18, 2017, which was 39 days thereafter.

10.     These exhibits are submitted herewith:

Exhibit 1     Defendant's Notice of Filing Notice of Removal of Action to Federal Court

Exhibit 2     Affidavit of Stacey Pectol

WHEREFORE, Roger Brooks moves the court to remand this case to the Circuit Court for Faulkner County.

Respectfully submitted,

/s/ Neil Chamberlin
Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201

2

Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

## CERTIFICATE OF SERVICE

On December 21, 2017, the foregoing was electronically filed with the Clerk of Court by using the electronic filing system, which shall send notice of the filing to:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, TX 75254
Tel: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

/s/ Neil Chamberlin

## Law Offices of Iwana Rademaekers, P.C.

14785 Preston Road, Suite 550
Dallas, TX 75254                                                    iwana@rademaekerslaw.com
(214) 579-9319                                                        Direct: (214) 564-9542
(469) 444-6456 (FAX)


December 11, 2017


*VIA FACSIMILE (501-450-4948)*
Circuit Clerk
Circuit Court of Faulkner County
P.O. Box 9
Conway AR 72033

                                    Re:    *Roger Brooks v. Liberty Life Assurance*
                                           *Company of Boston, Faulkner County Circuit*
                                           *Court Case No. 23CV-17-1450*

Dear Clerk:

Pursuant to my assistant's conversation with Bekah of your office, attached for a one-time paper filing in the above-referenced matter is *Defendant's Notice of Filing Notice of Removal of Action to Federal Court.* By copy of this letter, copies of the enclosed have been forwarded to all counsel of record US Priority Mail.

Thank you for your assistance. If you have any questions, please call.


                                    Sincerely,

                                    LAW OFFICES OF IWANA RADEMAEKERS, P.C.

                                    Iwana Rademaekers

IR/sa
Attachment

cc:    **US Priority Mail (Delivery Confirmation Requested)**
       **and Via Electronic Mail (neil@mcmathlaw.com)**
       Neil Chamberlin, Esq.
       McMath Woods, P.A.
       711 West Third Street
       Little Rock, AR 72201


EXHIBIT____1____

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
3RD DIVISION

ROGER BROOKS,                                                                    PLAINTIFF

v.                                      CIVIL ACTION NO. 23CV-17-1450

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,                    DEFENDANT

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life Assurance Company of Boston ("Defendant"), hereby give notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the Eastern District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the record of this action to the United States District Court, unless and until this action is remanded to this Court. *See* 28 U.S.C. § 1446(d).

Dated this 11th day of December, 2017.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
EM: iwana@rademaekerslaw.com

By:_____
Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Priority Mail, Delivery Confirmation requested on the 11th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

Iwana Rademaekers

**DEFENDANT'S NOTICE OF FILING NOTICE OF**
**REMOVAL OF ACTION TO FEDERAL COURT**                                      2

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2017

UNITED STATES DISTRICT COURT   JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS   By:_____
WESTERN DIVISION                                    DEP CLERK

ROGER BROOKS,                                                **PLAINTIFF**

v.                          CIVIL ACTION NO. 4:17cv817-SWW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,                    **DEFENDANT**

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Liberty Life Assurance Company of

Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit

Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of

Arkansas, Western Division. In support of the instant Notice of Removal, Defendant respectfully

states unto the Court the following:

1.       The instant action was commenced against Defendant on or about November 7, 2017,

in the Circuit Court of Faulkner County, Arkansas as Civil Action No. 23CV-17-1450.

2.       Plaintiff is seeking to recover long term disability benefits under 29 U.S.C.

§ 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a

participant by virtue of his employment with AmeriGas Propane, Inc. ("AmeriGas")[1] The benefit

plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of

the Employee Retirement Income Security Act ("ERISA").[2] Defendants hereby submit that federal

jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.       The Circuit Court of Pulaski County, Arkansas, is within the United States District

Court for the Eastern District of Arkansas, Western Division, to which this action is removable.

---

[1]   See ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]   See ¶¶ 1, 7, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A"

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

EXHIBIT
A

4.      Defendant Liberty Life Assurance Company of Boston was served with this lawsuit on November 9, 2017. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]      *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

Case 5:22-cv-05102-TLB    Document 9-3    Filed 06/30/22    Page 9 of 13 PageID #: 80

Case 4:17-cv-00817-JLH    Document 9    Filed 12/21/17    Page 9 of 13
Case 4:17-cv-00817-SWW    Document 1    Filed 12/11/17    Page 3 of 16

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]      *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

[5]      *See* ¶¶ 1 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

<u>DEFENDANT'S NOTICE OF REMOVAL</u>                                                                 3

Case 5:22-cv-05102-TLB   Document 9-3   Filed 06/30/22   Page 10 of 13 PageID #: 81

Case 4:17-cv-00817-JLH   Document 9   Filed 12/21/17   Page 10 of 13
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 4 of 16

10.     Plaintiff's civil action arises under the laws of the United States.  Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.     Removal of this matter is timely pursuant to 28 U.S.C. § 1446.  This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.     By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.     A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

Case 5:22-cv-05102-TLB   Document 9-3   Filed 06/30/22   Page 11 of 13 PageID #: 82

Case 4:17-cv-00817-JLH   Document 9   Filed 12/21/17   Page 11 of 13
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 5 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by US Priority Mail, Delivery Confirmation requested on the 7th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201

_____
Iwana Rademaekers

DEFENDANT'S NOTICE OF REMOVAL                                        5

## AFFIDAVIT OF STACEY PECTOL

Comes Stacey Pectol, in her official capacity as Clerk of the Arkansas Supreme Court and Court of Appeals, and states under oath as follows:

1.   I am the Clerk of the Arkansas Supreme Court and Court of Appeals, and I am competent to testify as to the matters stated herein.

2.   My office is responsible for maintaining the roster of attorneys licensed to practice law in the State of Arkansas.

3.   I received an inquiry regarding whether Iwana Rademaekers is an attorney licensed to practice law in the State of Arkansas.

4.   Pursuant to the inquiry, I have searched the roster of licensed attorneys maintained in my office.  That search revealed no records regarding anyone named Iwana Rademaekers.

5.   Therefore, it appears that there is no Iwana Rademaekers licensed to practice law in the state.

FURTHER AFFIANT SAYETH NAUGHT.

EXHIBIT ____ 2 ____

1 of 2

STACEY PECTOL, CLERK
ARKANSAS SUPREME COURT and
COURT OF APPEALS

_12-18-17_
Date

STATE OF ARKANSAS
COUNTY OF PULASKI

On this the 18th day of December, 2017, before me
___Dani Nelsen___, the undersigned officer, personally appeared Stacey Pectol, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

Deputy Clerk

Printed Name: ___Dani Nielsen___
My Commission Expires: Upon termination of employment. *See* Ark. Code Ann. §
16-20-205 (Repl. 1999).