**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ROGER BROOKS**                                                                    **PLAINTIFF**

**V.**                                   **NO. 4:17-CV-00817-JLH**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**           **DEFENDANT**

---

### ROGER BROOKS' BRIEF IN SUPPORT OF MOTION FOR REMAND

---

The court should remand this case to the Circuit Court of Faulkner County in accordance with the below law and argument.

### Law

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [*28 USCS § 1446(a)*]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds*, 478 F.3d 965, 968 (8th Cir. 2007) (citation omitted); *see also* 14B C. Wright & A. Miller, Federal Practice and Procedure § 3721 at 66-80 n.115-117 (4th ed. 2009) (listing cases).

**EXHIBIT**

tabbies®

**4**

"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

"We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity." *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, ___ (citations omitted).

### Argument

Liberty was required by the federal removal statute to file a notice of removal in the Circuit Court of Faulkner County. 28 U.S.C. § 1446(d). Liberty's attorney filed that notice with the Circuit Court of Faulkner County. Exhibit 1. Liberty's attorney, however, is not licensed to practice in the state courts of Arkansas, which include the Circuit Court of Faulkner County. Exhibit 2. That renders the notice of removal that Liberty filed in the Circuit Court of Faulkner County a nullity. *Desoto*, 2017 Ark. at ___. Consequently, Liberty did not strictly comply with the federal removal statute. Liberty also did not timely file or serve an answer. Because this court must resolve all doubts about federal jurisdiction in favor of remand and strictly construe the federal removal statute, *Dahl*, 478 F.3d at 968, this court should remand this case to the Circuit Court of Faulkner County.

Respectfully submitted,

/s/ Neil Chamberlin
Neil Chamberlin, # 93222

2

MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

## CERTIFICATE OF SERVICE

On December 21, 2017, the foregoing was electronically filed with the Clerk of Court by using the electronic filing system, which shall send notice of the filing to:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, TX 75254
Tel: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

/s/ Neil Chamberlin

3