UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER BROOKS,                                                                          PLAINTIFF

v.                                      CIVIL ACTION NO. 4:17cv00817-JLH

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,                             DEFENDANT

## DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Brief in

Support of its Response to Plaintiff's Motion for Remand.

## INTRODUCTION AND FACTUAL BACKGROUND

1.      Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. §

1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a

participant by virtue of his employment with AmeriGas Propane, Inc.[1] The benefit plan at issue is an

"employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee

Retirement Income Security Act ("ERISA"). Federal jurisdiction is proper based on the grounds of

federal question jurisdiction, 28 U.S.C. § 1331, and defendant timely and properly removed the

action to federal court on December 11, 2017. Plaintiff filed a Motion for Remand on December 21,

2017, in which he does not dispute that he is pursuing claims under ERISA. Plaintiff's sole basis for

remand is the argument that Liberty Life's counsel is not licensed to practice law in Arkansas state

court. However, as detailed below, this argument does not support remand and removal of this

action was proper.

---

[1]   *See* Paragraphs 1 and 7 of Plaintiff's Complaint.

EXHIBIT

6

tabbies

## ARGUMENT

2.      As stated in Liberty Life's Notice of Removal, District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[2] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

3.      Plaintiffs' claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

4.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his

---

[2]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363,

**DEFENDANT'S BRIEF IN SUPPORT OF ITS**
**RESPONSE TO PLAINTIFF'S MOTION FOR REMAND**                                                                   2

employment with AmeriGas Propane, Inc.[3] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiffs are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Complaint"[4] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Moreover, Plaintiff has admitted the application of ERISA to his claims and does not appear to dispute subject matter jurisdiction in this Court. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

5.      In his Motion for Remand, Plaintiff does not appear to dispute that this Court has subject matter jurisdiction of this case, but rather, the sole argument made by Plaintiff in support of remand is the argument that Liberty Life's counsel is not licensed to practice law in Arkansas state court and the filing of the Notice of Filing of Notice of Removal in the underlying state court action pursuant to 28 U.S.C. § 1446(d) should be ignored. Plaintiff does not dispute that the state court Notice was timely filed or defective in format; Plaintiff's only complaint is that counsel for

---

2368 (2005).

[3]   *See* Paragraphs 1 and 7 of Plaintiff's Complaint.
[4]   *See* Paragraphs 1 and 5 of Plaintiff's Complaint.

Defendant should not have been permitted to file the Notice. However, as further described below, the Court Clerk was apprised of the situation and specifically granted counsel permission to file the Notice.

6.     On or about November 29, 2017, Defendant's counsel's assistant, Sandra Acker, contacted the Circuit Clerk of Faulkner County, Arkansas, and spoke with Bekah Donohue, a Deputy Clerk in that office. Ms. Acker advised Ms. Donahue that Defendant's counsel did not have the ability to electronically file the document, as she is located out of state and was not signed up for electronic filing. Ms. Acker also stated that Defendant's counsel did not desire to be entered as counsel in the case and the filing would be a one-time filing of a notice of removal of the circuit court case to federal court. Accordingly, Ms. Donohue advised Ms. Acker that the County Circuit Clerk would accept the one-time fax filing from Ms. Rademaekers for this purpose. On December 11, 2017, Ms. Donohue received a document via facsimile from Defendant's counsel titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in Civil Action No. 23CV-17-1450. This document was accepted for filing and stamped by the Faulkner County Circuit Court as received and filed at 13:01:35 on December 11, 2017 in Case Number 23CV-17-1450. *See,* Affidavit of Bekah Donohue, attached hereto as Exhibit A.

7.     Accordingly, this filing has been accepted by the Clerk in the State Action and was filed under Ark. R. Civ. P. 6(c). Attached hereto as Exhibit B is file-stamped copy of the Notice filed in the State Action and the Faulkner County Circuit Court's docket report showing acceptance of the filing. To date, the Notice has not been unfiled or otherwise rejected by the Court in the State Action. Therefore, Liberty Life was in full compliance with the requirement that Defendant give

DEFENDANT'S BRIEF IN SUPPORT OF ITS
RESPONSE TO PLAINTIFF'S MOTION FOR REMAND                                                    4

written notice of the Removal to all adverse parties and to file a copy of the notice with the clerk of the State Court, pursuant to 28 U.S.C. § 1446(d).

