# United States Court of Appeals
## For the Eighth Circuit

No. 18-2612

Roger Brooks

*Plaintiff - Appellant*

v.

Liberty Life Assurance Company of Boston

*Defendant - Appellee*

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

Submitted: June 14, 2019
Filed: September 10, 2019

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

STRAS, Circuit Judge.

This case was removed to federal court by an attorney who was not licensed to practice in the state court where it was originally filed. Even so, we conclude that the removal was effective.

**EXHIBIT**

**8**

tabbies

Roger Brooks sued Liberty Life Assurance of Boston in Arkansas state court to recover long-term disability benefits that he claimed the company should have paid. Liberty Life's attorney, who is not licensed in Arkansas, then filed a notice of removal in federal court and faxed a copy of it to the Arkansas state court in which the action had been pending. The state-court deputy clerk knew that Liberty Life's attorney was not licensed to practice there, but she accepted the notice anyway and stamped it "FILED."

Brooks urged the district court[1] to remand the case. According to Brooks, the notice of removal was ineffective because Liberty Life's attorney lacked authority, without an Arkansas license, to file the notice in state court, even though she had a license to practice in federal court. The court refused to remand and, after briefing on the merits, granted judgment to Liberty Life. Brooks challenges only the denial of his remand motion, which presents a question of statutory interpretation that we review de novo. *See Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012).

The first step in removing a case is "fil[ing] . . . a notice of removal" in federal court. 28 U.S.C. § 1446(a). There is no dispute that Liberty Life's attorney completed this step. Once a notice of removal is filed in federal court, the second step is to "[p]romptly . . . file a copy of the notice with the clerk of [the] State court, which shall effect the removal." *Id.* § 1446(d); *see also Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("[R]emoval is effected when the notice of removal is filed with the state court and at no other time."). The potential problem lies here: did Liberty Life's attorney "file a copy of the notice" in state court?

On these facts, we conclude that she did. Once the deputy clerk stamped the notice "FILED," Liberty Life had done all it needed to do under the federal removal

---

[1] The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

-2-

statute. To "file" a document requires it to be "enter[ed] . . . as an official record," which is what occurred here. *The American Heritage Dictionary of the English Language* 657 (5th ed. 2011); *see also Webster's Third New International Dictionary* 849 (2002) (defining the word "file" as "deliver[ing] . . . a legal paper . . . to the proper officer for keeping on file or among the records of [her] office"); *Black's Law Dictionary* 773 (11th ed. 2019) ("filing" refers to "the act or an instance of submitting or lodging a document with a court clerk or record custodian").[2]

It makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute. And the federal statute is clear: removal is effective upon "*fil[ing]* a copy of the notice [of removal] with the clerk of [the] State court," regardless of how state law might treat the notice after it is filed. 28 U.S.C. § 1446(d) (emphasis added); *see also Anthony*, 76 F.3d at 214.

We accordingly affirm the judgment of the district court.

---

[2] It is unnecessary to decide whether the simple act of delivering the notice to the deputy clerk would have been good enough on its own to "file" it. Here, the act of stamping it "FILED" removed any doubt that the deputy clerk made the notice a part of the state-court record.

-3-