**Law Offices of Iwana Rademaekers, P.C.**

17304 Preston Road, Suite 800
Dallas, TX 75252
(214) 579-9319
(469) 444-6456 (FAX)

iwana@rademaekerslaw.com
Direct: (214) 564-9542

# FAX

| | |
|---|---|
| **To:** | Circuit Clerk |
| **Company:** | Circuit Court, Washington County, Arkansas |
| **Fax:** | (479) 444-1537          **Tel #:**    (479) 444-1538 |
| **From:** | Iwana Rademaekers, Esq. |
| **Subject:** | *John Plummer v. Lincoln Life Assurance Company of Boston* |
| | **Civil Action No. 72CV-22-1012** |
| **Date:** | May 31, 2022 |
| **Pages:** | __8__ page(s), including this cover page |
| **Original:** | _____ Will Follow    __X__ Will Not Follow |

**MESSAGE:** Please see the attached correspondence and **Notice of Filing Notice of Removal of Action to Federal Court.**

**Please contact Sandy Acker at (425) 215-9459 if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are he ┄ dissemination or copying of this facsimile is strictly prohibited. If you have received ┄ please immediately notify us by telephone and return the original facsimile to us at the ┄ U.S. Postal Service. Thank you.

**EXHIBIT**

**11**

tabbies

# Law Offices of Iwana Rademaekers, P.C.

17304 Preston Road, Suite 800
Dallas, TX  75252
(214) 579-9319
(469) 444-6456 (FAX)

iwana@rademaekerslaw.com
Direct: (214) 564-9542

May 31, 2022

**_VIA FACSIMILE (479-444-1537)_**
Circuit Clerk
Circuit Court of Washington County
Washington County Courthouse
280 N College Avenue
Fayetteville  AR  72701

Re:   *John Plummer v. Lincoln Life Assurance Company of Boston, Washington County Circuit Court Case No. 72CV-22-1012*

Dear Clerk:

Attached for a one-time filing in the above-referenced matter is *Defendant's Notice of Filing Notice of Removal of Action to Federal Court.* By copy of this letter, copies of the enclosed have been forwarded to all counsel of record via electronic mail.

Thank you for your assistance. If you have any questions, please call.

Sincerely,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

Iwana Rademaekers

IR/sa
Attachment

cc:   **Via Electronic Mail**
Neil Chamberlin, Esq.
Email:  neil@mcmathlaw.com

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
1st DIVISION

JOHN PLUMMER,                                                    PLAINTIFF

v.                          CIVIL ACTION NO. 72CV-22-1012

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,          DEFENDANT

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Lincoln Life

Assurance Company of Boston ("Defendant"), hereby gives notice of the filing of a Notice of

Removal, removing this action from this Court to the United States District Court for the Western

District of Arkansas.  A copy of Defendant's Notice of Removal, filed this day in federal court, is

attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the

record of this action to the United States District Court, unless and until this action is remanded to

this Court.  *See* 28 U.S.C. § 1446(d).

Dated this 31st day of May 2022.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
EM:  iwana@rademaekerslaw.com

By:_____
Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LINCOLN
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail on the 31st day of May 2022.

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

Iwana Rademaekers

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**JOHN PLUMMER,**                                                                  **PLAINTIFF**

v.                                  **CIVIL ACTION NO.**  5:22-cv-05102-TLB

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**              **DEFENDANT**

#### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Lincoln Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit Court of Washington County, Arkansas, to the United States District Court for the Western District of Arkansas, Fayetteville Division.  In support of the instant Notice of Removal, Defendant respectfully states unto the Court the following:

1.      The instant action was commenced against Defendant on or about May 2, 2022, in the Circuit Court of Washington County, Arkansas as Civil Action No. 72CV-22-1012.

2.      Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc. ("Walmart")[1]  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2]  Defendant hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.      The Circuit Court of Washington County, Arkansas, is within the United States District Court for the Western District of Arkansas, Fayetteville Division, to which this action is removable.

---

[1]   *See* ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]   *See* ¶¶ 1, 6, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

4.    Defendant Lincoln Life Assurance Company of Boston was served with this lawsuit on May 6, 2022. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.    Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.    This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.    District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

<u>DEFENDANT'S NOTICE OF REMOVAL</u>                                                                                      2

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]    *See* ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

[5]    *See* ¶¶ 1 and 4 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

**DEFENDANT'S NOTICE OF REMOVAL**                                                                        3

10.    Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.    Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.    By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.    A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Mail on the 26th day of May 2022.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email:  neil@mcmathlaw.com

_____
Iwana Rademaekers

DEFENDANT'S NOTICE OF REMOVAL                                                                    4