ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jun-23  16:25:22
72CV-22-1012
C04D01 : 38 Pages

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
1st DIVISION

JOHN PLUMMER                                                          PLAINTIFF

v.                                    CASE NO. 72CV-22-1012

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON                  DEFENDANT

**DEFENDANT'S RESPONSE AND BRIEF IN SUPPORT TO PLAINTIFF'S MOTION AND BRIEF FOR DEFAULT JUDGMENT, DAMAGES HEARING, AND FOR COURT TO RETAIN JURISDICTION**

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln Life"), files this Response and incorporated Brief in Support to Plaintiff's Motion and Brief for Default Judgment, Damages Hearing, and For Court to Retain Jurisdiction, and would show the Court as follows:

1.      Plaintiff's statement that this is "the second time" that Lincoln Life "improperly attempted to remove a case to federal court by faxing a notice of removal to an Arkansas state court clerk" is patently false.  To the contrary, and as evidenced by the case law cited by Plaintiff in his own Brief in support of his Motion, the United States District Court for the Western District of Arkansas ruled, and the Eighth Circuit Court of Appeals affirmed, that removal of the prior case was wholly proper.  Further, as set forth below, removal of this case to federal court was also proper.

**INTRODUCTION AND FACTUAL BACKGROUND**

2.      Plaintiff filed this action seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.[1]  The benefit plan at issue is an

---

[1]    *See* Paragraphs 1 and 7 of Plaintiff's Complaint.

EXHIBIT
15
tabbies

"employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  Federal jurisdiction is proper in this case based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, and Defendant timely and properly removed the action to the United States District Court for the Western District of Arkansas on June 1, 2022, and the action was assigned Civil Action No. 5:22cv05102-TLB.  Defendant also filed an Answer in the removed action on June 6, 2022 (copy attached as Exhibit A).  Copies of all of the removal documents, including the Notice of Removal that Defendant's Texas counsel had faxed to the Washington County Circuit Clerk for filing, were served on Plaintiff's counsel on May 31, 2022.

3.  Plaintiff filed a Motion and Brief for Default Judgment, Damages Hearing, and For Court to Retain Jurisdiction on June 9, 2022, in which Plaintiff argues the case was not properly removed.  Plaintiff does not dispute that he is pursuing claims under ERISA or the existence of federal jurisdiction.  Instead, in his motion, Plaintiff relies on two key arguments: 1) that Lincoln Life's removal to federal court was defective because its counsel did not file a copy of the Notice of Removal with this Court, and 2) Lincoln Life's Texas counsel, Iwana Rademaekers, is not licensed to practice law in Arkansas state court.  However, as detailed below, removal of this action to federal court was proper, this Court was properly noticed, and Plaintiff's arguments do not support a default judgment, nor any other relief requested in Plaintiff's Motion.

4.  Plaintiff's Motion in the instant Action relies on the argument that the removal was defective because the Notice of Removal was not filed with this Court; specifically, the fact that *Defendant's Notice of Filing Notice of Removal of Action to Federal Court* did not appear on the court's electronic filing system and was not a part of the certified docket provided to him by the Washington County Circuit Clerk (Exhibit 12 to Plaintiff's Motion).  However, this argument is not valid and Plaintiff's Motion is moot, as the Court's docket currently reflects that Lincoln Life's

Notice was, in fact, received by the Clerk's office on May 31, 2022, and filed effective June 1, 2022, but was not entered on the docket until June 20, 2022. The delay was due to an error with the Clerk's facsimile software. *See* Exhibit B, June 20, 2022, Docket Entry. The Docket states: "DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, RECEIVED VIA FAX 04:40:16PM 05-31-2022 AFTER BUSINESS HOURS. FILED FOR RECORD, IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON OPEN NEXT BUSINESS DAY. DELAYED EFLEX FILING DUE TO CLERK'S FACSIMILE SOFTWARE ERROR."

5.        Ark. R. Civ. P. 5(c)(3) provides that, "The clerk shall stamp or otherwise mark a facsimile copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day." Accordingly, the Clerk's docket entry on June 20, 2022, reflecting filing of the Notice on June 1, 2022, is in compliance with this Rule.

