ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jun-24  13:26:22
72CV-22-1012
C04D01 : 9 Pages

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
### FIRST DIVISION

JOHN PLUMMER                                                      **PLAINTIFF**

V.                                    **NO. 72CV-22-1012**

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON             **DEFENDANT**

---

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT, DAMAGES HEARING, AND FOR COURT TO RETAIN JURISDICTION

---

The court should overrule the defendant's arguments and grant the plaintiff's motion for these reasons:

### I.    Nullity

The court should overrule the defendant's argument that it properly removed this case to federal court because all filings relied on by the defendant were submitted by Iwana Rademaekers, an attorney located in Dallas, Texas, not licensed to practice law in the state courts of Arkansas, including this court.  Exhibit 13 to plaintiff's motion (Affidavit of Stacey Pectol).

Each copy of a notice of removal filed by the defendant with the Washington County Circuit Clerk through its out-of-state attorney is a nullity under Arkansas Supreme Court case law, even if it was later belatedly accepted by the Washington County Circuit Clerk.  "We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are

**EXHIBIT**

**16**

rendered a ***nullity***.”  *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, \*8 (citations omitted) (emphasis added).  The Washington County Circuit Clerk cannot turn a nullity into a valid filing, even by belatedly accepting it on its docket, as here.  Exhibits B & C to defendant's motion.

The time for “promptly” filing a copy of the notice of removal with the Washington County Circuit Clerk has passed.  28 U.S.C. § 1446(d).  Because the defendant did not promptly file a valid copy of the notice of removal, as opposed to a nullity, with the Washington County Circuit Clerk, the removal was not “effected.”  *Id.* Jurisdiction has remained with the court all along and still does.  The defendant did not file an answer in this court within the time allowed to do so.  Thus, the court should grant the plaintiff's motion.

One more thing.  Even if this court were to credit the defendant's new attorney, who is licensed to practice law in the state courts of Arkansas, with having made filed a copy of the notice of removal through the exhibits to its response brief filed herein on 06/23/2022, that still would not be a proper filing because 28 U.S.C. § 1446(d) required the defendant to make that filing “promptly” after it filed a notice of removal in federal court on 05/31/2022, and no such prompt filing was made with the Washington County Circuit Clerk.

## II.    Arkansas Supreme Court Case Law Governs

The court should overrule the defendant's argument that it properly removed this case to federal court under the Eighth Circuit's reasoning in the *Brooks* case.  Exhibit 8 to plaintiff's motion.  Defendant's response, ¶ 13.  That is because, unlike the Eighth Circuit, this court is governed by Arkansas Supreme Court case law, including *Desoto.*

In *Brooks*, the Eighth Circuit gave no credence to the Arkansas Supreme Court's holding in *Desoto* that a filing made in state court by an attorney not licensed to do so is a nullity. The Eighth Circuit explained that it followed federal law, not Arkansas Supreme Court case law. "It makes no difference that under Arkansas law certain 'pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity.' *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute." Exhibit 8 to plaintiff's motion at 3.

The tables are now turned. This court, unlike the Eighth Circuit, is obligated to follow the Arkansas Supreme Court's decision in *Desoto*, under which the copy of the notice of removal filed by the defendant's out-of-state attorney with the Washington County Circuit Court is a nullity. That includes the copy of the notice of removal that the defendant's out-of-state attorney sent by facsimile machine to the Washington County Circuit Clerk on 05/31/2022. Exhibit 11 to plaintiff's motion. That includes the copy of the notice of removal that the Washington County Circuit Clerk later filed on 06/20/2022 and that it later recorded on the docket was "filed of record" as of 06/01/2022. Exhibits B & C to defendant's motion. Each of those copies was nullity under *Desoto*.

In the eyes of Arkansas law, removal was therefore never "effected" under 28 U.S.C. § 1446(d), and jurisdiction remains with this court. "While there is no longer a need to comply with state court filing deadlines to avoid default if the case is removed to the federal court, it is clear that removal is ***not effected*** unless the removal documents are filed promptly with the state court." *Allstate Ins. Co. v. Bourland*, 296 Ark. 488, 491 (1988) (emphasis added).

## III.   Electronic Filing Mandatory

The court should overrule the defendant's argument that the defendant properly and timely filed a copy of the notice of removal with the Washington County Circuit Clerk by facsimile machine under Ark. R. Civ. P. 5(c)(3).  Defendant's Response, ¶ 5. Rule 5(c)(3) has been superseded by Administrative Order 21, Section 1, which requires that filings be made on the court's electronic filing system (EFLEX), not by facsimile machine.

The Addition to Reporter's Notes, 1999 Amendment, for Ark. R. Civ. P. 5 state "The first sentence of subdivision (c)(2) has been amended to require any clerk with a facsimile machine to accept facsimile filings of any paper filed under this rule and to allow the clerk to charge a fee of $1.00 per page.  …  The third sentence of subdivision (c)(2) [actually (c)(3)] has been amended to require that the clerk stamp or otherwise mark the facsimile copy as filed on the date and time that it is received in the clerk's office or, if received when the office is closed, on the next business day."

Thereafter, however, in 2012, the Arkansas Supreme Court adopted Section 1 of Administrative Order 21, which states:

Section 1.  Purpose, Scope, and Application.

(a)    *Purpose*.  This order establishes statewide policies and procedures governing the electronic filing process in all the courts in Arkansas.

(b)    *Scope*.  Electronic filing is a means of fulfilling the filing requirements of the courts of this state, but any court or clerk that elects to adopt electronic filing pursuant to this order must use the electronic filing system provided by the Administrative Office of the Courts ("AOC") or an electronic citation system approved by the AOC.  Once an election is made to use the electronic filing system provided by the AOC, then electronic filing shall be the ***exclusive*** ***means*** of filing in all cases, except as may otherwise be provided in this order or by rule adopted by the Supreme Court.

