ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jun-28  16:22:16
72CV-22-1012
C04D01 : 3 Pages

# IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## 1st DIVISION

**JOHN PLUMMER**                                                                 **PLAINTIFF**

**v.**                                      **CASE NO. 72CV-22-1012**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**                **DEFENDANT**

## DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION AND BRIEF FOR DEFAULT JUDGMENT, DAMAGES HEARING, AND FOR COURT TO RETAIN JURISDICTION

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln Life"), files this Surreply to Plaintiff's Reply in Support of Motion and Brief for Default Judgment, Damages Hearing, and For Court to Retain Jurisdiction, and would show the Court as follows:

1.     Plaintiff wholly disregards the federal nature of the Notice of Filing Notice of Removal.  As the Eighth Circuit stated, "removal is a federal procedure governed by a federal statute." *Brooks v. Liberty Life Assur. Co.*, 937 F.3d 1144,1145 (8th Cir. 2019).  Removal was effective upon filing the Notice "regardless of how state law might treat the notice after it is filed." Id.; 28 U.S.C. § 1446(d).  This Court has no jurisdiction to act unless and until this action is remanded back to it by the District Court for the Western District of Arkansas.

2.     Defendant complied with Ark. R. Civ. P. 5(c)(3) and the Washington County Circuit Court's instructions[1] in submitting the Notice for filing by facsimile.  This subsection of the Arkansas Rules of Civil Procedure has not been revised or repealed, and the Arkansas Supreme Court Administrative Order 21 specifically states that electronic filing is the exclusive means of filing,

**EXHIBIT**

**17**

"except as may otherwise be provided in this order or by rule adopted by the Supreme Court." Plaintiff ignores that the Arkansas Rules of Civil Procedure are promulgated and adopted by Order of the Arkansas Supreme Court. Because the Arkansas Supreme Court did not revise or withdraw Rule 5(c)(3) upon the entry of Administrative Order 21, this Rule operates as a specific exception to allow for filing by facsimile, as provided by the text of the Administrative Order.

Lincoln Life requests that the Court enter an Order Denying Plaintiff's Motion, award Defendant its attorney's fees and costs associated with Defendant's Response to Plaintiff's Motion, and grant Lincoln Life such other relief to which it may show itself entitled.

Dated this 28th day of June 2022.

Respectfully submitted,

By: */s/ Amber J. Prince*
   Amber J. Prince, Ark. Bar # 2007247
   CONNER & WINTERS, LLP
   4375 N. Vantage Drive, Suite 405
   Fayetteville, AR 72703
   Ph: 479.582.5711
   Fax: 479.587.1426
   Email: APrince@cwlaw.com
   ATTORNEYS FOR LINCOLN LIFE
   ASSURANCE COMPANY OF BOSTON

---

[1]    Affidavit of Sandra Acker, Ex. D. to Defendant's Response at ¶ 2.

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 28th day of June, 2022, upon electronically filing the foregoing document, a copy of the same was served on all counsel of record via the court's NEF system.

/s/ Amber J. Prince
Amber J. Prince