**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JOHN PLUMMER                                                      PLAINTIFF

V.                              NO. 5:22-CV-05102-TLB

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON          DEFENDANT

---

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO HOLD CASE IN
ABEYANCE OR ALTERNATIVELY FOR REMAND**

---

**I.      Facts**

Because this is the second time that Lincoln Life Assurance Company of Boston

("Lincoln") improperly attempted to remove a case to federal court by attempting to file a

notice of removal in Arkansas state court through the same out-of-state attorney not

licensed to practice law in the state courts of Arkansas, the plaintiff will discuss each case

in chronological order.

**A.      Prior Case**

In 2017, Roger Brooks (nonparty here), represented by the same below-signed

attorney as John Plummer (plaintiff here), filed a complaint in the Faulkner County

Circuit Court against Liberty Life Assurance Company of Boston ("Liberty"), seeking

long term disability benefits. Exhibit 1. Liberty has been acquired by Lincoln National

Corporation and has been renamed Lincoln Life Assurance Company of Boston, the

defendant herein.

Liberty, which was represented by the same out-of-state attorney who represents

Lincoln in this case, faxed a copy of a notice of removal to the Faulkner County Circuit

Clerk to remove the case to federal court, even though its attorney was not licensed to practice law in the state courts of Arkansas. Exhibit 2.

The plaintiff filed a motion and brief asking the federal district court to remand the case to the Faulkner County Circuit Court because Liberty's out-of-state attorney was not licensed to practice law in the state courts of Arkansas, in which case the copy of Liberty's notice of removal filed in the Faulkner County Circuit Court was a "nullity" under Arkansas Supreme Court case law (*see Desoto* discussed in part II below) and in which case the removal had not been "effected" under the federal removal statute (*see* 28 U.S.C. § 1446(d) discussed in part II below). Exhibits 3 & 4.

Liberty filed a response and brief. Exhibits 5 & 6. Attached to the brief was the Affidavit of Bekah Donohue, Deputy Clerk of the Circuit Court of Faulkner County. Exhibit A to Exhibit 6. Donohue stated that she accepted and file-stamped the copy of the notice of removal filed by Liberty's out-of-state attorney, even though the attorney was not licensed to practice law in the state courts of Arkansas. *Id.*, ¶ 3.

The federal district judge denied the plaintiff's motion to remand. Exhibit 7. The federal district judge later entered a judgment in favor of Liberty and denied benefits to the plaintiff based on court-ordered briefing. The plaintiff appealed on the sole grounds that Liberty's removal from the Faulkner County Circuit Court was improper and that the case should have been remanded to that court.

The Eighth Circuit Court of Appeals affirmed the federal district judge based on this reasoning:

> The first step in removing a case is "fil[ing] . . . a notice of removal" in federal court.  28 U.S.C. § 1446(a). There is no dispute that Liberty Life's attorney completed this step. Once a notice of removal is filed in federal court, the second step is to "[p]romptly . . . file a copy of

2

the notice with the clerk of [the] State court, which shall effect the removal." *Id.* § 1446(d); *see also Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("[R]emoval is ***effected*** when the notice of removal is ***filed*** with the ***state court*** and at no other time."). The potential problem lies here: did Liberty Life's attorney "file a copy of the notice" in state court?

On these facts, we conclude that she did. Once the deputy clerk stamped the notice "***FILED***," Liberty Life had done all it needed to do under the federal removal statute. To "file" a document requires it to be "enter[ed] . . . as an official record," which is what occurred here. *The American Heritage Dictionary of the English Language* 657 (5th ed. 2011); *see also Webster's Third New International Dictionary* 849 (2002) (defining the word "file" as "deliver[ing] . . . a legal paper . . . to the proper officer for keeping on file or among the records of [her] office"); *Black's Law Dictionary* 773 (11th ed. 2019) ("filing" refers to "the act or an instance of submitting or lodging a document with a court clerk or record custodian").

[Footnote 2]: It is unnecessary to decide whether the simple act of delivering the notice to the deputy clerk would have been good enough on its own to "file" it. Here, the act of stamping it "***FILED***" removed any doubt that the deputy clerk made the notice a part of the state-court record.

It makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute. And the federal statute is clear: removal is ***effective*** upon "***fil[ing]*** a copy of the notice [of removal] with the clerk of [the] ***State*** court," regardless of how state law might treat the notice after it is filed. 28 U.S.C. §1446(d) (emphasis added); *see also Anthony*, 76 F.3d at 214.

Exhibit 8 at 2-3 (emphasis added).

Thus, the Eighth Circuit relied on the fact that the Deputy Clerk of the Faulkner County Circuit Court stamped Liberty's copy of the notice of removal as "FILED," even though Liberty's attorney was not licensed to make the filing.

