**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JOHN PLUMMER,                                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:22cv05102-TLB-CDC

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                            DEFENDANT

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO HOLD CASE IN**
**ABEYANCE OR ALTERNATIVELY FOR REMAND**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this Response to

Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand.

**I.**

**INTRODUCTION AND SUMMARY**

A.      In his Motion, Plaintiff's first request is that the Court stay this case pending the

disposition in State Court of Plaintiff's Motion for Default Judgment, Damages Hearing, and For

Court to Retain Jurisdiction.  However, on July 6, 2022, an Order was entered by the Washington

County Circuit Court denying Plaintiff's Motion.  Accordingly, Plaintiff's request for abeyance is

now moot.

B.      Plaintiff's second and alternative request is that the Court remand the case to State

Court, and two arguments are made to support that request.  The first is that Lincoln's filing in the

State Court of the Notice of Filing of Notice of Removal via facsimile in accordance with the

Washington Circuit Clerk's instructions was a "nullity" because Lincoln's counsel is not licensed in

the State of Arkansas.  However, Plaintiff's counsel has already unsuccessfully made this same

argument in a case in the Eastern District of Arkansas and to the Eighth Circuit, and both of these

Courts found that the filing was proper.

C.      Plaintiff's second argument to support his request to remand is that the Notice of Filing Notice of Removal was not filed "promptly" in accordance with 28 USC § 1446(d). However, the Notice was sent via facsimile to the Washington Circuit Clerk after business hours on May 31, 2022.  As explained below, the Notice was not filed on that next business day due to a system issue with the Circuit Clerk's facsimile system.  Once the issue was discovered, the Circuit Clerk filed the Notice effective June 1, 2022, pursuant to Ark. R. Civ. P. 5(c)(3).  However, even if the Clerk's docket entry regarding the effective date of filing were to be disregarded, the Notice was stamped filed on June 20, 2022, which is 20 days after the case was removed.  Courts considering this issue have found that a delay of 20 days or even up to six months in filing the Notice does not impact the removal, particularly when no action was taken by the State Court during that period.

**II.**

**<u>FACTUAL BACKGROUND</u>**

Plaintiff filed this action in the Washington County Circuit Court, which was assigned Civil Action No. 72CV-22-1012 (the "State Court Action") seeking to recover long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  Federal jurisdiction is proper in this case based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, and Lincoln timely and properly removed the State Court Action to the United States District Court for the Western District of Arkansas on May 31, 2022.  Copies of all of the removal documents, including the

Notice of Filing Notice of Removal, were served on Plaintiff's counsel on May 31, 2022. Lincoln also filed an Answer in the removed action on June 6, 2022.[1]

B.      Before the removal was filed, on or about May 25, 2022, Lincoln's counsel's assistant, Sandra Acker, contacted the office of the Circuit Clerk of Washington County, Arkansas, and spoke with a deputy clerk in that office.[2] Ms. Acker advised the deputy clerk that a Notice of Filing Notice of Removal of Action to Federal Court needed to be filed in the State Court Action, but as Lincoln's counsel was not admitted to practice in the State of Arkansas, counsel did not have the ability to electronically file the document.[3] The deputy clerk advised Ms. Acker that the Circuit Clerk would accept a filing in the State Court Action from Lincoln's counsel via facsimile for this purpose.[4] On May 31, 2022, and as instructed, Ms. Acker submitted via facsimile a document titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in the State Court Action and received confirmation that the facsimile was successfully transmitted on that date.[5]

C.      Despite having been served with the removal documents from state and federal court and the answer filed in federal court, Plaintiff's counsel filed a Motion and Brief for Default Judgment, Damages Hearing, and for Court to Retain Jurisdiction on June 9, 2022, in the State Court Action.[6] Plaintiff's counsel did not communicate with Lincoln's counsel regarding the Motion and served the Motion through the U.S. Postal Service. Finally, in a June 17, 2022, email to the United States Magistrate in this Court regarding a scheduling conference, Plaintiff's counsel mentioned the Motion was pending in the State Court Action.

