ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jun-09 16:18:31
72CV-22-1012
C04D01 : 85 Pages

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## FIRST DIVISION

JOHN PLUMMER                                                    PLAINTIFF

V.                          NO. 72CV-22-1012

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON         DEFENDANT

---

### PLAINTIFF'S MOTION AND BRIEF FOR DEFAULT JUDGMENT, DAMAGES HEARING, AND FOR COURT TO RETAIN JURISDICTION

---

### Motion

1.     This marks the second time that defendant Lincoln Life Assurance Company of Boston ("Lincoln") improperly attempted to remove a case to federal court by faxing a notice of removal to an Arkansas state court clerk through the same out-of-state attorney who is not authorized to practice law in the state courts of Arkansas. Both cases are discussed in part I of the below brief.

2.     Importantly, unlike in the prior case, in which the Eighth Circuit allowed the removal, Lincoln did ***not file*** a notice of removal of this case with the state court clerk (*i.e.*, Washington County Circuit Clerk), but only unsuccessfully attempted to do so. Thus, the removal of this case to federal court was not "effected" (*i.e.*, it never occurred) under the federal removal statute, 28 U.S.C. § 1446(d), as shown in part II of the below brief.

EXHIBIT

B

3.     Lincoln did not file an answer with the Washington County Circuit Clerk within the 30 days it was allowed to do so, Ark. R. Civ. P. 12(a)(1), and thus it is in default.

4.     The Employee Retirement Income Security Act ("ERISA") allows a person seeking long term disability benefits under an employer-sponsored plan, as here, to file his action in either state or federal court, which have "concurrent" jurisdiction. 29 U.S.C. § 1132(e)(1).  Thus, because this case was not removed to federal district court in the time allowed to do so, jurisdiction is proper in this court.

WHEREFORE, the plaintiff moves the court to enter default judgment against Lincoln, conduct a hearing to determine the amount of the judgment and other relief, and retain jurisdiction until Lincoln complies with the court's orders.

### Brief

### I.     Facts

Because this is the second time that Lincoln improperly attempted to remove a case to federal court by attempting to file a notice of removal in Arkansas state court through the same out-of-state attorney not authorized to practice law in the State of Arkansas, the plaintiff will discuss each case in chronological order.

### A.     Prior Case

In 2017, Roger Brooks (nonparty here), represented by the same below-signed attorney as John Plummer (plaintiff here), filed a complaint in the Faulkner County Circuit Court against Liberty Life Assurance Company of Boston ("Liberty"), seeking long term disability benefits. Exhibit 1. Liberty has been acquired by Lincoln National

2

Corporation and has been renamed Lincoln Life Assurance Company of Boston, the defendant herein.

Liberty, who was represented by the same out-of-state attorney who represents Lincoln in this case, faxed a notice of removal to the Faulkner County Circuit Clerk to remove the case to federal court, even though the attorney was not licensed to practice law in the state courts of Arkansas. Exhibit 2.

The plaintiff filed a motion and brief asking the federal court to remand the case to the Faulkner County Circuit Court because Liberty's out-of-state attorney was not licensed to practice law in the state courts of Arkansas, in which case Liberty's notice of removal filed in the Faulkner County Circuit Court was a "nullity" under Arkansas Supreme Court case law (*see Desoto* discussed in part II below) and in which case the removal had not been "effected" under the federal removal statute (*see* 28 U.S.C. § 1446(d) discussed in part II below). Exhibits 3 & 4.

Liberty filed a response and brief. Exhibits 5 & 6. Attached to the brief was the Affidavit of Bekah Donohue, Deputy Clerk of the Circuit Court of Faulkner County. Exhibit 6 at Exhibit A thereto. Donohue stated that she accepted and file-stamped the notice of remand filed by Liberty's out-of-state attorney, even though the attorney was not licensed to practice law in the state courts of Arkansas. *Id.*, ¶ 3.

The federal circuit judge denied the plaintiff's motion to remand. Exhibit 7. The federal circuit judge later ruled in favor of Liberty and denied benefits to the plaintiff based on court-ordered briefing. The plaintiff appealed on the sole grounds that Liberty's removal from the Faulkner County Circuit Court was improper and that the case should have been remanded to that court.

The Eighth Circuit Court of Appeals affirmed the federal circuit judge based on this reasoning:

> The first step in removing a case is "fil[ing] . . . a notice of removal" in federal court. 28 U.S.C. § 1446(a). There is no dispute that Liberty Life's attorney completed this step. Once a notice of removal is filed in federal court, the second step is to "[p]romptly . . . file a copy of the notice with the clerk of [the] State court, which shall effect the removal." *Id.* § 1446(d); *see also Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("[R]emoval is ***effected*** when the notice of removal is ***filed*** with the ***state court*** and at no other time."). The potential problem lies here: did Liberty Life's attorney "file a copy of the notice" in state court?
>
> On these facts, we conclude that she did. Once the deputy clerk stamped the notice "***FILED***," Liberty Life had done all it needed to do under the federal removal statute. To "file" a document requires it to be "enter[ed] . . . as an official record," which is what occurred here. *The American Heritage Dictionary of the English Language* 657 (5th ed. 2011); *see also Webster's Third New International Dictionary* 849 (2002) (defining the word "file" as "deliver[ing] . . . a legal paper . . . to the proper officer for keeping on file or among the records of [her] office"); *Black's Law Dictionary* 773 (11th ed. 2019) ("filing" refers to "the act or an instance of submitting or lodging a document with a court clerk or record custodian").
>
> [Footnote 2]: It is unnecessary to decide whether the simple act of delivering the notice to the deputy clerk would have been good enough on its own to "file" it. Here, the act of stamping it "***FILED***" removed any doubt that the deputy clerk made the notice a part of the state-court record.
>
> It makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute. And the federal statute is clear: removal is ***effective*** upon "***fil[ing]*** a copy of the notice [of removal] with the clerk of [the] ***State*** court," regardless of how state law might treat the notice after it is filed. 28 U.S.C. §1446(d) (emphasis added); *see also Anthony*, 76 F.3d at 214.

Exhibit 8 at 2-3 (emphasis added).

Importantly, the Eighth Circuit relied on the fact that the Deputy Clerk of the Faulkner County Circuit Court stamped Liberty's notice of removal as "FILED," even

4

though Liberty's attorney was not licensed to make the filing. That did not happen here. Lincoln never successfully filed a notice of removal with the Washington County Circuit Clerk in this case, as shown below.

**B.    This Case**

On 05/02/2022, John Plummer (plaintiff here), represented by the same below-signed attorney as the plaintiff in the above prior case, filed a complaint in the Washington County Circuit Court against Lincoln seeking long term disability benefits. Exhibit 9.

On 05/06/2022, a process server hand served the summons and complaint on Lincoln's registered agent. Exhibit 10.

On 05/31/2002, Lincoln, represented by the same out-of-state attorney who represented Liberty in the above prior case, ***unsuccessfully*** attempted to file a notice of removal in the Washington County Circuit Clerk to remove the case to federal court, even though the attorney still was not licensed to practice law in the state courts of Arkansas. Exhibit 11. Unlike in the above prior case, the clerk did not stamp the notice as filed. The notice does not appear on the court's electronic filing system. The notice is not part of the certified docket provided by the Washington County Circuit Clerk. Exhibit 12.

On 06/06/2022, the 30-day deadline passed for Lincoln to file an answer with the Washington County Circuit Court under Ark. R. Civ. P. 12(a)(1). Lincoln did not file an answer with the Washington County Circuit Court.

On 06/08/2022, Stacey Pectol, the Clerk of the Arkansas Supreme Court and Court of Appeals, signed an affidavit stating the Lincoln's out-of-state attorney is not licensed to practice law in the state courts of Arkansas.  Exhibit 13.

On 06/09/2022, the office of the Circuit Clerk of Washington County provided a certified copy of the docket showing all filings in this case, which do not include a notice of removal to federal court.  Exhibit 12.

## II.    Law

"A defendant shall file his or her answer within 30 days after the service of summons and complaint upon him or her." Ark. R. Civ. P. 12(a)(1).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court." Ark. R. Civ. P. 55(a).

"If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper and may direct a trial by jury." Ark. R. Civ. P. 55(b).

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Ark. R. Civ. P. 54(c).

"No judgment by default shall be entered against a party in an action removed to federal court and subsequently remanded if that party filed an answer or a motion permitted by Rule 12 in the federal court during removal." Ark. R. Civ. P. 55(f).  But as shown in the *Bourland* decision discussed below, that rule does not apply when the party

attempting to remove the action did not properly "effect" the removal in the first place by filing a notice of the removal in state court.

"The notice of removal of a civil action or proceeding shall be filed within ***thirty days*** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b) (emphasis added).

"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and ***shall file*** a copy of the notice with the clerk of such ***State court***, which shall ***effect*** removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

"We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a ***nullity***." *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, *8 (citations omitted) (emphasis added).

In *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988), the Arkansas Supreme Court held that, where a defendant insurance company filed a notice of removal in federal court but did not file it in state court, the removal was not effected, the insurance company's time to file an answer in state court was not tolled, and a default judgment against the insurance company entered by the state court was affirmed. "While there is no longer a need to comply with state court filing deadlines to avoid default if the case is

7

removed to the federal court, it is clear that removal is ***not effected*** unless the removal documents are ***filed*** promptly with the ***state court***." *Id.* at 491 (emphasis added).

Pre-judgment interest is permitted under ERISA. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330-1331 (8th Cir. 1995); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1009 (8th Cir. 2004). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment." 28 U.S.C. § 1961(a).