8.      Although it does not appear to be offered as an additional basis for Remand, Plaintiff also makes the additional assertion in his Motion that Liberty Life did not timely file or serve its answer. However, this statement by Plaintiff is simply not true. Liberty Life was served with this lawsuit in the State Action on November 9, 2017. While it is correct that Arkansas state law requires a party to file its answer or responsive pleading within 30 days after service, Liberty Life would show this Court that Ark. R. Civ. P. 6(c) also provides that, "The last day of the period so computed shall be included, <u>unless it is a Saturday,</u> Sunday, legal holiday, or other day when the clerk's office is closed, <u>in which event the period runs until the end of the next day that the clerk's office is open.</u>" (emphasis added). Therefore, since 30 days after the November 9, 2017, date of service on Liberty Life falls on <u>Saturday,</u> December 9, 2017, Liberty Life's answer or responsive pleading was not due in the State Action until December 11, 2017. Accordingly, the Notice of Filing Notice of Removal of Action to Federal Court was filed in the State Action on December 11, 2017, and was timely under Arkansas state rules (a file-stamped copy of Defendant's Notice of Filing Notice of Removal of Action to Federal Court is attached as Exhibit B). Further, although 28 U.S.C. § 1446(b) allows an action to be removed to federal court within 30 days after service of the State Action, Fed. R. Civ. P. 6(a)(1)(C) provides that when computing time, one must "include the last day of the period, <u>but if the last day is a Saturday,</u> Sunday, or legal holiday, <u>the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.</u>" (emphasis added). Accordingly, Liberty Life's Notice of Removal was filed in this Court on December 11, 2017, which was the first business day following thirty (30) days of it being served with process, as allowed by 28 U.S.C. § 1446(b),

<u>DEFENDANT'S BRIEF IN SUPPORT OF ITS</u>
<u>RESPONSE TO PLAINTIFF'S MOTION FOR REMAND</u>                                          5

and was timely pursuant to Fed. R. Civ. P. 6(a)(1)(C).  Additionally, Fed. R. Civ. P. 81(c)(2) provides that "A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving…; (B) 21 days after being served…; or (C) 7 days after the notice of removal is filed." (emphasis added).  Accordingly, Liberty Life filed its Answer on December 18, 2017, which was clearly within "7 days after notice of removal [was] filed," as allowed by Fed. R. Civ. P. 81(c)(2), and timely under those rules.  Plaintiff's assertion that Liberty Life would somehow have been required to file its answer within 21 days after service under Fed. R. Civ. P. 12(a)(1)(A), is completely nonsensical, as this case was non-existent in Federal Court prior to its removal to this Court.  As such, an answer in federal court "within 21 days" under Fed. R. Civ. P. 12(a)(1) would have been an impossibility, and the requirement to do so in contravention to Fed. R. Civ. P. 6(a)(1)(C), which allows for the answer in a removed action to be filed within 7 days after removal from state court.  In sum, Liberty Life was not in default of filing its responsive pleading in the State Action at the time of removal to this Court, as Liberty Life filed its Notice of Filing Notice of Removal to Federal Court, in the Circuit Court of Faulkner County on December 11, 2017.

Liberty Life requests that the Court enter an Order Denying Plaintiff's Motion for Remand and granting Liberty Life such other relief to which it may show itself entitled.

Dated this 29th day of January, 2018.

Respectfully submitted,

By:___/s/ Iwana Rademaekers_____
    Iwana Rademaekers (Texas Bar # 16452560)
    LAW OFFICES OF IWANA RADEMAEKERS, P.C.
    14785 Preston Road, Suite 550
    Dallas, Texas 75254
    Main:  (214) 579-9319
    Fax:  (469) 444-6456
    Email:  iwana@rademaekerslaw.com

    ATTORNEYS FOR LIBERTY LIFE
    ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email:  neil@mcmathlaw.com

___January 29, 2018_____      ___/s/ Iwana Rademaekers_____
Date      Iwana Rademaekers

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROGER BROOKS,**                                                      **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 4:17cv00817-JLH**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**              **DEFENDANT**

## AFFIDAVIT OF BEKAH DONOHUE

Before the undersigned, an officer duly authorized by law to administer oaths, personally

appeared Bekah Donohue, who, on oath, deposes and states as follows:

1.      I, Bekah Donohue, serve as a Deputy Clerk for the Circuit Clerk of Faulkner

County, Arkansas. I am more than 21 years of age and am competent to testify to the matters

contained herein. My personal knowledge, as well as the files and records maintained by the

Faulkner County Circuit Clerk in the ordinary course of business, form the basis of this affidavit.

2.      As part of my responsibilities for the Faulkner County Circuit Clerk, I am familiar

with the procedures for accepting documents for filing in the Circuit Court of Faulkner County,

Arkansas. I am also personally familiar with the acceptance of the filing made on behalf of

Defendant, Liberty Life Assurance Company of Boston, in this Court on December 11, 2017, in

Case No. 23CV-17-1450.