6.        On June 20, 2022, Lincoln Life's Texas counsel, Iwana Rademaekers, informed Plaintiff's counsel of this docket entry reflecting the software issue and that Lincoln Life's Notice of Removal was, in fact, timely submitted and is now showing as having been filed with this Court effective June 1, 2022. However, Plaintiff's counsel informed Ms. Rademaekers that he will not withdraw Plaintiff's Motion for Default Judgment.

7.        Further, Plaintiff's counsel in this case was also counsel for the Plaintiff in the case styled *Brooks v. Liberty Life Assurance Company of Boston*, CA No. 4:17CV00817 (W.D. Ark. 2018) and 937 F.3d 1144, No. 18-2612 (8th Cir. 2019), which is referred to as the "Prior Case" in Plaintiff's Motion. Plaintiff's Motion insinuates that the U.S. District Court in the Prior Case denied his motion to remand based solely on an affidavit from the Faulkner County Circuit Court regarding

acceptance of the filing.  However, in actuality, the U.S. District Court's Order only made a brief

mention of the affidavit and did not base its ruling on that affidavit; but rather ruled that:

> Brooks relies on *Desoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, 531 S.W.3d 396 (2017), where the court reiterated its longstanding principle that when a person who is not licensed to practice law in Arkansas attempts to represent the interests of another by submitting himself to the jurisdiction of a court, the pleadings filed by that person are a nullity. *Id.* at *9, 531 S.W.3d at 402.  Here, however, Liberty was not submitting itself to the jurisdiction of the state courts. To the contrary, it was giving notice that it was removing the case to federal court and submitting to jurisdiction here. Liberty's lawyer was authorized to practice in the Eastern District of Arkansas at the time the removal papers were filed. Because Liberty was submitting to the jurisdiction of this Court and because its lawyer was authorized to practice in this Court, the notice of removal was not a nullity.

   (*see* Exhibit 7 to Plaintiff's Motion for Default)

8.       Plaintiff's counsel is also well aware that the United States Court of Appeals for the

Eighth Circuit has ruled in the Prior Case:

> It makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute. And the federal statute is clear: removal is effective upon "*fil[ing]* a copy of the notice [of removal] with the clerk of [the] State court," regardless of how state law might treat the notice after it is filed. 28 U.S.C. § 1446(d) (emphasis added); *see also Anthony*, 76 F.3d at 214.

   (*see* Plaintiff's Motion for Default, at p. 4 and Exhibit 8 to Plaintiff's Motion)

9.       Indeed, Plaintiff included this language from the Eighth Circuit opinion in his

Motion, and stated that the distinction between the two cases is that the Clerk in the Prior Case

marked the Notice of Removal as "FILED" but that in the instant action, that did not occur and the

Notice is not a part of this Court's records.  And yet, despite having been informed of the Clerk's

facsimile software issue and the 6/20/2022 docket entry by the Clerk that reflects the Notice of

Removal as having been filed with an effective date of 6/1/2022, Plaintiff's counsel refuses to

withdraw his (now baseless) Motion.  Accordingly, Lincoln Life has retained the undersigned counsel to appear in this case and submit this Response to Plaintiff's Motion.

### ARGUMENT

10.       As stated in Lincoln Life's Notice of Removal (*see* Exhibit 11 to Plaintiff's Motion; *see also* Exhibit A to *Defendant's Notice of Filing Notice of Removal of Action to Federal Court*, attached hereto as Exhibit C, filed with this Court on 6/1/2022 and entered on the Court's Docket on 6/20/2022), courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[2]  This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment."  29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

---

[2]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

11.    Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which the U.S. District Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

12.    As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.[3]  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  The benefits sought by Plaintiff are sought from an ERISA plan.  Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Complaint"[4]  The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan.  Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA.  Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3).  *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Moreover, Plaintiff has admitted the application of ERISA to his claims and does not appear to dispute subject matter jurisdiction in the federal court.  Accordingly, removal to federal court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