> (1)    Any person proceeding pro se and any person with a disability or special need that prevents electronic filing shall be entitled to submit conventional paper filings.

> (c)    *Application*.   This order shall be liberally construed to secure the proper and efficient administration of the business and affairs of the court and to promote and facilitate the administration of justice by the court.

Administrative Order 21, Section 1 (emphasis added).

> (j)    *Electronic filing system*.   "Electronic filing system" refers to the system established pursuant to this order that receives and stores electronic documents.

Administrative Order 21, Section 2(j).

Thus, Administrative Order 21, which superseded Ark. R. Civ. P. 5(c)(3), did not allow the defendant's out-of-state attorney to file a copy of the notice of removal with the Washington County Circuit Clerk by facsimile machine, as she attempted to do on 05/31/2022. Exhibit 11 to plaintiff's motion. Administrative Order 21 also did not allow the Washington County Circuit Clerk to belatedly accept that filing on 06/20/2022 or to note that it was "filed of record" as of 06/01/2022, as it did. Exhibits B & C to defendant's response. The "exclusive means" for the defendant to file a copy of the notice of removal with the Washington County Circuit Clerk was on the court's electronic filing system (EFLEX).

## IV.    No Preemption

This court should overrule the defendant's argument that "Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3)." Defendant's response, ¶ 12. Preemption has nothing to do with the plaintiff's motion or this case.

5

Without dispute, the plaintiff brought this case under federal law, ERISA. The plaintiff stated exactly that in the first paragraph of his complaint: "John Plummer ('Plummer') brings this action to recover long term disability ('LTD') benefits under a Group Disability Income Policy issued by Lincoln Life Assurance Company of Boston ('Lincoln') and to obtain other relief ***under the Employee Retirement Income Security Act ('ERISA')***, 29 U.S.C. § 1001, *et seq.*" Complaint, ¶ 1 (emphasis added) (also attached to plaintiff's motion as Exhibit 9). The plaintiff did not state any claims under Arkansas law or any claims not found in ERISA. Thus, there is nothing for ERISA to preempt. That does not mean, however, that this court does not have subject matter jurisdiction.

As stated in the plaintiff's motion, ERISA allows a person seeking long term disability benefits under an employer-sponsored plan, as here, to file his action in either state or federal court, which have "concurrent" jurisdiction:

(e)    Jurisdiction

(1)    Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)1) of this title. State courts of competent jurisdiction and district courts of the United States shall have ***concurrent jurisdiction*** of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e)(1) (emphasis added).

Although the defendant was allowed to remove this case to federal court if it followed the procedures found in 28 U.S.C. § 1446, the defendant failed to do so by not promptly filing a copy of the notice of removal with the Washington County Circuit

Clerk.   Thus, removal was not effected, and subject matter jurisdiction remains with this court.

## V.      No Answer Filed in State Court

The court should disregard as both untrue and irrelevant the defendant's statement that "Plaintiff also makes the additional assertion in his Motion that, Lincoln Life did not timely file or serve an answer in this case within the thirty days it was allowed to do so (presumably as removal was never 'effected')."  Defendant's motion, ¶ 16.

This is untrue because the plaintiff did not state that he was not "served" with the answer filed by the defendant in federal court.  The plaintiff instead stated that "Lincoln did not *__file__* an answer with the Washington County Circuit Clerk within the 30 days it was allowed to do so, Ark. R. Civ. P. 12(a)(l), and thus it is in default."  Plaintiff's motion, ¶ 3 (emphasis added).

This is irrelevant because whether an answer is "served" on a party is irrelevant under Ark. R. Civ. P. 12(a)(1).  That rule requires that an answer be timely filed in state court, not served.  "A defendant shall *__file__* his or her answer within 30 days after the service of summons and complaint upon him or her."  Ark. R. Civ. P. 12(a)(1) (emphasis added).  The defendant did not file its answer with the Washington County Circuit Court in the 30 days it was allowed to do so.

## VI.     Remand

The court should give no credence to the defendant's statement that "Notably, Plaintiff has not filed a Motion to Remand with the federal court."  Defendant's response, ¶ 17.  The defendant wishes for a remand from federal court so that the defendant can have credit under Rule 55(f) for the answer it failed to timely file here but instead filed in federal court.  Defendant's response, ¶ 18.  That rule states "No judgment by default shall be

7

entered against a party in an action removed to federal court and subsequently remanded if that party filed an answer or a motion permitted by Rule 12 in the federal court during removal." Ark. R. Civ. P. 55(f).

But if the removal of this case was not "effected" by the defendant promptly filing a copy of the notice of removal with the Washington County Circuit Clerk, as the plaintiff argues, this case was never removed to federal court. The Arkansas Supreme Court has so held. *Bourland, supra,* 296 Ark. at 491. It follows that the federal court has no subject matter jurisdiction and therefore no power to make rulings, including rulings on remand.

The plaintiff is mindful that Rule 55(f) was adopted in 1990, two years after the Arkansas Supreme Court decided *Bourland* in 1988. Addition to Reporter's Notes, 1990 Amendment. That, however, does not render invalid the Arkansas Supreme Court's decision in *Bourland* that "removal is not effected unless the removal documents are filed promptly with the state court," *Bourland, supra,* 296 Ark. at 491, in which case this court has retained jurisdiction all along and has jurisdiction now.

Respectfully submitted,

*/s/ Neil Chamberlin*
Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

## **CERTIFICATE OF SERVICE**

The foregoing was served on the following by filing it with the court's electronic filing system on June 24, 2022:

Amber Prince
Conner & Winters, LLP

4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72702
*Attorney for defendant*

*/s/ Neil Chamberlin*