**B.     This Case**

On 05/02/2022, John Plummer (plaintiff here), represented by the same below-signed attorney as the plaintiff in the above prior case, filed a complaint in the

3

Washington County Circuit Court against Lincoln seeking long term disability benefits. Exhibit 9.

On 05/06/2022, a process server hand served the summons and complaint on Lincoln's registered agent. Exhibit 10.

On 05/31/2002, Lincoln, represented by the same out-of-state attorney who represented Liberty in the above prior case, attempted to file by facsimile machine a notice of removal in the Washington County Circuit Clerk to remove the case to federal court, even though the attorney still was not licensed to practice law in the state courts of Arkansas. Exhibit 11. Unlike in the above prior case, the clerk did not stamp the notice as filed at that time. The notice did not appear on the docket of Washington County Circuit Court's electronic filing system when the plaintiff filed in that court his motion for default, damages hearing, and for the court to retain jurisdiction (hereinafter "motion for default judgment") on 06/09/2022. Exhibit 14.

On 06/06/2022, the 30-day deadline passed for Lincoln to file an answer with the Washington County Circuit Court under Ark. R. Civ. P. 12(a)(1). Lincoln did not file an answer with the Washington County Circuit Court.

On 06/08/2022, Stacey Pectol, the Clerk of the Arkansas Supreme Court and Court of Appeals, signed an affidavit stating the Lincoln's out-of-state attorney is not licensed to practice law in the state courts of Arkansas. Exhibit 13.

On 06/09/2022, the office of the Washington County Circuit Clerk provided a certified copy of the docket showing all filings in this case filed in the Washington County Circuit Court, which did not include a notice of removal to this federal district court. Exhibit 12.

On 06/09/2022, the plaintiff filed in the Washington County Circuit Court a motion for default judgment. Exhibit 14.

On 06/23/2022, through a new attorney licensed to practice law in the state courts of Arkansas, Lincoln filed in the Washington County Circuit Court a response to the plaintiff's above motion. Exhibit 15. Lincoln attached a copy of its notice of removal untimely file-stamped 06/20/2022. Exhibit C to Exhibit 15. Lincoln also attached a docket sheet showing that the Washington County Circuit Clerk untimely filed a copy of the notice of removal on 06/20/2022 but stating it was "filed of record, in accordance with Arkansas Rules of Civil Procedure, 06/01/2022." Exhibit B to Exhibit 15.

On 06/24/2022, the plaintiff filed a reply with the Washington County Circuit Clerk. Exhibit 16.

On 06/29/2022, although not allowed to do so by Ark. R. Civ. P. 6(c), Lincoln filed a sur-reply with the Washington County Circuit Clerk. Exhibit 17.

The plaintiff's motion for default judgment is currently pending before the Washington County Circuit Court.

II.     Law

"The notice of removal of a civil action or proceeding shall be filed within ***thirty days*** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b) (emphasis added).

5

"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and ***shall file*** a copy of the notice with the clerk of such ***State court***, which shall ***effect*** removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court ***lacks subject matter jurisdiction***, the case shall be ***remanded***. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c) (emphasis added).

"We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a ***nullity***." *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, \*8 (citations omitted) (emphasis added).

"No judgment by default shall be entered against a party in an action removed to federal court and subsequently remanded if that party filed an answer or a motion permitted by Rule 12 in the federal court during removal." Ark. R. Civ. P. 55(f). But as shown in the *Bourland* decision discussed below, that rule does not apply when the party attempting to remove the action did not properly "effect" the removal in the first place by filing a notice of the removal in state court.

In *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988), the Arkansas Supreme Court held that, where a defendant insurance company filed a notice of removal in federal court but did not file it in state court, the removal was not effected, the insurance company's time to file an answer in state court was not tolled, and a default judgment against the insurance company entered by the state court was affirmed. "While there is no longer a need to comply with state court filing deadlines to avoid default if the case is removed to the federal court, it is clear that removal is ***not effected*** unless the removal documents are ***filed*** promptly with the ***state court***." *Id.* at 491 (emphasis added).

## III.    Argument

### A.    Abeyance

The court should hold this case in abeyance to allow the Washington County Circuit Court to rule on the plaintiff's pending motion for default judgment.

In *Brooks*, the Eighth Circuit gave no credence to the Arkansas Supreme Court's holding in *Desoto* that a filing made in state court by an attorney not licensed to do so is a nullity. The Eighth Circuit explained that it followed federal law, not Arkansas Supreme Court case law. "It makes no difference that under Arkansas law certain 'pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity.' *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute." Exhibit 8 to plaintiff's motion at 3.