---

[1]   Dkt 6.
[2]   Response, Exhibit "A," Affidavit of Sandra Acker.
[3]   Response, Exhibit "A," Affidavit of Sandra Acker.
[4]   Response, Exhibit "A," Affidavit of Sandra Acker.
[5]   Response, Exhibit "A," Affidavit of Sandra Acker.
[6]   Response, Exhibit "B," Plaintiff's Motion for Default Judgment.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO**
**HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**                                     3

D.      Upon Lincoln's counsel learning the basis for the Plaintiff's Motion, on June 20, 2022, and after finding out that the Notice of Filing Notice of Removal had not been entered on the State Court's docket sheet, Ms. Acker contacted the Circuit Clerk's office via telephone to inquire about the status of the facsimile and Notice submitted to the Circuit Clerk on May 31, 2022.[7] Ms. Acker spoke with Tyra in that office, who searched for the Notice and advised that the faxed Notice had been located and would be entered on the Court's Docket sheet with a notation as to when the facsimile was received.[8]  On that same date, Ms. Acker also spoke via telephone with Tyra's supervisor, Laura, who advised Ms. Acker that she would confer with the County Attorney's office regarding the date the document was deemed filed.[9]  Later that day, Ms. Acker was contacted by Tyra who informed her that the Notice had been filed with an effective date of June 1, 2022, and that the Court's docket sheet would reflect that information.[10]

E.      The State Court's docket sheet[11] reflects that Lincoln's Notice was, in fact, received by the Clerk's office on May 31, 2022, and filed effective June 1, 2022, but was not entered on the docket sheet until June 20, 2022, and that the delay was due to an error with the Clerk's facsimile software.  The docket sheet for the State Court Action states: "DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, RECEIVED VIA FAX 04:40:16PM  05-31-2022  AFTER  BUSINESS  HOURS.  FILED  FOR  RECORD,  IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON  OPEN  NEXT  BUSINESS  DAY.  DELAYED  EFLEX  FILING  DUE  TO  CLERK'S FACSIMILE SOFTWARE ERROR."[12]

---

[7]      Response, Exhibit "A," Affidavit of Sandra Acker.
[8]      Response, Exhibit "A," Affidavit of Sandra Acker.
[9]      Response, Exhibit "A," Affidavit of Sandra Acker.
[10]     Response, Exhibit "A," Affidavit of Sandra Acker.
[11]     Response, Exhibit "C," State Court Docket Sheet.
[12]     Response, Exhibit "C," State Court Docket Sheet.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO**
**HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**                                   4

F.      In this Court, Plaintiff filed the Motion to Hold Case in Abeyance or Alternatively for Remand on June 30, 2022.[13]  On July 6, 2022, Plaintiff's Motion for Default Judgment in the State Court Action was denied.[14]  Plaintiff's Motion in this Court does not allege that this Court does not have jurisdiction over this action but relies on two arguments to assert that removal was not proper: 1) Lincoln's removal to federal court was defective because its counsel did not promptly file a Notice of Filing Notice of Removal in the State Court Action, and 2) Lincoln's counsel who submitted the filing of the Notice in the State Court Action is not licensed to practice law in Arkansas state court and accordingly, could not file documents in the State Court Action.  However, as detailed in the Brief in Support of this Response, removal of this action to federal court was proper, the State Court was properly noticed, and Plaintiff's arguments do not support remand or any other relief requested in Plaintiff's Motion.

This Response and the Brief in Support are supported by the following Exhibits submitted herewith:

Exhibit A      Affidavit of Sandra Acker

Exhibit B      Plaintiff's Motion for Default Judgment filed in the State Court Action

Exhibit C      Certified Copy of State Court Docket Sheet

Exhibit D      State Court Order Denying Plaintiff's Motion for Default Judgment

Exhibit E      File-Stamped Notice of Filing Notice of Removal in State Court Action

---

[13]   Dkt 9.
[14]   Response, Exhibit "D," Order Denying Plaintiff's Motion for Default Judgment.

## CONCLUSION

For the reasons set forth above and in the Brief in Support, Lincoln requests that the Court enter an Order Denying Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand, award Lincoln its attorney's fees and costs associated with Defendant's Response to Plaintiff's Motion, and grant Lincoln such other relief to which it may show itself entitled.

Dated this 14th day of July 2022.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
    Iwana Rademaekers (Texas Bar # 16452560)
    LAW OFFICES OF IWANA RADEMAEKERS, P.C.
    17304 Preston Road, Suite 800
    Dallas, Texas 75252
    Main:  (214) 579-9319
    Fax:  (469) 444-6456
    Email:  iwana@rademaekerslaw.com

    ATTORNEYS FOR DEFENDANT LINCOLN
    LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email:  neil@mcmathlaw.com

July 14, 2022                            /s/ Iwana Rademaekers
Date                                     Iwana Rademaekers

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO**
**HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**                    6