## III.    Argument

### A.    Default Judgment

Pursuant to Ark. R. Civ. P. 55(a), the court should enter default judgment against Lincoln because (1) Lincoln improperly attempted to remove this case to federal court by unsuccessfully attempting to file a notice of removal in an Arkansas state court through an unlicensed attorney; (2) the notice of removal, which would have been a nullity under Arkansas law even if filed, was nonetheless not filed with the Washington County Circuit Clerk within the time allowed to do so, or ever; (3) the removal of this case to federal court was therefore never "effected;" and (4) Lincoln did not file an answer with the Washington County Circuit Clerk in this case within the 30 days it was allowed to do so.

### B.    Hearing

Pursuant to Ark. R. Civ. P. 55(b), the court should conduct a hearing to determine the amount of damages and afford other relief, including the following:

The plaintiff pled for "past due long term disability benefits from 02/09/2021 to the date of the judgment." Complaint, Wherefore clause. The court should determine that amount.

The plaintiff pled for "reinstatement of his long term disability benefits and payment of those benefits into the future so long as he remains eligible for those benefits under the terms of the policy." Complaint, Wherefore clause. The court should order Lincoln to resume paying those benefits.

The plaintiff pled for "reasonable attorney's fees." Complaint, Wherefore clause. The court should order that, if the parties are unable to agree on a reasonable fee, the plaintiff will be allowed to file a petition for fees by a date set by the court.

The plaintiff pled for "pre-judgment interest." Complaint, Wherefore clause. Pre-judgment interest is permitted under ERISA. *Mansker, supra,* 54 F.3d at 1330-1331; *Parke, supra,* 368 F.3d at 1009. The rate is determined by the current Treasury yield under 28 U.S.C. § 1961(a), quoted in above part II. The court should award pre-judgment interest from 02/09/2021 to the date of the judgment and determine the rate.

The plaintiff pled for "post-judgment interest." Complaint, Wherefore clause. The rate is also determined by 28 U.S.C. § 1961(a), quoted in above part II. The court should award post-judgment interest from the date of the judgment until the judgment amount is paid.

The plaintiff pled for "costs." Complaint, Wherefore clause. The court should order that, if the parties are unable to agree on costs, the plaintiff will be allowed to file a petition for costs by a date set by the court.

The plaintiff pled for "all other relief to which he is entitled." Complaint, Wherefore clause. The court should award all other relief to which the plaintiff is entitled.

### C.    Retain Jurisdiction

The court should retain jurisdiction until Lincoln complies with the court's orders. The court should not enter a final judgment that would allow Lincoln to simply pay benefits up to the date of the judgment, promptly re-review whether the plaintiff remains disabled and eligible for benefits under the terms of the policy, re-terminate those benefits, and require the plaintiff to file a second lawsuit that would presumably be removed to federal court.

## IV.    Conclusion

The court should enter default judgment against Lincoln, conduct a hearing to determine the amount of the judgment and other relief, and retain jurisdiction until Lincoln complies with the court's orders.

## V.    Exhibits

| | |
|---|---|
| Exhibit 1 | Complaint in prior case |
| Exhibit 2 | Defendant's notice of removal in prior case |
| Exhibit 3 | Plaintiff's motion for remand in prior case |
| Exhibit 4 | Plaintiff's brief in support of motion for remand in prior case |
| Exhibit 5 | Defendant's response to motion for remand in prior case |
| Exhibit 6 | Defendant's brief in support of response to motion for remand in prior case |
| Exhibit 7 | Federal district court's order denying motion for remand in prior case |

Exhibit 8    Eighth Circuit's opinion in prior case

Exhibit 9    Complaint in this case

Exhibit 10    Affidavit of service in this case

Exhibit 11    Fax from defendant to clerk in this case

Exhibit 12    Certified docket in this case

Exhibit 13    Affidavit of Stacey Pectol

Respectfully submitted,

*/s/ Neil Chamberlin*
Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

## CERTIFICATE OF SERVICE

The foregoing was served on the following by ***certified mail, return receipt***

***requested*** on June 9, 2022:

Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252

*/s/ Neil Chamberlin*

11

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2017-Nov-07 17:26:11
23CV-17-1450
C20D03 : 4 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
## _____ DIVISION

**ROGER BROOKS**                                                   **PLAINTIFF**

**V.**                          **NO. _____**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**        **DEFENDANT**

---

## COMPLAINT

---

### I.    Introduction

1.    Roger Brooks brings this action to recover long term disability benefits under an insurance policy pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

2.    In accordance with Ark. R. Civ. P. 10(d), a copy of the policy is not attached for good cause because Brooks' attorney anticipates that the policy will be filed with the court as part of a stipulated record and thus attaching it here would be duplicative.

### II.    Parties

3.    Brooks was a resident of Faulkner County, Arkansas, at the time of the loss described herein.

4.    Liberty Life Assurance Company of Boston ("Liberty") is a foreign corporation. According to records on file with the Arkansas Insurance Department, the registered agent for service of process for this defendant is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201.



**PLAINTIFF'S EXHIBIT**

1

### III.    Jurisdiction & Venue

5.     This court has jurisdiction of the claim under ERISA, 29 U.S.C. § 1132(e)(1), which states that state courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of a civil action brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan, all of which Brooks seeks to accomplish herein.  This court also has jurisdiction under Ark. Code Ann. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts, and this is such an action; and under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution, and this is such a matter.

6.     This court is the proper venue under Ark. Code Ann. § 23-79-204, which states that an action brought by an insured against an insurer as to a loss occurring under an insurance policy shall be brought in either the county in which the loss occurred or the county of the insured's residence at the time of the loss.  Brooks was a resident of Faulkner County, Arkansas, at the time of the loss described herein.

### IV.    Facts

7.     Brooks was an employee of AmeriGas Propane, Inc.

8.     Brooks was insured under a Group Disability Income Policy issued by Liberty.

9. Brooks' own occupation was Area Sales Manager.

10. Brooks' own occupation required him to regularly travel a sales area that included several states.

11. Brooks became unable to perform his own occupation under the terms of the policy.

12. Brooks became unable to perform any occupation under the terms of the policy.

13. Brooks' disabling conditions included diabetic neuropathy; the side effects of Lyrica, including sedation, sluggishness, and the inability to drive; multiple facet arthropathy; and others.

14. According to letters from Liberty, Brooks' last day of work occurred on April 26, 2016.

15. Brooks timely and appropriately submitted a claim to Liberty for long term disability benefits, which Liberty denied by letter dated November 22, 2016.

16. Brooks timely and appropriately submitted an appeal to Liberty of its denial of his claim for long term disability benefits, which Liberty denied by letter dated June 21, 2017.

## V.    Improper Denial of Benefits

17. All allegations herein are incorporated in this count.

18. From April 26, 2016 to the present, Brooks has been disabled and entitled to long term disability benefits under the terms of Liberty's policy.

19.    Liberty wrongfully denied Brooks' claim and appeal, even though Liberty was presented with evidence from Brooks' physicians and others that Brooks was disabled under the terms of the policy.

## VI.    Jury Trial

20.    Brooks demands a trial by jury of any issue triable of right by a jury.

## VII.    Prayer for Relief

WHEREFORE, Brooks prays that the court enter judgment, in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases, in his favor and against Liberty, for all damages suffered and all other damages and relief allowed by law, including without limitation: (1) a judgment requiring Liberty to pay all long term disability benefits accrued by Brooks under the terms of policy and unpaid as of the date of the judgment, with interest; (2) a judgment clarifying Brooks' rights to future long term disability benefits under the terms of the policy and requiring Liberty to continue paying long term disability benefits to Brooks from the date of the judgment forward until he becomes no longer entitled to receive those benefits under the terms of the policy; and (3) an order requiring Liberty to pay reasonable attorney fees and costs.

Respectfully submitted,

/s/ Neil Chamberlin

Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

4

**ELECTRONICALLY FILED**
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2017-Dec-11 13:01:35
23CV-17-1450
C20D03 : 7 Pages

**IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS**
**3RD DIVISION**

ROGER BROOKS,                                                     PLAINTIFF

v.                              CIVIL ACTION NO. 23CV-17-1450

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,            DEFENDANT

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life Assurance Company of Boston ("Defendant"), hereby give notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the Eastern District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the record of this action to the United States District Court, unless and until this action is remanded to this Court. *See* 28 U.S.C. § 1446(d).

Dated this 11th day of December, 2017.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
EM: iwana@rademaekerslaw.com

By: _____
Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

**PLAINTIFF'S EXHIBIT 2**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Priority Mail, Delivery Confirmation requested on the 11th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

Iwana Rademaekers

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT                                        2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 1 2017

## UNITED STATES DISTRICT COURT JAMES W. McCORMACK, CLERK
## EASTERN DISTRICT OF ARKANSAS By:_____
## WESTERN DIVISION                               DEP CLERK

**ROGER BROOKS,**                                    **PLAINTIFF**

**v.**                  CIVIL ACTION NO. 4:17cr817-SWW

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**        **DEFENDANT**

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Liberty Life Assurance Company of

Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit

Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of

Arkansas, Western Division. In support of the instant Notice of Removal, Defendant respectfully

states unto the Court the following:

1.     The instant action was commenced against Defendant on or about November 7, 2017,

in the Circuit Court of Faulkner County, Arkansas as Civil Action No. 23CV-17-1450.

2.     Plaintiff is seeking to recover long term disability benefits under 29 U.S.C.

§ 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a

participant by virtue of his employment with AmeriGas Propane, Inc. ("AmeriGas")[1] The benefit

plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of

the Employee Retirement Income Security Act ("ERISA").[2] Defendants hereby submit that federal

jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.     The Circuit Court of Pulaski County, Arkansas, is within the United States District

Court for the Eastern District of Arkansas, Western Division, to which this action is removable.