3.      On or about November 29, 2017, Sandra Acker, an employee of the Law Offices

of Iwana Rademaekers, P.C., contacted our office regarding the need to file a document in a case

in this Court. Ms. Acker stated that counsel did not have the ability to electronically file the

document, as she is located out of state and was not signed up for electronic filing. Since

Ms. Acker also stated that Ms. Rademaekers did not desire to be entered as counsel in the case

and the filing was a one-time filing of a notice of removal of the circuit court case to federal

EXHIBIT

A

court, I advised Ms. Acker that the County Circuit Clerk would accept the one-time fax filing from Ms. Rademaekers for this purpose.

4.      On December 11, 2017, I received a document via facsimile from Ms. Rademaekers titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in Civil Action No. 23CV-17-1450. This document was accepted for filing and stamped by the Faulkner County Circuit Court as received and filed at 13:01:35 on 2017-Dec-11 in case number 23CV-17-1450.

FURTHER AFFIANT SAYETH NAUGHT.

_Bekah Donohue_

Bekah Donohue

Sworn to and subscribed before me,
this 23 day of January , 2018.

_Hillary Simmons_
Notary Public
My Commission Expires: 10/26/2021



AFFIDAVIT OF BEKAH DONOGUE                                                                                      2

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2017-Dec-11 13:01:35
23CV-17-1450
C20D03 : 7 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### 3ʳᵈ DIVISION

·ROGER BROOKS,                                                      PLAINTIFF

v.                              CIVIL ACTION NO. 23CV-17-1450

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,              DEFENDANT

### DEFENDANT'S NOTICE OF FILING NOTICE OF
### REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life

Assurance Company of Boston ("Defendant"), hereby give notice of the filing of a Notice of

Removal, removing this action from this Court to the United States District Court for the Eastern

District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is

attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the

record of this action to the United States District Court, unless and until this action is remanded to

this Court. *See* 28 U.S.C. § 1446(d).

Dated this 11ᵗʰ day of December, 2017.

Respectfully submitted,

Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
EM:  iwana@rademaekerslaw.com

By:_____
   Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

EXHIBIT

B

Case 5:22-cv-05102-TLB    Document 9-6    Filed 06/30/22    Page 11 of 16 PageID #:
12/11/2017    13:01 PM PST    TO:15014504948    FROM:4694446456    Page: 3
Case 4:17-cv-00817-JLH    Document 17-2    Filed 01/29/18    Page 2 of 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Priority Mail, Delivery Confirmation requested on the 11th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

Iwana Rademaekers

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT                                        2

12/11/2017  13:01 PM PST    TO:15014504948    FROM:4694446456    Page: 4

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**DEC 1 1 2017**

UNITED STATES DISTRICT COURT  JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS  By:_____
WESTERN DIVISION                        DEP CLERK

ROGER BROOKS,                                          PLAINTIFF

v.                            CIVIL ACTION NO. 4:17cv817-SWW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,           DEFENDANT

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division. In support of the instant Notice of Removal, Defendant respectfully states unto the Court the following:

1.      The instant action was commenced against Defendant on or about November 7, 2017, in the Circuit Court of Faulkner County, Arkansas as Civil Action No. 23CV-17-1450.

2.      Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas Propane, Inc. ("AmeriGas")[1]. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2] Defendants hereby submit that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.      The Circuit Court of Pulaski County, Arkansas, is within the United States District Court for the Eastern District of Arkansas, Western Division, to which this action is removable.

---

[1]   *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]   *See* ¶¶ 1, 7, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A"

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

┌─────────────┐
│  EXHIBIT    │
│             │
│  ___A___    │
└─────────────┘

12/11/2017    13:01 PM PST    TO:15014504948    FROM:4694446456    Page:    5

4.    Defendant Liberty Life Assurance Company of Boston was served with this lawsuit on November 9, 2017. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.    Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.    This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.    District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

DEFENDANT'S NOTICE OF REMOVAL                                                                    2

Case 5:22-cv-05102-TLB     Document 9-6     Filed 06/30/22     Page 14 of 16 PageID #:
103
12/11/2017   13:01 PM PST     TO:15014504948     FROM:4694446456          Page:  6
Case 4:17-cv-00817-JLH   Document 37-2   Filed 01/29/18   Page 5 of 10
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 3 of 16

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan.  Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan.  Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA.  Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3).  *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]     *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[5]     *See* ¶¶ 1 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

DEFENDANT'S NOTICE OF REMOVAL                                                3

12/11/2017 13:01 PM PST TO:15014504948 FROM:4694446456 Page: 7

10. Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11. Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12. By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13. A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

**DEFENDANT'S NOTICE OF REMOVAL**                                    4

Case 5:22-cv-05102-TLB   Document 9-6   Filed 06/30/22   Page 16 of 16 PageID #:
12/11/2017   13:01 PM PST   TO:15014504948   FROM:4694446456   Page: 8
105
Case 4:17-cv-00817-JLH   Document 57-2   Filed 01/29/18   Page 7 of 10
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 5 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by US Priority Mail, Delivery Confirmation requested on the 7th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201

Iwana Rademaekers