13.    In his Motion for Default Judgment, in which Plaintiff also argues that this Court should retain jurisdiction, Plaintiff does not appear to dispute that the U.S. District Court has subject matter jurisdiction of this case, but rather, the sole argument made by Plaintiff in support of default

---

[3]    *See* Paragraphs 1 and 7 of Plaintiff's Complaint.
[4]    *See* Paragraphs 1 and 5 of Plaintiff's Complaint.

judgment and for this court to retain jurisdiction, is the argument that Lincoln Life did not successfully file its Notice of Filing Notice of Removal of Action to Federal Court, and even if it had, the Notice filed in this Court would have been a nullity under Arkansas law because Lincoln Life's Texas counsel is not licensed to practice law in Arkansas state court and the filing of the Notice of Filing of Notice of Removal in this action should be ignored.  Plaintiff does not dispute that the state court Notice, of which he was served a copy on May 31, 2022, was defective in format; Plaintiff's only complaint is that the Notice did not appear in this Court's records, and that even if it had, Lincoln Life's Texas counsel should not have been permitted to file the Notice.  First, the Eighth Circuit has specifically held that the attorney's filing of the Notice in State Court in this manner was proper, even though the attorney was not licensed by the State of Arkansas.  See *Brooks v. Liberty Life Assurance Company of Boston*, 937 F.3d at 1145.  Furthermore, as further described below, the Washington County Circuit Clerk was apprised of the issue with the received but not yet filed Notice and specifically rectified the issue by filing the Notice, effective June 1, 2022.

14.     On or about May 25, 2022, Defendant's Texas counsel's assistant, Sandra Acker, contacted the office of the Circuit Clerk of Washington County, Arkansas, and spoke with a Deputy Clerk in that office.  Exhibit D, Affidavit of Sandra Acker.  Ms. Acker advised the deputy clerk that Defendant's counsel needed to file a Notice of Filing Notice of Removal of Action to Federal Court, but did not have the ability to electronically file the document, as she is not admitted to practice in Arkansas and therefore was not signed up for electronic filing.  *Id.* at ¶ 2.  Accordingly, the clerk advised Ms. Acker that the Washington County Circuit Clerk would accept a filing from Ms. Rademaekers via facsimile for this purpose.  *Id.*  On May 31, 2022, Ms. Acker submitted via facsimile a document titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in Civil Action No. 72CV-22-1012 and received confirmation that the facsimile was

successfully transmitted on that date. *Id.* However, due to the Clerk's facsimile software error, the document was not entered on the Court's docket at that time. On or about June 19, 2022, Ms. Rademaekers became aware that this document had not been entered on the Court's docket, and on June 20, 2022, Ms. Acker telephoned the Circuit Clerk's office to inquire about the status of facsimile submitted on May 31, 2022. *Id.* at ¶ 3. At that time, the deputy clerk searched for the missing document and advised Ms. Acker that the document had been located and would be entered on the Court's Docket that with a notation as to when the facsimile was received. *Id.* Ms. Acker was advised that the supervisor in the Clerk's office would confer with the County Attorney's office prior to revising the docket text to reflect the date the document was deemed filed. *Id.* Later that day, Ms. Acker was contacted by the Circuit Clerk's office and advised that (presumably after conferring with the County Attorney) the Clerk had filed the document effective June 1, 2022. *Id.* Therefore, although the electronic file stamp (which cannot be backdated by the Clerk) reflects a file stamp of 2022-Jun-20 (*see* Exhibit C attached hereto), the Court's docket entry reflects that the document was actually "RECEIVED VIA FAX 04:40:16PM 05-31-2022" and "FILED FOR RECORD, IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON OPEN NEXT BUSINESS DAY. *See* Docket Sheet, attached hereto as Exhibit B.

15.     Accordingly, this filing has been accepted by the Circuit Clerk in this Action and was filed under Ark. R. Civ. P. 5(c)(3). Therefore, Lincoln Life was in full compliance with the requirement that Defendant give written notice of the Removal to all adverse parties and to file a copy of the notice with the clerk of the State Court, pursuant to 28 U.S.C. § 1446(d).