The Washington County Circuit Court, however, unlike the Eighth Circuit, is obligated to follow the Arkansas Supreme Court's decision in *Desoto*, under which the copy of the notice of removal filed by the defendant's out-of-state attorney with the Washington County Circuit Court is a nullity. That includes the copy of the notice of

removal that the defendant's out-of-state attorney sent by facsimile machine to the Washington County Circuit Clerk on 05/31/2022. Exhibit 11. That includes the copy of the notice of removal that the Washington County Circuit Clerk later filed on 06/20/2022 and that it later recorded on the docket was "filed of record" as of 06/01/2022. Exhibits B & C to Exhibit 15. Each of those filings was a nullity under *Desoto.*

In the eyes of Arkansas law, removal was therefore never "effected" under 28 U.S.C. § 1446(d), and jurisdiction remains with the Washington County Circuit Court. "While there is no longer a need to comply with state court filing deadlines to avoid default if the case is removed to the federal court, it is clear that removal is ***not effected*** unless the removal documents are filed promptly with the state court." *Bourland*, 296 Ark. at 491 (emphasis added). Under *Bourland*, another case which the Washington County Circuit Court must follow, only the Washington County Circuit Court court has subject matter jurisdiction, and this court does not. Thus, in the eyes of Arkansas law, it is for the Washington County Circuit Court, not this court, to make rulings in this case.

The plaintiff's motion for default judgment is properly pending before the Washington County Circuit Court (Exhibit 14), is supported by the facts and evidence discussed in that motion, and should be ruled upon by that court. This court should hold this case in abeyance until the Washington County Circuit Court makes its ruling.

### B.   Remand

Alternatively, the court should remand this case to the Washington County Circuit Court.

By filing this motion and making this argument, the plaintiff does not consent to this court exercising subject matter jurisdiction, even for purposes of issuing an order to

remand, because the plaintiff's position is that Lincoln never "effected" the removal of this case to this federal court by promptly filing a copy of the notice of removal with the Washington County Circuit Clerk, as required by 28 U.S.C. § 1446(d), in which case this court cannot have subject matter jurisdiction, even for purposes of issuing an order to remand. The plaintiff files this motion and makes this argument only as a precaution to avoid missing the 30-day time limit to file a motion for remand under 28 U.S.C. § 1447(c).

The plaintiff also contends that Lincoln should not receive credit under Ark. R. Civ. P. 55(f), as it may claim in the event of a remand, for the answer it did not timely file with the Washington County Circuit Clerk but instead filed in federal court. That rule states "No judgment by default shall be entered against a party in an action removed to federal court and subsequently remanded if that party filed an answer or a motion permitted by Rule 12 in the federal court during removal." Ark. R. Civ. P. 55(f).

Even under the Eighth Circuit's reasoning in *Brooks*, this court should not exercise subject matter jurisdiction under the facts herein. "Once the deputy clerk stamped the notice '***FILED***,' Liberty Life had done all it needed to do under the federal removal statute. To 'file' a document requires it to be 'enter[ed] . . . as an official record,' which is what occurred here." Exhibit 8 at 2-3 (emphasis added).

As of the time that the plaintiff filed his motion for default judgment in the Washington County Circuit Court on 06/09/2022, the Washington County Circuit Clerk had not filed a copy of the notice of removal faxed in by Lincoln's out-of-state attorney, and the time for doing so had expired. Although the Washington County Circuit Clerk later filed-stamped the copy as "ELECTRONICALLY FILED" on 06/20/2022 (Exhibit C

to Exhibit 15), that also was too late. Although the Washington County Circuit Clerk entered on the docket "filed of record, in accordance with Arkansas Rules of Civil Procedure,[1] 06-01-2022," the clerk did not do so until 06/22/2022, which again was too late. Exhibit B to Exhibit 15.

Under these facts, even under *Brooks*, Lincoln did not "[pr]omptly … file a copy of the notice with the clerk of such State court, which shall effect removal[.]" 28 U.S.C. § 1446(d) (emphasis added).

## IV.    Conclusion

This court should (1) hold this case in abeyance to allow the Washington County Circuit Court to rule on the plaintiff's pending motion for default judgment; and (2) alternatively remand this case to the Washington County Circuit Court.

Respectfully submitted,

Neil Chamberlin, Ark Sup. Ct. No. 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

*Attorney for Plaintiff*

---

[1] The plaintiff disagrees with the Washington County Circuit Clerk's statement on the docket that its late filing of the copy of Lincoln's notice of removal submitted by facsimile machine was "in accordance with Arkansas Rules of Civil Procedure" because the Arkansas Supreme Court's Administrative Order 21 stated that electronic filing was the "exclusive means" of making the filing. *See* Exhibit 16 at 3-5 (arguing same).