---

[1]  *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]  *See* ¶¶ 1, 7, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A"

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

EXHIBIT
A

4.      Defendant Liberty Life Assurance Company of Boston was served with this lawsuit on November 9, 2017. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

12/11/2017    13:01 PM PST        TO:150145049458    FROM:4694446456        Page:    6

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]    *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[5]    *See* ¶¶ 1 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

DEFENDANT'S NOTICE OF REMOVAL                                                            3

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 21 of 85 PageID #:
12/11/2017    13:01 PM PST        TO:15014504948  FROM:4694446456              Page:    7
                             309
        Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 4 of 16

10.     Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.     Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.     By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.     A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

Case 5:22-cv-05102-TLB   Document 11-2   Filed 07/14/22   Page 22 of 85 PageID #:

Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 5 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by US Priority Mail, Delivery Confirmation requested on the 7th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201

Iwana Rademaekers

DEFENDANT'S NOTICE OF REMOVAL                                                    5

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 23 of 85 PageID #:
311
Case 4:17-cv-00817-JLH   Document 9   Filed 12/21/17   Page 1 of 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER BROOKS                                                        PLAINTIFF

V.                              NO. 4:17-CV-00817-JLH

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON            DEFENDANT

---

## ROGER BROOKS' MOTION FOR REMAND

---

1.      On November 7, 2017, Roger Brooks filed a complaint in the Circuit Court of Faulkner County against Liberty Life Assurance Company of Boston ("Liberty") seeking long term disability benefits and related relief. Document 2.

2.      On November 9, 2017, Brooks served a summons and complaint on Liberty by hand service on Liberty's registered agent. Document 7-1.

3.      On December 11, 2017, Liberty filed herein a Defendant's Notice of Removal, removing this case from the Circuit Court of Faulkner County to this court, pursuant to 28 U.SC. § 1446, which sets forth the procedure for removal. Document 1.

4.      On December 11, 2017, Liberty filed with the Circuit Court of Faulkner County a Defendants' Notice of Filing Notice of Removal of Action to Federal Court, as part of the procedure for removal required by 28 U.S.C. § 1446(d). Exhibit 1.

5.      Although Liberty's attorney is approved to practice in the U.S. District Court for the Eastern District of Arkansas, as Brooks' attorney was orally advised by the office of the U.S. District Court Clerk, Liberty's attorney is not licensed to practice in the State of Arkansas or in its circuit courts, as shown by the attached Affidavit of Stacey Pectol, Clerk of the Arkansas Supreme Court and Court of Appeals. Exhibit 2.



PLAINTIFF'S
EXHIBIT
3

6.    Liberty's filing with the Circuit Court of Faulkner County, having not been filed by an attorney licensed to make that filing, is a nullity, in which case Liberty did not strictly comply with the procedure for removal in the federal removal statute, 28 U.S.C. § 1446(d).

7.    Because Liberty was required to strictly comply with the procedure for removal in the federal removal statute, 28 U.S.C. § 1446(d), and because federal courts are required to resolve all doubts about federal jurisdiction in favor of remand, this court should remand this case to the Circuit Court of Faulkner County.

8.    The remand requested herein is required by 28 U.S.C. § 1447(c).

9.    Liberty also did not timely file or serve its answer.  Brooks served the summons and complaint on Liberty on November 9, 2017.  Document 7-1.  Liberty was required to file its answer within 30 days thereafter under Ark. R. Civ. P. 12(a)(1) or serve its answer within 21 days thereafter under Fed. R. Civ. P. 12(a)(1)(A), but Liberty filed and served its answer on December 18, 2017, which was 39 days thereafter.

10.    These exhibits are submitted herewith:

    Exhibit 1    Defendant's Notice of Filing Notice of Removal of Action to Federal Court

    Exhibit 2    Affidavit of Stacey Pectol

WHEREFORE, Roger Brooks moves the court to remand this case to the Circuit Court for Faulkner County.

Respectfully submitted,

/s/ Neil Chamberlin
Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201

2

Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

## CERTIFICATE OF SERVICE

On December 21, 2017, the foregoing was electronically filed with the Clerk of Court by using the electronic filing system, which shall send notice of the filing to:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, TX 75254
Tel: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

/s/ Neil Chamberlin

3

## Law Offices of Iwana Rademaekers, P.C.

14785 Preston Road, Suite 550
Dallas, TX 75254
(214) 579-9319
(469) 444-6456 (FAX)

iwana@rademaekerslaw.com
Direct: (214) 564-9542

December 11, 2017

***VIA FACSIMILE (501-450-4948)***
Circuit Clerk
Circuit Court of Faulkner County
P.O. Box 9
Conway AR 72033

Re:   *Roger Brooks v. Liberty Life Assurance Company of Boston, Faulkner County Circuit Court Case No. 23CV-17-1450*

Dear Clerk:

Pursuant to my assistant's conversation with Bekah of your office, attached for a one-time paper filing in the above-referenced matter is *Defendant's Notice of Filing Notice of Removal of Action to Federal Court.* By copy of this letter, copies of the enclosed have been forwarded to all counsel of record US Priority Mail.

Thank you for your assistance. If you have any questions, please call.

Sincerely,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

Iwana Rademaekers

IR/sa
Attachment

cc:   **US Priority Mail (Delivery Confirmation Requested)
      and Via Electronic Mail (neil@mcmathlaw.com)**
      Neil Chamberlin, Esq.
      McMath Woods, P.A.
      711 West Third Street
      Little Rock, AR 72201

EXHIBIT __1__

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
3RD DIVISION

ROGER BROOKS,                                                    PLAINTIFF

v.                          CIVIL ACTION NO. 23CV-17-1450

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,        DEFENDANT

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life Assurance Company of Boston ("Defendant"), hereby give notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the Eastern District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the record of this action to the United States District Court, unless and until this action is remanded to this Court. *See* 28 U.S.C. § 1446(d).

Dated this 11th day of December, 2017.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
EM: iwana@rademaekerslaw.com

By: _____
     Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Priority Mail, Delivery Confirmation requested on the 11th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

Iwana Rademaekers

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT                                    2

Case 5:22-cv-05102-TLB   Document 11-2   Filed 07/14/22   Page 29 of 85 PageID #: 317
Case 4:17-cv-00817-JLH   Document 9   Filed 12/21/17   Page 7 of 13
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 1 of 6

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2017

UNITED STATES DISTRICT COURT   JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS   By:_____
WESTERN DIVISION                              DEP CLERK

ROGER BROOKS,                                                      **PLAINTIFF**

v.                                         CIVIL ACTION NO. 4:17-cv817-SWW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,        **DEFENDANT**

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division. In support of the instant Notice of Removal, Defendant respectfully states unto the Court the following:

1.       The instant action was commenced against Defendant on or about November 7, 2017, in the Circuit Court of Faulkner County, Arkansas as Civil Action No. 23CV-17-1450.

2.       Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas Propane, Inc. ("AmeriGas")[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2] Defendants hereby submit that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.       The Circuit Court of Pulaski County, Arkansas, is within the United States District Court for the Eastern District of Arkansas, Western Division, to which this action is removable.

---

[1]   *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]   *See* ¶¶ 1, 7, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A"

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

EXHIBIT

A

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 30 of 85 PageID #: 318
Case 4:17-cv-00817-JLH   Document 9   Filed 12/21/17   Page 8 of 13
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 2 of 16

4.      Defendant Liberty Life Assurance Company of Boston was served with this lawsuit on November 9, 2017. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]   *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

DEFENDANT'S NOTICE OF REMOVAL                                                                    2

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 31 of 85 PageID #: 319

Case 4:17-cv-00817-JLH    Document 9    Filed 12/21/17    Page 9 of 13
Case 4:17-cv-00817-SWW    Document 1    Filed 12/11/17    Page 3 of 16

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]   *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[5]   *See* ¶¶ 1 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

<u>DEFENDANT'S NOTICE OF REMOVAL</u>                                                                     3

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 32 of 85 PageID #: 320
Case 4:17-cv-00817-JLH    Document 9    Filed 12/21/17    Page 10 of 13
Case 4:17-cv-00817-SWW    Document 1    Filed 12/11/17    Page 4 of 16

10.    Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.    Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.    By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.    A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

Case 5:22-cv-05102-TLB     Document 11-2     Filed 07/14/22     Page 33 of 85 PageID #: 321

Case 4:17-cv-00817-JLH   Document 9   Filed 12/21/17   Page 11 of 13
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 5 of 16

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by US Priority Mail, Delivery Confirmation requested on the 7th day of December, 2017.

> Neil Chamberlin, Esq.
> McMath Woods, P.A.
> 711 West Third Street
> Little Rock, AR 72201

Iwana Rademaekers

## AFFIDAVIT OF STACEY PECTOL

Comes Stacey Pectol, in her official capacity as Clerk of the Arkansas Supreme Court and Court of Appeals, and states under oath as follows:

1.    I am the Clerk of the Arkansas Supreme Court and Court of Appeals, and I am competent to testify as to the matters stated herein.

2.    My office is responsible for maintaining the roster of attorneys licensed to practice law in the State of Arkansas.

3.    I received an inquiry regarding whether Iwana Rademaekers is an attorney licensed to practice law in the State of Arkansas.

4.    Pursuant to the inquiry, I have searched the roster of licensed attorneys maintained in my office.  That search revealed no records regarding anyone named Iwana Rademaekers.

5.    Therefore, it appears that there is no Iwana Rademaekers licensed to practice law in the state.

FURTHER AFFIANT SAYETH NAUGHT.

EXHIBIT _____ 2

1 of 2

_____
STACEY PECTOL, CLERK
ARKANSAS SUPREME COURT and
COURT OF APPEALS

12-18-17
_____
Date

STATE OF ARKANSAS
COUNTY OF PULASKI

On this the 18th day of December, 2017, before me _Dani Nielsen_, the undersigned officer, personally appeared Stacey Pectol, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Deputy Clerk

Printed Name: ___Dani Nielsen___
My Commission Expires: Upon termination of employment. *See* Ark. Code Ann. §
16-20-205 (Repl. 1999).