16.     Plaintiff also makes the additional assertion in his Motion that, Lincoln Life did not timely file or serve an answer in this case within the thirty days it was allowed to do so (presumably as removal was never "effected"). However, as stated above, and as evidenced by the Court's

8

docket, Plaintiff now knows that statement to be untrue.  Lincoln Life was served with this lawsuit in the State Action on May 6, 2022 (*see* Exhibit 10 to Plaintiff's Motion).  Therefore, Lincoln Life's answer or responsive pleading was due in this Action by June 6, 2022.  However, this action was removed on June 1, 2022, and the Notice of Filing Notice of Removal of Action to Federal Court was promptly filed in this Action on June 1, 2022.  Moreover, on June 6, 2022, Defendant filed an Answer (Exhibit A) in the federal court action to which this action was removed, and that answer was served on Plaintiff's counsel.

17.     Notably, Plaintiff has not filed a Motion to Remand with the federal court.  As noted by the Eighth Circuit in Brooks (the Prior Case), "removal is a federal procedure governed by a federal statute."  937 F.3d at1145. As such, once the Notice of Removal was filed in federal court, if Plaintiff felt removal was improper, he must file a Motion to Remand the action back to this Court.  In other words, he cannot simply ignore the federal case based on his assertion that Defendant did not properly follow the removal procedure (which is governed by federal statute).  He must seek remand from the District Court and allow the District Court to make a determination as to whether the "federal procedure governed by federal statute" has been properly followed.

18.     Pursuant to Ark. R. Civ. P. 55(f), a default judgment may <u>not</u> "be entered against a party in an action removed to federal court and subsequently remanded if that party filed an answer … in the federal court during removal." (emphasis added).  Here, Defendant timely filed an Answer in the federal court action and thus, default judgment may not be entered.  *See* Exhibit A.

<b><u>CONCLUSION</u></b>

In sum, Lincoln Life was not in default of filing its responsive pleading in this Action at the time of removal to federal court, as Lincoln Life timely removed the action and promptly filed its Notice of Filing Notice of Removal to Federal Court in this Court on June 1, 2022, as evidenced by

9

the Clerk's docket entry on June 20, 2022.  Further, as stated above, as well as the case law cited by Plaintiff in his very own brief, this timely Notice filed by Lincoln Life's Texas counsel is not a nullity, and therefore, the removal was effective upon filing a copy of the Notice with the clerk of this court on June 1, 2022.  As such, this case was properly removed to federal court, and pursuant to 28 U.S.C. § 1446(d), no further action need be taken by this Court unless and until the case is remanded.  Accordingly, Lincoln Life requests that the Court enter an Order Denying Plaintiff's Motion.  In addition, as Plaintiff's Counsel refused to withdraw Plaintiff's Motion for Default Judgment, despite having been made aware of the Clerk's June 20, 2022, docket entry reflecting the delay of the entry of Defendant's June 1, 2022, filing of the Notice of Removal due to the Clerk's facsimile software issue, this Court should award Defendant it's attorney's fees and costs assoiated with Defendant's Response to Plaintiff's Motion and grant Lincoln Life such other relief to which it may show itself entitled.

Dated this 23rd day of June 2022.

Respectfully submitted,

By:/s/ Amber J. Prince
Amber J. Prince, Ark. Bar # 2007247
CONNER & WINTERS, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville,  AR 72703
Ph:  479.582.5711
Fax:  479.587.1426
Email:  APrince@cwlaw.com
ATTORNEYS FOR LINCOLN LIFE
ASSURANCE COMPANY OF BOSTON

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of June, 2022, upon electronically

filing the foregoing document, a copy of the same was served on all counsel of record via the court's

NEF system.