2 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROGER BROOKS**                                                           **PLAINTIFF**

**V.**                            **NO. 4:17-CV-00817-JLH**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**            **DEFENDANT**

---

### ROGER BROOKS' BRIEF IN SUPPORT OF MOTION FOR REMAND

---

The court should remand this case to the Circuit Court of Faulkner County in accordance with the below law and argument.

### Law

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [*28 USCS § 1446(a)*]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds*, 478 F.3d 965, 968 (8th Cir. 2007) (citation omitted); *see also* 14B C. Wright & A. Miller, Federal Practice and Procedure § 3721 at 66-80 n.115-117 (4th ed. 2009) (listing cases).



PLAINTIFF'S EXHIBIT

4

"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

"We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity." *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, ___ (citations omitted).

### Argument

Liberty was required by the federal removal statute to file a notice of removal in the Circuit Court of Faulkner County. 28 U.S.C. § 1446(d). Liberty's attorney filed that notice with the Circuit Court of Faulkner County. Exhibit 1. Liberty's attorney, however, is not licensed to practice in the state courts of Arkansas, which include the Circuit Court of Faulkner County. Exhibit 2. That renders the notice of removal that Liberty filed in the Circuit Court of Faulkner County a nullity. *Desoto*, 2017 Ark. at ___. Consequently, Liberty did not strictly comply with the federal removal statute. Liberty also did not timely file or serve an answer. Because this court must resolve all doubts about federal jurisdiction in favor of remand and strictly construe the federal removal statute, *Dahl*, 478 F.3d at 968, this court should remand this case to the Circuit Court of Faulkner County.

Respectfully submitted,

*/s/ Neil Chamberlin*

Neil Chamberlin, # 93222

2

MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

## CERTIFICATE OF SERVICE

On December 21, 2017, the foregoing was electronically filed with the Clerk of Court by using the electronic filing system, which shall send notice of the filing to:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, TX 75254
Tel: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

/s/ Neil Chamberlin

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ROGER BROOKS,**                                                                          **PLAINTIFF**

    **v.**                                    **CIVIL ACTION NO. 4:17cv00817-JLH**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**                    **DEFENDANT**

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Response to Plaintiff's Motion for Remand.

### INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas Propane, Inc.[1]  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  Federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, and defendant timely and properly removed the action to federal court on December 11, 2017.  Plaintiff filed a Motion for Remand on December 21, 2017, in which he does not dispute that he is pursuing claims under ERISA.  Plaintiff's sole basis for remand is the argument that Liberty Life's counsel is not licensed to practice law in Arkansas state court. However, as detailed in the Brief in Support of this Motion, this argument does not support remand and removal of this action was proper.

---

[1]  *See* **Paragraphs 1 and 7 of Plaintiff's Complaint.**



PLAINTIFF'S
EXHIBIT

5

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 40 of 85 PageID #:
328
Case 4:17-cv-00817-JLH    Document 16    Filed 01/29/18    Page 2 of 2

## CONCLUSION

For the reasons set forth above and in the Brief in Support, Liberty Life requests that the

Court enter an **Order Denying Plaintiff's Motion** for Remand and granting Liberty Life such other

relief to which it may show itself entitled.

Dated this 29th day of January, 2018.

Respectfully submitted,

By:   /s/ Iwana Rademaekers
      Iwana Rademaekers (Texas Bar # 16452560)
      LAW OFFICES OF IWANA RADEMAEKERS, P.C.
      14785 Preston Road, Suite 550
      Dallas, Texas 75254
      Main:  (214) 579-9319
      Fax:  (469) 444-6456
      Email:  iwana@rademaekerslaw.com

      ATTORNEYS FOR LIBERTY LIFE
      ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with
the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing
system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the
following attorneys of record who have consented in writing to accept this Notice as service of this
document by electronic means, as follows:

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

January 29, 2018                          /s/ Iwana Rademaekers
Date                                      Iwana Rademaekers

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND        2

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 41 of 85 PageID #:
329
Case 4:17-cv-00817-JLH    Document 17    Filed 01/29/18    Page 1 of 7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ROGER BROOKS,**                                                                        **PLAINTIFF**

v.                                    **CIVIL ACTION NO. 4:17cv00817-JLH**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**                      **DEFENDANT**

### DEFENDANT'S BRIEF IN SUPPORT OF ITS
### RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Brief in

Support of its Response to Plaintiff's Motion for Remand.

### INTRODUCTION AND FACTUAL BACKGROUND

1.      Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. §

1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a

participant by virtue of his employment with AmeriGas Propane, Inc.[1] The benefit plan at issue is an

"employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee

Retirement Income Security Act ("ERISA"). Federal jurisdiction is proper based on the grounds of

federal question jurisdiction, 28 U.S.C. § 1331, and defendant timely and properly removed the

action to federal court on December 11, 2017. Plaintiff filed a Motion for Remand on December 21,

2017, in which he does not dispute that he is pursuing claims under ERISA. **Plaintiff's sole basis for**

remand is the argument that Liberty Life's counsel is not licensed to practice law in Arkansas state

court. However, as detailed below, this argument does not support remand and removal of this

action was proper.

---

[1]      *See* **Paragraphs 1 and 7 of Plaintiff's Complaint.**


**PLAINTIFF'S EXHIBIT**
6

## ARGUMENT

2.      As stated in Liberty Life's Notice of Removal, District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[2] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

3.      Plaintiffs' claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

4.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his

---

[2]   *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363,

employment with AmeriGas Propane, Inc.[3] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiffs are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Complaint"[4] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Moreover, Plaintiff has admitted the application of ERISA to his claims and does not appear to dispute subject matter jurisdiction in this Court. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

5.    In his Motion for Remand, Plaintiff does not appear to dispute that this Court has subject matter jurisdiction of this case, but rather, the sole argument made by Plaintiff in support of remand is the argument that Liberty Life's counsel is not licensed to practice law in Arkansas state court and the filing of the Notice of Filing of Notice of Removal in the underlying state court action pursuant to 28 U.S.C. § 1446(d) should be ignored. Plaintiff does not dispute that the state court Notice was timely filed or defective in format; Plaintiff's only complaint is that counsel for

---

2368 (2005).
[3]    *See* Paragraphs 1 and 7 of Plaintiff's Complaint.
[4]    *See* Paragraphs 1 and 5 of Plaintiff's Complaint.

Defendant should not have been permitted to file the Notice. However, as further described below, the Court Clerk was apprised of the situation and specifically granted counsel permission to file the Notice.

6.    On or about November 29, 2017, **Defendant's counsel's assistant**, Sandra Acker, contacted the Circuit Clerk of Faulkner County, Arkansas, and spoke with Bekah Donohue, a Deputy Clerk in that office. Ms. Acker **advised Ms. Donahue that Defendant's counsel** did not have the ability to electronically file the document, as she is located out of state and was not signed up for electronic filing. Ms. Acker also stated that **Defendant's counsel** did not desire to be entered as counsel in the case and the filing would be a one-time filing of a notice of removal of the circuit court case to federal court. Accordingly, Ms. Donohue advised Ms. Acker that the County Circuit Clerk would accept the one-time fax filing from Ms. Rademaekers for this purpose. On December 11, 2017, Ms. Donohue received a document via facsimile from **Defendant's counsel** titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in Civil Action No. 23CV-17-1450. This document was accepted for filing and stamped by the Faulkner County Circuit Court as received and filed at 13:01:35 on December 11, 2017 in Case Number 23CV-17-1450. *See,* Affidavit of Bekah Donohue, attached hereto as Exhibit A.

7.    Accordingly, this filing has been accepted by the Clerk in the State Action and was filed under Ark. R. Civ. P. 6(c). Attached hereto as Exhibit B is file-stamped copy of the Notice filed in the State Action and the Faulkner County Circuit Court's docket report showing acceptance of the filing. To date, the Notice has not been unfiled or otherwise rejected by the Court in the State Action. Therefore, Liberty Life was in full compliance with the requirement that Defendant give

written notice of the Removal to all adverse parties and to file a copy of the notice with the clerk of the State Court, pursuant to 28 U.S.C. § 1446(d).

8.      Although it does not appear to be offered as an additional basis for Remand, Plaintiff also makes the additional assertion in his Motion that Liberty Life did not timely file or serve its answer.  However, this statement by Plaintiff is simply not true.  Liberty Life was served with this lawsuit in the State Action on November 9, 2017.  While it is correct that Arkansas state law requires a party to file its answer or responsive pleading within 30 days after service, Liberty Life would show this Court that Ark. R. Civ. P. 6(c) also provides that, "The last day of the period so computed shall be included, <u>unless it is a Saturday</u>, Sunday, legal holiday, or other day when the clerk's office is closed, <u>in which event the period runs until the end of the next day that the clerk's office is open</u>." (emphasis added).  Therefore, since 30 days after the November 9, 2017, date of service on Liberty Life falls on <u>Saturday</u>, December 9, 2017, Liberty Life's answer or responsive pleading was not due in the State Action until December 11, 2017.  Accordingly, the Notice of Filing Notice of Removal of Action to Federal Court was filed in the State Action on December 11, 2017, and was timely under Arkansas state rules (a file-stamped copy of Defendant's Notice of Filing Notice of Removal of Action to Federal Court is attached as Exhibit B).  Further, although 28 U.S.C. § 1446(b) allows an action to be removed to federal court within 30 days after service of the State Action, Fed. R. Civ. P. 6(a)(1)(C) provides that when computing time, one must "include the last day of the period, <u>but if the last day is a Saturday</u>, Sunday, or legal holiday, <u>the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday</u>." (emphasis added).  Accordingly, Liberty Life's Notice of Removal was filed in this Court on December 11, 2017, which was the first business day following thirty (30) days of it being served with process, as allowed by 28 U.S.C. § 1446(b),

DEFENDANT'S BRIEF IN SUPPORT OF ITS
RESPONSE TO PLAINTIFF'S MOTION FOR REMAND                                                        5

and was timely pursuant to Fed. R. Civ. P. 6(a)(1)(C). Additionally, Fed. R. Civ. P. 81(c)(2) provides that "A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving...; (B) 21 days after being served...; or (C) 7 days after the notice of removal is filed." (emphasis added). Accordingly, Liberty Life filed its Answer on December 18, 2017, which was clearly within "7 days after notice of removal [was] filed," as allowed by Fed. R. Civ. P. 81(c)(2), and timely under those rules. Plaintiff's assertion that Liberty Life would somehow have been required to file its answer within 21 days after service under Fed. R. Civ. P. 12(a)(1)(A), is completely nonsensical, as this case was non-existent in Federal Court prior to its removal to this Court. As such, an answer in federal court "within 21 days" under Fed. R. Civ. P. 12(a)(1) would have been an impossibility, and the requirement to do so in contravention to Fed. R. Civ. P. 6(a)(1)(C), which allows for the answer in a removed action to be filed within 7 days after removal from state court. In sum, Liberty Life was not in default of filing its responsive pleading in the State Action at the time of removal to this Court, as Liberty Life filed its Notice of Filing Notice of Removal to Federal Court, in the Circuit Court of Faulkner County on December 11, 2017.