*/s/ Amber J. Prince*
Amber J. Prince

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

JOHN PLUMMER,                                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 5:22cv05102-TLB

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                    DEFENDANT

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S
ANSWER TO PLAINTIFF'S COMPLAINT COUNTERCLAIM**

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, John Plummer, and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

**Introduction**

1.      Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

**Parties**

2.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Arkansas. Lincoln admits that it was properly served with summons in this action. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

EXHIBIT

____A____

**Jurisdiction**

4.      Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action under ERISA.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

**Venue**

5.      Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action and that venue of this action is proper in this Court. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

**Facts**

6.      Lincoln admits that it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") to Wal-Mart Stores, Inc. ("Walmart") which, at certain times, insured benefits from the Wal-Mart Stores, Inc. Associates' Health and Welfare Benefit Plan (the "Plan") sponsored by Walmart.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that Walmart sponsored the Plan to provide short-term disability ("STD") benefits and long-term disability ("LTD") benefits to certain of its employees.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits Plaintiff was, at certain times, an employee of Walmart, and was, at certain times, a participant in the Plan.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits Plaintiff was, at certain times, employed by Walmart as a TBC Tire Tech.  Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Lincoln admits that certain documents concerning Plaintiff's job description and occupation at Walmart are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.     To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph12 of the Complaint.

13.     Lincoln admits that Plaintiff's last day of work at Estes was January 21, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

**3**

14. On information and belief, Lincoln admits Plaintiff submitted a claim for, and at certain times received, STD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that an Activities Questionnaire is contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents.  Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Lincoln admits it sent a letter dated September 25, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan.   Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan.  Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Lincoln admits that an Activities Questionnaire is contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Lincoln is without sufficient knowledge concerning Plaintiff's access to medical insurance and Plaintiff's financial resources to either admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     There is no paragraph numbered "29" contained in the Complaint.

30.     Lincoln admits it sent a letter dated February 11, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it sent a letter dated February 11, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it sent a letter dated February 11, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that Plaintiff submitted an appeal of the denial of his claim for LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that Plaintiff submitted an appeal of the denial of his claim for LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with various emails and additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with various emails and additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

**8**

of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies the allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with various emails and additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies the allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits it sent a letter dated July 28, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 54 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55.     Lincoln admits that the Policy includes language pertaining to the definition of "Any Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph 55 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56.     Lincoln incorporates its responses contained in Paragraphs 1 through 55 as if fully stated herein.

57.     Lincoln denies the allegations contained in Paragraph 57 of the Complaint.

58.     To the extent that Paragraph 58 contains legal conclusions, Lincoln is not required to answer.  To the extent a response is required, Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59.     To the extent that Paragraph 59 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60.     Lincoln denies the allegations contained in Paragraph 60 of the Complaint.

61.     Lincoln incorporates its responses contained in Paragraphs 1 through 60 as if fully stated herein.

62.     Lincoln denies the allegations contained in Paragraph 62 of the Complaint.

63.     Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64.     Lincoln denies the allegations contained in Paragraph 64 of the Complaint.

65.     Lincoln denies the allegations contained in Paragraph 65 of the Complaint.

**11**

66.     Lincoln denies the allegations contained in Paragraph 66 of the Complaint.

67.     Lincoln denies the allegations contained in Paragraph 67 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long-term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## COUNTERCLAIM

1.      In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the Plan.  Lincoln also seeks a constructive trust and

other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 6th day of June 2022.

**13**

Respectfully submitted,

By:    /s/ Iwana Rademaekers

    Iwana Rademaekers (Texas Bar # 16452560)
    LAW OFFICES OF IWANA RADEMAEKERS, P.C.
    17304 Preston Road, Suite 800
    Dallas, Texas 75252
    Main: (214) 579-9319
    Fax: (469) 444-6456
    Email: iwana@rademaekerslaw.com

    ATTORNEYS FOR LINCOLN LIFE
    ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

   June 6, 2022                 /s/ Iwana Rademaekers
Date                                     Iwana Rademaekers

# Docket Report Results
## PRODUCTION

**Report Selection Criteria**

Case ID:            72CV-22-1012
Citation No:
Docket Start Date:
Docket Ending Date:

**Case Description**

Case ID:       72CV-22-1012 - JOHN PLUMMER V LINCOLN LIFE ASSURANCE CO OF BOSTON -*JURY TRIAL*
Filing Date:   Monday , May 02nd, 2022
Court:         72 - WASHINGTON
Location:      CI - CIRCUIT
Type:          OC - CONTRACT - OTHER
Status:        OPEN - CASE OPEN
Images:

**Case Event Schedule**

*No case events were found.*

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name |
|---|---|---|---|---|---|
| 3 | | | PLAINTIFF/PETITIONER ATTORNEY | 1005561 | CHAMBERLIN, NEIL |
| | | | | Aliases: | CHAMBERLIN, NEIL R.<br>CHAMBERLIN, NEIL R |
| | | | | | |
| 2 | | | PLAINTIFF | 17602081 | PLUMMER, JOHN |
| | | | | Aliases: | *none* |
| | | | | | |
| 4 | | | DEFENDANT | 17602073 | LINCOLN LIFE ASSURANCE COMPANY OF BOSTON |
| | | | | Aliases: | *none* |
| | | | | | |
| 1 | | | JUDGE | 7965368 | 4TH CIRCUIT DIVISION 1 |
| | | | | Aliases: | MARTIN<br>MARTIN, DOUG |

**Violations**

© 2017 Conduent Business Services, LLC. All rights reserved. Conduent and Conduent Agile Star are trademarks of Conduent Business Services, LLC in the United States and/or other countries.
This material contains trade secrets and other confidential information and is subject to a confidentiality agreement. The unauthorized use, reproduction, distribution, display, or disclosure of this material or the information contained herein is prohibited. User Accepts Agrees to Disclaimer. Not for official use. Branding # BR1041

EXHIBIT

**B**

## Docket Report Results
## PRODUCTION

| | | | Aliases: MARTIN | |
| --- | --- | --- | --- | --- |
| | | | MARTIN, DOUG | |
| | | | | |

## Violations

## Sentence

No Sentence Info Found.

## Milestone Tracks

*No Milestone Tracks found.*

## Docket Entries

| Filing Date | Description | | Name | Monetary |
| --- | --- | --- | --- | --- |
| 05/02/2022 12:14 PM | COMPLAINT/PETITION FILED $ | | CHAMBERLIN, NEIL | |
| Entry: | COMPLAINT | | | |
| Images | COMPLAINT | | | |
| | | | | |
| 05/02/2022 12:14 PM | SUMMONS FEE 21-6-402 $ | | CHAMBERLIN, NEIL | |
| Entry: | *none.* | | | |
| Images | No Images | | | |

© 2017 Conduent Business Services, LLC All rights reserved. Conduent and Conduent Agile Star are trademarks of Conduent Business Services, LLC in the United States and/or other countries. This material contains trade secrets and other confidential information and is subject to a confidentiality agreement. The unauthorized use, reproduction, distribution, display, or disclosure of this material or the information contained herein is prohibited User Accepts/Agrees to Disclaimer Not for official use. Branding #BR1041

# Docket Report Results

## PRODUCTION

| 05/02/2022 12:14 PM | AOC COVERSHEET CIVIL | CHAMBERLIN, NEIL | |
|---|---|---|---|
| Entry: | *none.* | | |
| Images | No Images | | |

| | | | |
|---|---|---|---|
| 05/02/2022 12:14 PM | MOF ORIGINAL | CHAMBERLIN, NEIL | |
| Entry: | *none.* | | |
| Images | No Images | | |

| | | | |
|---|---|---|---|
| 05/02/2022 02:59 PM | PAYMENT RECEIVED | | |
| Entry: | A Payment of $167.50 was made on receipt 72CI85511. | | |
| Images | No Images | | |

| | | | |
|---|---|---|---|
| 05/03/2022 08:23 AM | SUMMONS - FILER PREPARED | | |
| Entry: | LINCOLN LIFE ASSUANCE COMPANY OF BOSTON | | |
| Images | SUMMONS | | |

| | | | |
|---|---|---|---|
| 06/06/2022 11:53 AM | AFFIDAVIT OF SERVICE | CHAMBERLIN, NEIL | |
| Entry: | AFFIDAVIT OF SERVICE - LINCOLN LIFE ASSURANCE COMPANY OF BOSTON 05-06-2022 | | |
| Images | PROOF OF SERVICE | | |

| | | | |
|---|---|---|---|
| 06/09/2022 04:18 PM | MOTION DEFAULT JUDGMENT | CHAMBERLIN, NEIL | |
| Entry: | PLAINTIFF'S MOTION AND BRIEF FOR DEFAULT JUDGMENT, DAMAGES HEARING, AND FOR COURT TO RETAIN JURISTICTION | | |
| Images | MOTION | | |