Liberty Life requests that the Court enter an Order Denying Plaintiff's Motion for Remand and granting Liberty Life such other relief to which it may show itself entitled.

Dated this 29th day of January, 2018.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS
RESPONSE TO PLAINTIFF'S MOTION FOR REMAND**                                                6

Respectfully submitted,

By:___/s/ Iwana Rademaekers_____
        Iwana Rademaekers (Texas Bar # 16452560)
        LAW OFFICES OF IWANA RADEMAEKERS, P.C.
        14785 Preston Road, Suite 550
        Dallas, Texas 75254
        Main: (214) 579-9319
        Fax: (469) 444-6456
        Email: iwana@rademaekerslaw.com

        ATTORNEYS FOR LIBERTY LIFE
        ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

___January 29, 2018_____          ___/s/ Iwana Rademaekers_____
Date                                 Iwana Rademaekers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER BROOKS,                                                    PLAINTIFF

v.                              CIVIL ACTION NO. 4:17cv00817-JLH

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,              DEFENDANT

## AFFIDAVIT OF BEKAH DONOHUE

Before the undersigned, an officer duly authorized by law to administer oaths, personally

appeared Bekah Donohue, who, on oath, deposes and states as follows:

1.      I, Bekah Donohue, serve as a Deputy Clerk for the Circuit Clerk of Faulkner

County, Arkansas. I am more than 21 years of age and am competent to testify to the matters

contained herein. My personal knowledge, as well as the files and records maintained by the

Faulkner County Circuit Clerk in the ordinary course of business, form the basis of this affidavit.

2.      As part of my responsibilities for the Faulkner County Circuit Clerk, I am familiar

with the procedures for accepting documents for filing in the Circuit Court of Faulkner County,

Arkansas. I am also personally familiar with the acceptance of the filing made on behalf of

Defendant, Liberty Life Assurance Company of Boston, in this Court on December 11, 2017, in

Case No. 23CV-17-1450.

3.      On or about November 29, 2017, Sandra Acker, an employee of the Law Offices

of Iwana Rademaekers, P.C., contacted our office regarding the need to file a document in a case

in this Court. Ms. Acker stated that counsel did not have the ability to electronically file the

document, as she is located out of state and was not signed up for electronic filing. Since

Ms. Acker also stated that Ms. Rademaekers did not desire to be entered as counsel in the case

and the filing was a one-time filing of a notice of removal of the circuit court case to federal

> EXHIBIT
>
> ___A___

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 49 of 85 PageID #:
337
Case 4:17-cv-00817-JLH   Document 17-1   Filed 01/29/18   Page 2 of 2

court, I advised Ms. Acker that the County Circuit Clerk would accept the one-time fax filing from Ms. Rademaekers for this purpose.

4.    On December 11, 2017, I received a document via facsimile from Ms. Rademaekers titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in Civil Action No. 23CV-17-1450. This document was accepted for filing and stamped by the Faulkner County Circuit Court as received and filed at 13:01:35 on 2017-Dec-11 in case number 23CV-17-1450.

FURTHER AFFIANT SAYETH NAUGHT.

Bekah Donohue

Sworn to and subscribed before me,
this 28 day of January , 2018.

Notary Public
My Commission Expires: 10/26/2021



ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2017-Dec-11 13:01:35
23CV-17-1450
C20D03 : 7 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### 3RD DIVISION

ROGER BROOKS,                                                        PLAINTIFF

v.                              CIVIL ACTION NO. 23CV-17-1450

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,                DEFENDANT

### DEFENDANT'S NOTICE OF FILING NOTICE OF
### REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life

Assurance Company of Boston ("Defendant"), hereby give notice of the filing of a Notice of

Removal, removing this action from this Court to the United States District Court for the Eastern

District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is

attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the

record of this action to the United States District Court, unless and until this action is remanded to

this Court. *See* 28 U.S.C. § 1446(d).

Dated this 11th day of December, 2017.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
EM:  iwana@rademaekerslaw.com

By: _____
    Iwana Rademaekers (Texas Bar # 16452560)

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

EXHIBIT

B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Priority Mail, Delivery Confirmation requested on the 11th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

Iwana Rademaekers

DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT                                    2

12/11/2017   13:01 PM PST        TO:15014504948   FROM:4694446456            Page:   4
Case 4:17-cv-00817-JLH   Document 7-2   Filed 01/29/18   Page 3 of 6

Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 1 of 6

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 1 2017

UNITED STATES DISTRICT COURT   JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS   By:_____
WESTERN DIVISION                                 DEP CLERK

ROGER BROOKS,                                                    **PLAINTIFF**

v.                              CIVIL ACTION NO. 4:17-cv817-SWW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,              **DEFENDANT**

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Liberty Life Assurance Company of
Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit
Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of
Arkansas, Western Division. In support of the instant Notice of Removal, Defendant respectfully
states unto the Court the following:

1.      The instant action was commenced against Defendant on or about November 7, 2017,
in the Circuit Court of Faulkner County, Arkansas as Civil Action No. 23CV-17-1450.

2.      Plaintiff is seeking to recover long term disability benefits under 29 U.S.C.
§ 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a
participant by virtue of his employment with AmeriGas Propane, Inc. ("AmeriGas")[1] The benefit
plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of
the Employee Retirement Income Security Act ("ERISA").[2] Defendants hereby submit that federal
jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.      The Circuit Court of Pulaski County, Arkansas, is within the United States District
Court for the Eastern District of Arkansas, Western Division, to which this action is removable.

---

[1]   See ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]   See ¶¶ 1, 7, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A" Wright

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

EXHIBIT

A

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 53 of 85 PageID #:
12/11/2017   13:01 PM PST        TO:15014504948    FROM:4694446456              Page:    5
Case 4:17-cv-00817-JLH   Document 1-2   Filed 01/29/18   Page 4 of 10
Case 4:17-cv-00817-SWW   Document 1   Filed 12/11/17   Page 2 of 16

4.      Defendant Liberty Life Assurance Company of Boston was served with this lawsuit on November 9, 2017. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]   *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

DEFENDANT'S NOTICE OF REMOVAL                                                         2

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with AmeriGas.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]    *See* ¶ 7 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

[5]    *See* ¶¶ 1 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

<u>DEFENDANT'S NOTICE OF REMOVAL</u>                                                                 3

10.    Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.    Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.    By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.    A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

**DEFENDANT'S NOTICE OF REMOVAL**                                    4

Case 5:22-cv-05102-TLB    Document 11-2    Filed 07/14/22    Page 56 of 85 PageID #:
384
Case 4:17-cv-00817-JLH    Document 17-2    Filed 01/29/18    Page 7 of 10
Case 4:17-cv-00817-SWW    Document 1    Filed 12/11/17    Page 5 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by US Priority Mail, Delivery Confirmation requested on the 7th day of December, 2017.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201

_____
Iwana Rademaekers

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER BROOKS                                                                    PLAINTIFF

v.                                            NO. 4:17CV00817 JLH

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON                                                                       DEFENDANT

## ORDER

This is an ERISA case that Roger Brooks commenced in the Circuit Court of Faulkner County, Arkansas. The defendant, Liberty Life Assurance Company of Boston, removed the action to this Court. Brooks has moved to remand the action because Liberty's lawyer was not admitted to practice in the state courts of Arkansas when the notice of removal was filed in the circuit court. In response, Liberty has submitted an affidavit from a deputy clerk in the circuit court who testified that she received an inquiry from Liberty's lawyer and agreed to accept filing a notice of removal.

Brooks relies on *Desoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, 531 S.W.3d 396 (2017), where the court reiterated its longstanding principle that when a person who is not licensed to practice law in Arkansas attempts to represent the interests of another by submitting himself to the jurisdiction of a court, the pleadings filed by that person are a nullity. *Id.* at *9, 531 S.W.3d at 402. Here, however, Liberty was not submitting itself to the jurisdiction of the state courts. To the contrary, it was giving notice that it was removing the case to federal court and submitting to jurisdiction here. Liberty's lawyer was authorized to practice in the Eastern District of Arkansas at the time the removal papers were filed. Because Liberty was submitting to the jurisdiction of this Court and because its lawyer was authorized to practice in this Court, the notice of removal was not a nullity. The motion to remand is therefore DENIED. Document #9.



PLAINTIFF'S
EXHIBIT
7

Case 5:22-cv-05102-TLB   Document 11-2    Filed 07/14/22    Page 58 of 85 PageID #:
346
Case 4:17-cv-00817-JLH   Document 18   Filed 02/07/18   Page 2 of 2

IT IS SO ORDERED this 7th day of February, 2018.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

# United States Court of Appeals
## For the Eighth Circuit

---

No. 18-2612

---

Roger Brooks

*Plaintiff - Appellant*

v.