© 2017 Conduent Business Services, LLC. All rights reserved. Conduent and Conduent Agile Star are trademarks of Conduent Business Services, LLC in the United States and/or other countries. This material contains trade secrets and other confidential information and is subject to a confidentiality agreement. The unauthorized use, reproduction, distribution, display, or disclosure of this material or the information contained herein is prohibited User Accepts Agrees to Disclaimer Not for official use. Branding e BR1041

# Docket Report Results
## PRODUCTION

| 06/09/2022 04:18 PM | MOTION DEFAULT JUDGMENT | CHAMBERLIN, NEIL | |
|---|---|---|---|
| **Entry:** | PLAINTIFF'S MOTION AND BRIEF FOR DEFAULT JUDGMENT, DAMAGES HEARING, AND FOR COURT TO RETAIN JURISTICTION | | |
| **Images** | MOTION | | |

| 06/17/2022 10:47 AM | LETTER | CHAMBERLIN, NEIL | |
|---|---|---|---|
| **Entry:** | LETTER | | |
| **Images** | LETTER | | |

| 06/20/2022 08:28 AM | NOTICE REMOVED FEDERAL COURT | | |
|---|---|---|---|
| **Entry:** | DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, RECEIVED VIA FAX 04:40:16PM 05-31-2022 AFTER BUSINESS HOURS. FILED FOR RECORD, IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON OPEN NEXT BUSINESS DAY. DELAYED EFLEX FILING DUE TO CLERK'S FACSIMILE SOFTWARE ERROR. | | |
| **Images** | NOTICE | | |

© 2017 Conduent Business Services, LLC. All rights reserved. Conduent and Conduent Agile Star are trademarks of Conduent Business Services, LLC in the United States and/or other countries. This material contains trade secrets and other confidential information and is subject to a confidentiality agreement. The unauthorized use, reproduction, distribution, display, or disclosure of this material or the information contained herein is prohibited User Accepts/Agrees to Disclaimer. Not for official use. Branding # BR1041

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jun-20 08:28:25
72CV-22-1012
C04D01 : Pages 6

### IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
### 1st DIVISION

JOHN PLUMMER,                                                              PLAINTIFF

v.                                   CIVIL ACTION NO. 72CV-22-1012

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                    DEFENDANT

### DEFENDANT'S NOTICE OF FILING NOTICE OF
### REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Lincoln Life Assurance Company of Boston ("Defendant"), hereby gives notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the Western District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the record of this action to the United States District Court, unless and until this action is remanded to this Court. *See* 28 U.S.C. § 1446(d).

Dated this 31st day of May 2022.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
EM: iwana@rademaekerslaw.com

By: _____
Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LINCOLN
LIFE ASSURANCE COMPANY OF BOSTON

EXHIBIT

C

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail on the 31st day of May 2022.

Neil Chamberlin, Esq.
Email:  neil@mcmathlaw.com

_____
Iwana Rademaekers

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| **JOHN PLUMMER,** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO.** ___5:22-cv-05102-TLB___ |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | **DEFENDANT** |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Lincoln Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit Court of Washington County, Arkansas, to the United States District Court for the Western District of Arkansas, Fayetteville Division. In support of the instant Notice of Removal, Defendant respectfully states unto the Court the following:

1. The instant action was commenced against Defendant on or about May 2, 2022, in the Circuit Court of Washington County, Arkansas as Civil Action No. 72CV-22-1012.

2. Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc. ("Walmart")[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2] Defendant hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3. The Circuit Court of Washington County, Arkansas, is within the United States District Court for the Western District of Arkansas, Fayetteville Division, to which this action is removable.