Liberty Life Assurance Company of Boston

*Defendant - Appellee*

---

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

---

Submitted: June 14, 2019
Filed: September 10, 2019

---

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

---

STRAS, Circuit Judge.

This case was removed to federal court by an attorney who was not licensed to practice in the state court where it was originally filed. Even so, we conclude that the removal was effective.

**PLAINTIFF'S EXHIBIT**

_8_

Roger Brooks sued Liberty Life Assurance of Boston in Arkansas state court to recover long-term disability benefits that he claimed the company should have paid. Liberty Life's attorney, who is not licensed in Arkansas, then filed a notice of removal in federal court and faxed a copy of it to the Arkansas state court in which the action had been pending. The state-court deputy clerk knew that Liberty Life's attorney was not licensed to practice there, but she accepted the notice anyway and stamped it "FILED."

Brooks urged the district court[1] to remand the case. According to Brooks, the notice of removal was ineffective because Liberty Life's attorney lacked authority, without an Arkansas license, to file the notice in state court, even though she had a license to practice in federal court. The court refused to remand and, after briefing on the merits, granted judgment to Liberty Life. Brooks challenges only the denial of his remand motion, which presents a question of statutory interpretation that we review de novo. *See Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012).

The first step in removing a case is "fil[ing] . . . a notice of removal" in federal court. 28 U.S.C. § 1446(a). There is no dispute that Liberty Life's attorney completed this step. Once a notice of removal is filed in federal court, the second step is to "[p]romptly . . . file a copy of the notice with the clerk of [the] State court, which shall effect the removal." *Id.* § 1446(d); *see also Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("[R]emoval is effected when the notice of removal is filed with the state court and at no other time."). The potential problem lies here: did Liberty Life's attorney "file a copy of the notice" in state court?

On these facts, we conclude that she did. Once the deputy clerk stamped the notice "FILED," Liberty Life had done all it needed to do under the federal removal

---

[1] The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

-2-

statute. To "file" a document requires it to be "enter[ed] . . . as an official record," which is what occurred here. *The American Heritage Dictionary of the English Language* 657 (5th ed. 2011); *see also Webster's Third New International Dictionary* 849 (2002) (defining the word "file" as "deliver[ing] . . . a legal paper . . . to the proper officer for keeping on file or among the records of [her] office"); *Black's Law Dictionary* 773 (11th ed. 2019) ("filing" refers to "the act or an instance of submitting or lodging a document with a court clerk or record custodian").[2]

It makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute. And the federal statute is clear: removal is effective upon "*fil[ing]* a copy of the notice [of removal] with the clerk of [the] State court," regardless of how state law might treat the notice after it is filed. 28 U.S.C. § 1446(d) (emphasis added); *see also Anthony*, 76 F.3d at 214.

We accordingly affirm the judgment of the district court.

---

[2]It is unnecessary to decide whether the simple act of delivering the notice to the deputy clerk would have been good enough on its own to "file" it. Here, the act of stamping it "FILED" removed any doubt that the deputy clerk made the notice a part of the state-court record.

-3-

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-May-02  12:14:14
72CV-22-1012
C04D01 : 12 Pages

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## _____ DIVISION

JOHN PLUMMER                                                      PLAINTIFF

V.                              NO. _____

LINCOLN LIFE ASSUANCE COMPANY OF BOSTON              DEFENDANT

## COMPLAINT

### Introduction

1.      John Plummer ("Plummer") brings this action to recover long term disability ("LTD") benefits under a Group Disability Income Policy issued by Lincoln Life Assurance Company of Boston ("Lincoln") and to obtain other relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

### Parties

2.      Plummer was at the time of the events described herein and is now a citizen of Washington County, Arkansas.

3.      Lincoln is a domestic corporation, organized by the laws of Massachusetts, with its principal place of business in Boston, Massachusetts, which may be served with process at:

> Lincoln Life Assurance Company of Boston
> c/o Corporation Service Company
> 300 Spring Building, Suite 900
> 300 Spring Street, Little Rock, AR 72201



PLAINTIFF'S
EXHIBIT
9

## Jurisdiction

4.     This court has jurisdiction under Ark. Code Ann. § 16-13-201(a) and the Arkansas Constitution, Amendment 80, § 6(A), each of which state that circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution. This is a justiciable matter not otherwise assigned pursuant to the Arkansas Constitution. This court also has jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1), which states that state courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of a civil action brought by a participant or beneficiary to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan.

## Venue

5.     This court is the proper venue under Ark. Code Ann. § 23-79-204, which states that an action brought by an insured against an insurer as to a loss occurring under an insurance policy shall be brought in either the county in which the loss occurred or the county of the insured's residence at the time of the loss. Plummer was a resident of Washington County, Arkansas, at the time of the loss described herein.

## Facts

6.     Lincoln issued a Group Disability Income Policy to Walmart Inc. Lincoln Claim File at 38.

7.     The policy provided short term disability ("STD") benefits and long term disability ("LTD") benefits to employees of Walmart Inc.

8.     Plummer was a covered person under the policy.

2

9.    From 2002 until 2019, Plummer worked for Walmart Inc. in various capacities as a senior manager and director. Lincoln Claim File at 1, 1048-1049, 1584.

10.    As of the date of his disability discussed herein, Walmart Inc. had assigned to Plummer the occupation of "TBC Tire Tech," and Lincoln considered that to be Plummer's occupation for all purposes discussed herein under the terms of its policy. Lincoln Claim File at 1, 6, 7, 8, 9, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 183, 194, 246, 251, 286, 1017, 1024, 1380, 1391.

11.    According to Lincoln, the physical demands of Plummer's occupation as a TBC Tire Tech were "heavy." Lincoln Claim File at 1, 25, 215, 1391.

12.    The Dictionary of Occupational Titles, published by the United States Department of Labor, states "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).

13.    On 01/22/2019, Plummer became disabled under the terms of Lincoln's policy, due in large part to the varied physical diagnoses discussed below and the side effects of pain and pain medications related to those diagnoses. Lincoln Claim File at 1, 1367.

14.    Lincoln or one of its affiliated companies paid STD benefits to Plummer until those benefits expired.

15.    On 07/24/2019, Plummer wrote in an Activities Questionnaire, completed at Lincoln's request, that he could not engage in gainful employment because of, among other things, neck and shoulder pain, poor memory, and confusion. Claim File at 1474.

3

16.    On 07/30/2019, Plummer became eligible to begin receiving LTD benefits from Lincoln, and Lincoln commenced paying LTD benefits to him.  Lincoln Claim File at 1, 1367.

17.    On 08/06/2019 and 08/20/2019, Lonna Shay Bufford, M.D., Plummer's family practice physician, wrote that Plummer experienced pain in multiple joints, elbows, wrists, shoulders, and the neck.  Lincoln Claim File at 772, 1199, 1401.

18.    On 08/21/2019, Debra Albert, RN, a Nurse Disability Consultant working for Lincoln, wrote in a Nursing Memorandum that Plummer had undergone three left shoulder surgeries since 2015 [correctly two right shoulder surgeries and one left shoulder surgery]; that records from Christopher Arnold, M.D., Plummer's treating orthopedic surgeon, stated that Plummer reported he had been in a car wreck in 2019 and reported ongoing pain in his left shoulder; and that records from Dr. Bufford, Plummer's above-mentioned treating family practice physician, stated that Plummer complained of joint pain in the right shoulder, elbow, write, and upper back, had restrictions and limitations of not lifting, pushing, or pulling greater than 10 pounds with the left arm and 20 pounds with both arms, should perform no activities above the shoulder, and that these restrictions and limitations were all supported through 08/06/2019.  Lincoln Claim File at 1397-1398.

19.    On 09/11/2019, Gayle Brown, M.D., a physical medicine and rehabilitation physician retained for Lincoln, wrote that Plummer discontinued working in part due to left shoulder pain for which he underwent surgery and that post-operative notes through 05/13/2019 confirmed worsening left shoulder pain and weakness.  Dr. Brown wrote that Plummer's physical restrictions included occasional

4

lifting/carrying/pushing/pulling 20 lbs. using both upper extremities, no lifting above the shoulder level using the left upper extremity, and no repetitive power grasping/torquing using the right hand. Lincoln Claim File at 1391-1392.

20. On 09/25/2019, Lincoln wrote to Plummer that it had approved his claim for LTD benefits. Lincoln Claim File at 1367.

21. On 09/30/2019, Lincoln commenced paying LTD benefits to Plummer. Lincoln Claim File at 1367.

22. Plummer's medical condition did not thereafter improve, but only worsened, as shown below.

23. No record from any treating physician or any other source indicated any improvement in Plummer's medical condition at any time, including up to today, as shown below.

24. On 04/02/2019, 05/14/2019, 12/17/2019, and 12/31/2019, Christopher Arnold, M.D., Plummer's treating orthopedic surgeon, wrote that Plummer had pain in his left shoulder; had pain in his right knee; and was unable to go up or down stairs, get in and out of a car, or walk 5 to 10 blocks. Lincoln Claim File at 653, 659, 666, 671, 1171, 1177.

25. On 01/11/2020, Plummer wrote in an Activities Questionnaire, completed at Lincoln's request, that he could only sit, stand, or walk for short periods of time and that pain and discomfort prevented him from staying in any position for more than a few minutes. Lincoln Claim File at 1050-1052.

26. On 09/03/2019, 02/17/2020, 05/19/2020, and 10/19/2020, Song Zang, M.D., Plummer's treating rheumatologist, wrote in medical records that Plummer had

5

joint pain, left elbow pain, fibromyalgia, and osteoarthritis. Lincoln Claim File at 628, 1106, 1109, 1110.

27. On 10/30/2020 and 12/01/2020, the Social Security Administration wrote to Plummer that it had issued a fully favorable decision on his claim for disability benefits, finding that he was disabled under its rules. Lincoln Claim File at 1078 & 1081.