---

[1] See ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2] See ¶¶ 1, 6, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

**EXHIBIT**

4.      Defendant Lincoln Life Assurance Company of Boston was served with this lawsuit on May 6, 2022. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

Case 5:22-cv-05102-TLB    Document 9-15    Filed 06/30/22    Page 34 of 38 PageID #:
Case 5:22-cv-05102-TLB    Document 2    Filed 05/31/22    Page 3 of 5 PageID #: 5
253

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]    *See* ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[5]    *See* ¶¶ 1 and 4 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

10.     Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.     Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.     By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.     A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Mail on the 26th day of May 2022.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

_____
Iwana Rademaekers

**IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS**
**1st DIVISION**

JOHN PLUMMER,                                                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 72CV-22-1012

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                 DEFENDANT

<u>**AFFIDAVIT OF SANDRA ACKER**</u>

Before the undersigned, an officer duly authorized by law to administer oaths, personally appeared Sandra Acker, who, on oath, deposes and states as follows:

1.      I, Sandra Acker, am an employee of the Law Offices of Iwana Rademaekers, P.C. I am more than 21 years of age and am competent to testify to the matters contained herein. My personal knowledge, as well as the files and records maintained by our office in the ordinary course of business, form the basis of this affidavit.

2.      On or about May 25, 2022, I contacted the office of the Circuit Clerk of Washington County, Arkansas, and spoke with a Deputy Clerk in that office. I advised the deputy clerk that the attorney I work for needed to file a Notice of Filing Notice of Removal of Action to Federal Court, but did not have the ability to electronically file the document, as she is not admitted to practice in Arkansas and therefore was not signed up for electronic filing. The clerk I spoke with advised me that the Circuit Clerk would accept a filing from Ms. Rademaekers via facsimile for this purpose. On May 31, 2022, I transmitted via facsimile a document titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in Civil Action No. 72CV-22-1012; pursuant to the clerk's instructions, I included a cover sheet with the case number and name of the document being faxed for filing. Later that evening, I received

EXHIBIT

**D**

confirmation that the facsimile was successfully transmitted on that date. A true and correct copy of that fax confirmation is attached as Exhibit 1.

3.      On June 20, 2022, after learning that the Notice of Filing Notice of Removal had not been entered on the Court's docket, I contacted the Circuit Clerk's office via telephone to inquire about the status of facsimile and Notice submitted by our office on May 31, 2022. I spoke with Tyra in that office, who searched for the Notice and advised me that the document had been located and would be entered on the Court's Docket with a notation as to when the facsimile was received. On that same date, I also spoke via telephone with Tyra's supervisor, Laura, who advised me that she would confer with the County Attorney's office regarding the date the document was deemed filed. Later that day, I was contacted by Tyra who informed me that the Notice had been filed with an effective June 1, 2022, and that the Court's docket would reflect that information.

FURTHER AFFIANT SAYETH NAUGHT.

Sandra Acker

Sworn to and subscribed before me, this 23ʳᵈ day of June 2022.

Notary Public
My Commission Expires: 04/02/2023



CAROL A PETTUS
Notary ID #124494163
My Commission Expires
April 2, 2023

**AFFIDAVIT OF SANDRA ACKER**                                                                    2

| From: | Nextiva vFax |
|---|---|
| To: | Iwana Rademaekers |
| Subject: | Message Sent: 805632369 \| 5/31/2022 4:35:23 PM CDT |
| Date: | Tuesday, May 31, 2022 4:40:23 PM |

**Delivery Information:**

| | |
|---|---|
| Message #: | 805632369 |
| Status: | Success |
| Sender Name: | Iwana Rademaekers |
| Sender Company: | Law Offices of Iwana Rademaekers, P.C. |
| Sender Phone: | 214-579-9319 |
| Remote CSID: | Washington County |
| Total Pages: | 8 |
| Start Time: | 5/31/2022 4:35:23 PM CDT |
| End Time: | 5/31/2022 4:44:11 PM CDT |
| Duration: | 0.236 sec |
| Delivery Count: | 1 |

**Recipient List:**
Clerk, Washington Circuit Court - 14794441537

Click here to view this message online

Delivered by **NEXTIVA**...                    "When Every Fax is Mission Critical"

EXHIBIT

1