28. In January of 2021, Plummer lost the medical insurance he had theretofore received through Walmart Inc. and thus lost his source for paying for visits to physicians until he later became a Medicare recipient on 09/01/2021, and Plummer so informed Lincoln. Lincoln Claim File at 927.

30. On 02/09/2021, Lincoln ceased paying LTD benefits to Plummer. Lincoln Claim File at 1013.

31. Thus, Lincoln paid LTD benefits to Plummer from 09/30/2019 to 02/09/2021, over 16 months, terminating those benefits soon after Plummer had lost his medical insurance, at which time Lincoln knew that Plummer would have less access to medical providers and greater difficulty supporting his claim and his appeal with records of physician visits. Yet, Plummer still submitted adequate additional medical records and other evidence from physicians to support of his appeal, as shown below.

32. In its letter terminating Plummer's LTD benefits, Lincoln wrote "Since the medical documentation and medical restrictions we received do not establish that your medical condition prevents you from performing your job duties, we found that you no longer meet the LTD Policy criteria for LTD payments." Lincoln Claim File at 1016.

33.    Lincoln did not cite evidence that Plummer's medical condition had improved in any way since it previously decided that he was disabled, and there is no such evidence.

34.    Plummer, not represented by an attorney at that time, wrote to Lincoln in a series of emails that he wished to appeal Lincoln's decision and provided supporting documentation, as discussed below.

35.    On 04/08/2021, during the appeal process, Plummer wrote to Lincoln that he had headaches that incapacitated his ability to function; that he took pain medications that kept him drowsy and did not relieve the pain; that he had neuropathic pain down his leg that prevented him from sleeping; that he had pain in multiple joints, his wrist, elbows, shoulders, and fingers; that he could not focus; and that he could not perform critical thinking and executive decisions or make it to the office every day of any given week. Lincoln Claim File at 966-967.

36.    In considering Plummer's appeal, Lincoln and its retained medical professionals did not consider whether any of Plummer's above problems prevented him from performing his own occupation or any occupation.

37.    Leslie Cadot, M.D., an occupational medicine physician who wrote a report for Lincoln after Plummer submitted his appeal, on which Lincoln eventually relied to deny Plummer's appeal, did not discuss any of Plummer's above reported problems in her report. Lincoln Claim File at 204-212.

38.    On 05/10/2021, Plummer wrote to Lincoln that "The hydrocodone [a medication for pain] doesn't help with clarity or attentiveness." Lincoln Claim File at 935.

7

39.    In considering Plummer's appeal, Lincoln and its retained medical professionals did not consider whether the side effects of Plummer's pain medicine prevented him from performing his own occupation or any occupation.

40.    Lincoln's Dr. Cadot did not discuss the side effects of Plummer's pain medicine in her report. Lincoln Claim File at 204-212.

41.    On 05/10/2021, during the appeal process, Plummer wrote to Lincoln that his pain in varied locations was overwhelming; that he could not carry a gallon of milk; that he struggled with walking for more than a few minutes; that he could not maintain any given position for any period of time; and that his headaches were overwhelming. Lincoln Claim File at 927.

42.    Lincoln and its retained medical professionals did not consider whether any of the above problems prevented Plummer from performing his own occupation or any occupation.

43.    Lincoln's Dr. Cadot did not discuss in her report any of the above problems. Lincoln Claim File at 204-212.

44.    On 05/19/2021, during the appeal process, Tracie Elaine Fullove, M.D., Plummer's treating family medicine physician, wrote that Plummer had memory difficulties and stage 3 chronic kidney disease. Lincoln Claim File at 284.

45.    Lincoln and its retained medical professionals did not consider whether Plummer's memory difficulties and stage 3 kidney disease prevented him from performing his own occupation or any occupation.

46.    Lincoln's Dr. Cadot did not discuss in her report either memory difficulties or stage 3 chronic kidney disease. Lincoln Claim File at 204-212.

8

47.    On 06/04/2021, during the appeal process, Song Zang, M.D., Plummer's treating rheumatologist, wrote in a Medical Source Statement – Physical, completed at the request of Lincoln, that Plummer could lift, carry, push, or pull less than 10 pounds; could only stand, walk, or sit for only one hour in a eight-hour day; and could stand, walk, or sit for only a half hour continuously; and that Plummer had diffuse pain, fatigue, and subjective weakness.  Lincoln Claim File at 258-260.

48.    Lincoln and its retained medical professionals did not consider whether any of Dr. Zang' above findings prevented Plummer from performing his own occupation or any occupation.

49.    Lincoln's Dr. Cadot acknowledged receiving Dr. Zang's above statement but did not discuss any of Dr. Zang's findings from the statement in her report.  Lincoln Claim File at 204-212.

50.    On 06/18/2021, during the appeal process, Plummer wrote to Lincoln that he could not carry groceries; he could not hold onto a gallon of milk; he had difficulty sleeping from positional pain; he could not stand, sit or walk for any period of time without pain and discomfort; he took three 7.5mg of hydrocodone per day for pain; hydrocodone caused drowsiness and weakness; he could not strategically plan, make difficult decisions, or understand and resolve complex situations; he could not perform his previous job as a Senior Project Manager; and he could not work as a TBC Tire Tech because "I very quickly determined the standing and moving inventory was beyond my abilities."  Lincoln Claim File at 286.

9

51.    Lincoln and its retained medical professionals did not consider whether Plummer's above problems prevented him from performing his own occupation or any occupation.

52.    Lincoln's Dr. Cadot did not discuss any of Plummer's above reported limitations in her report.  Lincoln Claim File at 204-212.

53.    On 07/28/2021, Lincoln wrote to Plummer that it denied his appeal. Lincoln Claim File at 183.

54.    Plummer was unable to perform his own occupation under the "Own Occupation" period in the policy, which lasted 24 months, Lincoln Claim File at 44 & 50, and Plummer is entitled to LTD benefits for the duration of that period.

55.    Plummer was and still is unable to perform any occupation under the "Any Occupation" period in the policy, which will last until Plummer reaches age 67 on 10/11/2027, Lincoln Claim File at 45, 48 & 50, and Plummer is entitled to LTD benefits under the duration of that period so long as he continues to be disabled under the terms of the policy.

## Civil Action Under ERISA

56.    All allegations herein are incorporated in this part.

57.    Lincoln wrongfully and unreasonably terminated Plummer's LTD benefits and denied his appeal even though Lincoln had no evidentiary basis for doing so and was presented with evidence that Plummer was disabled under the terms of the policy.

58.    Pursuant to ERISA, 29 USC § 1132(a)(1)(B), Plummer, as a participant or beneficiary of the policy, may bring this civil action to recover LTD benefits due to him

under the terms of the policy, to enforce his rights under the terms of the policy, and to clarify his rights to future benefits under the terms of the policy.

### Remand

59. A reviewing court may remand a claim where the insurer or plan administrator failed to make adequate findings or explain the rational for its decision. *Abram v. Cargill, Inc.,* 395 F.3d 882, 887 (8th Cir. 2005).

60. Lincoln failed to consider all evidence, make adequate findings, and explain the rationale for its decision.

### Damages & Relief

61. All allegations herein are incorporated in this part.

62. Lincoln should be required to pay Plummer past due LTD benefits from 02/09/2021 to the date of the judgment.

63. Lincoln should be required to reinstate Plummer's LTD benefits and pay those benefits into the future up to 10/11/2027 so long as he remains eligible for those benefits under the terms of the policy.

64. Lincoln should be required to pay Plummer all reasonable attorney's fees for the prosecution and collection of the loss under ERISA, 29 U.S.C. § 1132(g).

65. Lincoln should be required to pay Plummer the costs of litigation.

66. Lincoln should be required to pay Plummer pre-judgment interest from 02/09/2021 to the date of the judgment.

67. Alternatively, the court should remand Plummer's claim to Lincoln and require Lincoln to consider all evidence, make adequate findings, and explain the rational for its decision.

## Prayer for Relief

WHEREFORE, Plummer prays for judgment against Lincoln, in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, for all damages suffered, past due long term disability benefits from 02/09/2021 to the date of the judgment, reinstatement of his long term disability benefits and payment of those benefits into the future so long as he remains eligible for those benefits under the terms of the policy, reasonable attorney's fees, pre-judgment interest, post-judgment interest, costs, and all other relief to which he is entitled. Alternatively, Plummer prays that the court remand Plummer's claim to Lincoln and require Lincoln to consider all evidence, make adequate findings, and explain the rational for its decision.

Respectfully submitted,

*/s/ Neil Chamberlin*
Neil Chamberlin, # 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

12

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jun-06 11:53:09
72CV-22-1012
C04D01 : 1 Page

## AFFIDAVIT OF SERVICE

**State of Arkansas**                    **County of Washington**                    **Circuit Court**

Case Number: 72CV-22-1012

Plaintiff:
**John Plummer**
vs.
Defendant:
**Lincoln Life Assuance Company of Boston**

For: Mr. Neil Chamberlin
     MCMATH WOODS, P.A.

Received by MYERS ATTORNEY'S SERVICE to be served on **Lincoln Life Assurance Company Of Boston By Serving Corporation Service Company as Registered Agent, 300 Spring Building, Suite 900, 300 Spring Street, Little Rock, AR 72201.** I, _Alex Taylor Holland_, being duly sworn, depose and say that on the __6__ day of _May_, 20_22_ at _1:05_ p.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving _____ As _____ of the within-named agency.

(✗) CORPORATE SERVICE: By Serving _Danny Clements_ as _Intake Specialist_.

( ) OTHER SERVICE: See Comments Below:
( ) NON SERVICE: See Comments Below:

Service Was Completed At:
(✗) ADDRESS ABOVE
( ) OTHER ADDRESS:_____

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

County of _Pulaski_

Subscribed and Sworn to before me on this _6_ day of _May_, 20_22_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My commission expires: _6-2-2026_

PROCESS SERVER # _118_
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**323 Center Street**
**Suite 1425**
**Little Rock, AR 72201**
**(501) 376-6266**

Our Job Serial Number: 2022005413

**PLAINTIFF'S
EXHIBIT
10**

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2a

## Law Offices of Iwana Rademaekers, P.C.

17304 Preston Road, Suite 800
Dallas, TX 75252
(214) 579-9319
(469) 444-6456 (FAX)

iwana@rademaekerslaw.com
Direct: (214) 564-9542

# FAX

| | |
|---|---|
| **To:** | Circuit Clerk |
| **Company:** | Circuit Court, Washington County, Arkansas |
| **Fax:** | (479) 444-1537          **Tel #:**    (479) 444-1538 |
| **From:** | Iwana Rademaekers, Esq. |
| **Subject:** | *John Plummer v. Lincoln Life Assurance Company of Boston* |
| | **Civil Action No. 72CV-22-1012** |
| **Date:** | May 31, 2022 |
| **Pages:** | __8__ page(s), including this cover page |
| **Original:** | _____ Will Follow ___X___ Will Not Follow |

**MESSAGE:**   Please see the attached correspondence and **Notice of Filing Notice of Removal of Action to Federal Court**.

**Please contact Sandy Acker at (425) 215-9459 if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address U.S. Postal Service. Thank you.

**PLAINTIFF'S EXHIBIT**

11

# Law Offices of Iwana Rademaekers, P.C.

17304 Preston Road, Suite 800
Dallas, TX 75252
(214) 579-9319                                                          iwana@rademaekerslaw.com
(469) 444-6456 (FAX)                                                         Direct: (214) 564-9542

May 31, 2022

***VIA FACSIMILE (479-444-1537)***
Circuit Clerk
Circuit Court of Washington County
Washington County Courthouse
280 N College Avenue
Fayetteville AR 72701

> Re:    *John Plummer v. Lincoln Life Assurance Company of Boston, Washington County Circuit Court Case No. 72CV-22-1012*

Dear Clerk:

Attached for a one-time filing in the above-referenced matter is *Defendant's Notice of Filing Notice of Removal of Action to Federal Court.* By copy of this letter, copies of the enclosed have been forwarded to all counsel of record via electronic mail.

Thank you for your assistance. If you have any questions, please call.

Sincerely,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

Iwana Rademaekers

IR/sa
Attachment

cc:    **Via Electronic Mail**
      Neil Chamberlin, Esq.
      Email: neil@mcmathlaw.com

**IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS**
**1st DIVISION**

JOHN PLUMMER,                                                                    **PLAINTIFF**

v.                                       **CIVIL ACTION NO. 72CV-22-1012**

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                    **DEFENDANT**

### DEFENDANT'S NOTICE OF FILING NOTICE OF
### REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Lincoln Life

Assurance Company of Boston ("Defendant"), hereby gives notice of the filing of a Notice of

Removal, removing this action from this Court to the United States District Court for the Western

District of Arkansas. A copy of Defendant's Notice of Removal, filed this day in federal court, is

attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of the

record of this action to the United States District Court, unless and until this action is remanded to

this Court. *See* 28 U.S.C. § 1446(d).

Dated this 31st day of May 2022.

                                        Respectfully submitted,

                                        LAW OFFICES OF IWANA RADEMAEKERS, P.C.
                                        17304 Preston Road, Suite 800
                                        Dallas, Texas 75252
                                        Main: (214) 579-9319
                                        Fax: (469) 444-6456
                                        EM: iwana@rademaekerslaw.com

                                        By: _____
                                             Iwana Rademaekers (Texas Bar # 16452560)

                                        ATTORNEYS FOR DEFENDANT LINCOLN
                                        LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail on the 31st day of May 2022.

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

Iwana Rademaekers

**DEFENDANT'S NOTICE OF FILING NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT**                                    **2**

Case 5:22-cv-05102-TLB   Document 11-2   Filed 07/14/22   Page 79 of 85 PageID #:
Case 5:22-cv-05102-TLB   Document 2   36 Filed 05/31/22   Page 1 of 5 PageID #: 3
367

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JOHN PLUMMER,**                                                                           **PLAINTIFF**

v.                                          **CIVIL ACTION NO.** _5:22-cv-05102-TLB_

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**                      **DEFENDANT**

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant Lincoln Life Assurance Company of

Boston ("Liberty Life"), hereby gives notice that it removes this state court action from the Circuit

Court of Washington County, Arkansas, to the United States District Court for the Western District

of Arkansas, Fayetteville Division.  In support of the instant Notice of Removal, Defendant

respectfully states unto the Court the following:

1.       The instant action was commenced against Defendant on or about May 2, 2022, in the

Circuit Court of Washington County, Arkansas as Civil Action No. 72CV-22-1012.

2.       Plaintiff is seeking to recover long term disability benefits under 29 U.S.C.

§ 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a

participant by virtue of his employment with Walmart, Inc. ("Walmart")[1] The benefit plan at issue is

an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee

Retirement Income Security Act ("ERISA").[2] Defendant hereby submits that federal jurisdiction is

proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

3.       The Circuit Court of Washington County, Arkansas, is within the United States

District Court for the Western District of Arkansas, Fayetteville Division, to which this action is

removable.

---

[1]     *See* ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[2]     *See* ¶¶ 1, 6, and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

4.      Defendant Lincoln Life Assurance Company of Boston was served with this lawsuit on May 6, 2022. Attached hereto as Exhibit "A" is a copy of the entire state court file in this action, including the Summons and Complaint served on Defendant.

5.      Defendant's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

6.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

7.      District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[3] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or

---

[3]    *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8.      Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

9.      As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart.[4] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[5] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[4]   *See* ¶¶ 6 and 8 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[5]   *See* ¶¶ 1 and 4 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

10.     Plaintiff's civil action arises under the laws of the United States.  Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

11.     Removal of this matter is timely pursuant to 28 U.S.C. § 1446.  This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

12.     By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

13.     A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court.

Respectfully submitted,

By: _____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by electronic mail and US Mail on the 26th day of May 2022.

Neil Chamberlin, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Email: neil@mcmathlaw.com

_____
Iwana Rademaekers

DEFENDANT'S NOTICE OF REMOVAL                                                                     4

Page 1 of 2

I CERTIFY THAT THIS
INSTRUMENT IS A TRUE
COPY OF THE Docket Sheets
ON FILE IN THIS OFFICE
DATE 6-09-2022

Kyle Sylvester, Circuit Clerk

Tyria Marsh ,D.C.

## Contexte Case Summary

WASHINGTON of the CIRCUIT

**JOHN PLUMMER V**

Case ID: **72CV-22-1012**

**LINCOLN LIFE ASSURANCE CO OF BOSTON**

Sealed: No

Case Type: CONTRACT - OTHER

Filing Date: May 2, 2022

Case Age: 37 Days

Case Status: CASE OPEN

Trial Type: JURY TRIAL

Claim/Amt:

± Party Summary: Number of Parties 4, Balance Owed: .00 ( includes party and violation fees )

- Dockets

**AFFIDAVIT OF SERVICE**

Date: June 6, 2022 11:53:09 AM

Filed by: **CHAMBERLIN, NEIL**

AFFIDAVIT OF SERVICE - LINCOLN LIFE ASSURANCE COMPANY OF BOSTON 05-06-2022

**SUMMONS - FILER PREPARED**

Date: May 3, 2022 08:23:29 AM

Filed by:

LINCOLN LIFE ASSUANCE COMPANY OF BOSTON

**PAYMENT RECEIVED**

Date: May 2, 2022 02:59:09 PM

Filed by:

A Payment of $167.50 was made on receipt 72CI85511.

**AOC COVERSHEET CIVIL**

Date: May 2, 2022 12:14:14 PM

Filed by: **CHAMBERLIN, NEIL**

**SUMMONS FEE 21-6-402 $**

Date: May 2, 2022 12:14:14 PM

Filed by: **CHAMBERLIN, NEIL**

**COMPLAINT/PETITION FILED $**

Date: May 2, 2022 12:14:14 PM

Filed by: **CHAMBERLIN, NEIL**

COMPLAINT

**MOF ORIGINAL**

Date: May 2, 2022 12:14:14 PM

Filed by: **CHAMBERLIN, NEIL**

**PLAINTIFF'S EXHIBIT**

12

**Totals**

| | |
|---|---|
| Case Balance Owed: | .00 |
| Total Balance Owed: | .00 |
| Number of Dockets: | 7 |
| Number of Events: | |
| Number of Violations: | |
| Number of Defendants: | 1 |



A    C    S

## AFFIDAVIT OF STACEY PECTOL

1.      I am the Clerk of the Arkansas Supreme Court and Court of Appeals.  As such, I am knowledgeable of the matters stated herein.

2.      My office is responsible for maintaining the roster of attorneys licensed to practice law in the State of Arkansas.

3.      I received an inquiry regarding whether Iwana Rademaekers is an attorney licensed to practice law in the State of Arkansas and whether she was so licensed as of May 31, 2022.

4.      Pursuant to the inquiry, I searched the roster of licensed attorneys maintained by my office.  That search revealed no records regarding Iwana Rademaekers.

5.      According to records maintained by my office, Iwana Rademaekers is not an attorney licensed to practice law in the State of Arkansas and was not so licensed as of May 31, 2022.

_____
Stacey Pectol

Subscribed and sworn to before me this 8th day of June, 2022.
County of Pulaski, State of Arkansas

_____
Notary Public

My commission expires:

01-25-2031
(Seal)

AMBER ISOM
NOTARY PUBLIC - ARKANSAS
SALINE COUNTY
Commission Expires 01-25-2031
Commission # 12381593

PLAINTIFF'S
EXHIBIT
13