**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JOHN PLUMMER,                                                                                            PLAINTIFF

v.                                      CIVIL ACTION NO. 5:22cv05102-TLB-CDC

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                           DEFENDANT

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S**
**MOTION TO HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this Brief in Support

of its Response to Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand.

**I.**

**INTRODUCTION AND SUMMARY**

A.      In his Motion, Plaintiff's first request is that the Court stay this case pending the

disposition in State Court of Plaintiff's Motion for Default Judgment, Damages Hearing, and For

Court to Retain Jurisdiction.  However, on July 6, 2022, an Order was entered by the Washington

County Circuit Court denying Plaintiff's Motion.  Accordingly, Plaintiff's request for abeyance is

now moot.

B.      Plaintiff's second and alternative request is that the Court remand the case to State

Court, and two arguments are made to support that request.  The first is that Lincoln's filing in the

State Court of the Notice of Filing of Notice of Removal via facsimile in accordance with the

Washington Circuit Clerk's instructions was a "nullity" because Lincoln's counsel is not licensed in

the State of Arkansas.  However, Plaintiff's counsel has already unsuccessfully made this same

argument in a case in the Eastern District of Arkansas and to the Eighth Circuit, and both of these

Courts found that the filing was proper.

C.      Plaintiff's second argument to support his request to remand is that the Notice of Filing Notice of Removal was not filed "promptly" in accordance with 28 USC § 1446(d). However, the Notice was sent via facsimile to the Washington Circuit Clerk after business hours on May 31, 2022.  As explained below, the Notice was not filed on that next business day due to a system issue with the Circuit Clerk's facsimile system.  Once the issue was discovered, the Circuit Clerk filed the Notice effective June 1, 2022, pursuant to Ark. R. Civ. P. 5(c)(3).  However, even if the Clerk's docket entry regarding the effective date of filing were to be disregarded, the Notice was stamped filed on June 20, 2022, which is 20 days after the case was removed.  Courts considering this issue have found that a delay of 20 days or even up to six months in filing the Notice does not impact the removal, particularly when no action was taken by the State Court during that period.

## II.

## <u>FACTUAL BACKGROUND</u>

A.      Plaintiff filed this action in the Washington County Circuit Court, which was assigned Civil Action No. 72CV-22-1012 (the "State Court Action") seeking to recover long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  Federal jurisdiction is proper in this case based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, and Lincoln timely and properly removed the State Court Action to the United States District Court for the Western District of Arkansas on May 31, 2022.  Copies of all of the removal documents,

including the Notice of Filing Notice of Removal, were served on Plaintiff's counsel on May 31, 2022. Lincoln also filed an Answer in the removed action on June 6, 2022.[1]

B.      Before the removal was filed, on or about May 25, 2022, Lincoln's counsel's assistant, Sandra Acker, contacted the office of the Circuit Clerk of Washington County, Arkansas, and spoke with a deputy clerk in that office.[2] Ms. Acker advised the deputy clerk that a Notice of Filing Notice of Removal of Action to Federal Court needed to be filed in the State Court Action, but as Lincoln's counsel was not admitted to practice in the State of Arkansas, counsel did not have the ability to electronically file the document.[3] The deputy clerk advised Ms. Acker that the Circuit Clerk would accept a filing in the State Court Action from Lincoln's counsel via facsimile for this purpose.[4] On May 31, 2022, and as instructed, Ms. Acker submitted via facsimile a document titled "Notice of Filing Notice of Removal of Action to Federal Court" for filing in the State Court Action and received confirmation that the facsimile was successfully transmitted on that date.[5]

C.      Despite having been served with the removal documents from state and federal court and the answer filed in federal court, Plaintiff's counsel filed a Motion and Brief for Default Judgment, Damages Hearing, and for Court to Retain Jurisdiction on June 9, 2022, in the State Court Action.[6] Plaintiff's counsel did not communicate with Lincoln's counsel regarding the Motion and served the Motion through the U.S. Postal Service. Finally, in a June 17, 2022, email to the United States Magistrate in this Court regarding a scheduling conference, Plaintiff's counsel mentioned the Motion was pending in the State Court Action.

---

[1]   Dkt 6.
[2]   Response, Exhibit "A," Affidavit of Sandra Acker.
[3]   Response, Exhibit "A," Affidavit of Sandra Acker.
[4]   Response, Exhibit "A," Affidavit of Sandra Acker.
[5]   Response, Exhibit "A," Affidavit of Sandra Acker.
[6]   Response, Exhibit "B," Plaintiff's Motion for Default Judgment.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S**
**MOTION TO HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**                    3

D.     Upon Lincoln's counsel learning the basis for the Plaintiff's Motion, on June 20, 2022, and after finding out that the Notice of Filing Notice of Removal had not been entered on the State Court's docket sheet, Ms. Acker contacted the Circuit Clerk's office via telephone to inquire about the status of the facsimile and Notice submitted to the Circuit Clerk on May 31, 2022.[7] Ms. Acker spoke with Tyra in that office, who searched for the Notice and advised that the faxed Notice had been located and would be entered on the Court's Docket sheet with a notation as to when the facsimile was received.[8]  On that same date, Ms. Acker also spoke via telephone with Tyra's supervisor, Laura, who advised Ms. Acker that she would confer with the County Attorney's office regarding the date the document was deemed filed.[9]  Later that day, Ms. Acker was contacted by Tyra who informed her that the Notice had been filed with an effective date of June 1, 2022, and that the Court's docket sheet would reflect that information.[10]

E.     The State Court's docket sheet[11] reflects that Lincoln's Notice was, in fact, received by the Clerk's office on May 31, 2022, and filed effective June 1, 2022, but was not entered on the docket sheet until June 20, 2022, and that the delay was due to an error with the Clerk's facsimile software.  The docket sheet for the State Court Action states: "DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, RECEIVED VIA FAX 04:40:16PM  05-31-2022  AFTER  BUSINESS  HOURS.  FILED  FOR  RECORD,  IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON OPEN NEXT BUSINESS DAY. DELAYED EFLEX FILING DUE TO CLERK'S FACSIMILE SOFTWARE ERROR."[12]

---

[7]     Response, Exhibit "A," Affidavit of Sandra Acker.
[8]     Response, Exhibit "A," Affidavit of Sandra Acker.
[9]     Response, Exhibit "A," Affidavit of Sandra Acker.
[10]    Response, Exhibit "A," Affidavit of Sandra Acker.
[11]    Response, Exhibit "C," State Court Docket Sheet.
[12]    Response, Exhibit "C," State Court Docket Sheet.

F.      In this Court, Plaintiff filed the Motion to Hold Case in Abeyance or Alternatively for Remand on June 30, 2022.[13]  On July 6, 2022, Plaintiff's Motion for Default Judgment in the State Court Action was denied.[14]  Plaintiff's Motion in this Court does not allege that this Court does not have jurisdiction over this action but relies on two arguments to assert that removal was not proper: 1) Lincoln's removal to federal court was defective because its counsel did not promptly file a Notice of Filing Notice of Removal in the State Court Action, and 2) Lincoln's counsel who submitted the filing of the Notice in the State Court Action is not licensed to practice law in Arkansas state court and accordingly, could not file documents in the State Court Action.  However, as detailed below, removal of this action to federal court was proper, the State Court was properly noticed, and Plaintiff's arguments do not support remand or any other relief requested in Plaintiff's Motion.

## III.

## ARGUMENT

### A.      This Court has Jurisdiction over Plaintiff's Claims.

Plaintiff asserts numerous times in his Motion that this Court does not have subject matter jurisdiction over this action.  However, as stated in Lincoln's Notice of Removal, District Courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or

---

[13]    Dkt 9.

[14]    Response, Exhibit "D," Order Denying Plaintiff's Motion for Default Judgment.

activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was <u>established or is maintained</u> for the purpose of providing for its participants or their beneficiaries, <u>through the purchase of insurance</u> or otherwise . . . benefits in the event of sickness, accident, disability, <u>death</u> or unemployment."  29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

Plaintiff is seeking to recover long-term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.[15]  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  The benefits sought by Plaintiff is sought from an ERISA plan.  Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Complaint"[16]  The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan.  Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA.  Plaintiff's causes of action in the State Court Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3).  *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Moreover, Plaintiff has admitted the application of ERISA to his claims.  Accordingly, removal to this Court was proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[15]   *See* Paragraphs 1 and 7 of Plaintiff's Complaint.
[16]   *See* Paragraphs 1, 4, 58, and 64 of Plaintiff's Complaint.

<u>DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S
MOTION TO HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND</u>                6

Plaintiff does not dispute that he is pursuing claims under ERISA, but rather, the arguments made by Plaintiff in support of abeyance or remand pertain solely to Lincoln's filing in the State Court Action of the Notice of Filing Notice of Removal of Action – this issue is not relevant to subject matter jurisdiction.  Additionally, Plaintiff does not dispute that this Notice, with which he was served a copy on May 31, 2022, was defective in format.  Plaintiff's only complaint is that the Notice, despite having been deemed filed on June 1, 2022, was not filed "promptly," and that even if it had been, Lincoln's counsel should not have been permitted to file the Notice.

### B.       Plaintiff's Request for an Abeyance is Moot.

In his Motion, Plaintiff requests this Court to hold this case in abeyance to allow the Washington County Circuit Court to rule on Plaintiff's pending motion for default judgment. However, after Plaintiff's Motion for Remand was filed, on July 6, 2022, the State Court entered an order denying Plaintiff's motion filed in the State Court Action.[17]  Therefore, Plaintiff's request for this Court to hold this action in abeyance pending a decision on his motion filed in the State Court Action is now moot.

### C.       Established Precedent by the Eighth Circuit Holds that the Filing of the Notice of Removal Was Effective.

The issue regarding Lincoln's counsel's submission of the Notice of Filing Notice of Removal in the State Court Action was the subject of litigation in which Plaintiff's counsel and Lincoln's counsel were involved: *Brooks v. Liberty Life Assurance Company of Boston*, CA No. 4:17CV00817 (W.D. Ark. 2018) and 937 F.3d 1144, No. 18-2612 (8th Cir. 2019), ("Brooks"), which Plaintiff refers to as the "Prior Case" in his Motion.  Both the United States District Court and the Eighth

---

[17]    Response, Exhibit "D," Order Denying Plaintiff's Motion for Default Judgment.

Circuit in Brooks held against the argument that Plaintiff's counsel has made in the Motion before this Court.

The United State District Court in Brooks denied the motion to remand, stating:

> Brooks relies on *Desoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, 531 S.W.3d 396 (2017), where the court reiterated its longstanding principle that when a person who is not licensed to practice law in Arkansas attempts to represent the interests of another by submitting himself to the jurisdiction of a court, the pleadings filed by that person are a nullity. *Id*. at *9, 531 S.W.3d at 402. Here, however, Liberty was not submitting itself to the jurisdiction of the state courts. To the contrary, it was giving notice that it was removing the case to federal court and submitting to jurisdiction here. Liberty's lawyer was authorized to practice in the Eastern District of Arkansas at the time the removal papers were filed. Because Liberty was submitting to the jurisdiction of this Court and because its lawyer was authorized to practice in this Court, the notice of removal was not a nullity.[18]

The District Court's decision in Brooks and the basis for that decision were upheld by the United States Court of Appeals for the Eighth Circuit, which stated:

> Once the deputy clerk stamped the notice "FILED," Liberty Life had done all it needed to do under the federal removal statute. . . . It makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017). After all, removal is a federal procedure governed by a federal statute. And the federal statute is clear: removal is effective upon "*fil[ing]* a copy of the notice [of removal] with the clerk of [the] State court," regardless of how state law might treat the notice after it is filed. 28 U.S.C. § 1446(d) (emphasis added); *see also Anthony*, 76 F.3d at 214.[19]

Indeed, Plaintiff included this language from the Eighth Circuit opinion in Brooks in his Motion. The precedent on this issue is clear. The filing by Lincoln's counsel of the Notice of Filing Notice of Removal was effective and was not a "nullity."

---

18   *Brooks*, No. 4:17CV00817 at p. 1 (W.D. Ark. Feb. 7, 2018) (copy attached).
19   *Brooks*, 937 F.3d 1144, 1145 (8th Cir. 2019).

Moreover, Lincoln complied with Ark. R. Civ. P. 5(c)(3) and the Washington County Circuit Court's instructions in submitting the Notice for filing by facsimile. This subsection of the Arkansas Rules of Civil Procedure has not been revised or repealed. Additionally, Arkansas Supreme Court Administrative Order 21 regarding electronic filing specifically states that electronic filing is the exclusive means of filing, "except as may otherwise be provided in this order or by rule adopted by the Supreme Court." The Arkansas Rules of Civil Procedure are promulgated and adopted by Order of the Arkansas Supreme Court. Because the Arkansas Supreme Court did not revise or withdraw Rule 5(c)(3) upon the entry of Administrative Order 21, this Rule operates as a specific exception to allow for filing by facsimile, as provided by the text of the Administrative Order.

**D.  The Filing of the Notice of Filing Notice of Removal Was Prompt Pursuant to 28 U.S.C. § 1446(d),**

Plaintiff's Motion in this Action relies on the argument that the removal was defective because Lincoln's Notice of Filing Notice of Removal of Action to Federal Court was not "promptly" filed in accordance with 28 U.S.C. § 1446(d). However, this argument is not valid, as the Court's docket sheet reflects that Lincoln's Notice was, in fact, received by the Circuit Clerk's office on May 31, 2022, and filed effective June 1, 2022, but was not entered on the docket sheet until June 20, 2022, due to a delay caused by the Clerk's facsimile software.[20] Therefore, although the electronic file stamp (which cannot be backdated by the Clerk) reflects a file stamp of June 20, 2022,[21] the docket sheet in the State Court Action states: "DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, RECEIVED VIA FAX 04:40:16PM 05-31-2022 AFTER BUSINESS HOURS. FILED FOR RECORD, IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON OPEN NEXT

---

[20]   Response, Exhibit "C," State Court Docket Sheet.
[21]   Response, Exhibit "E," File-Stamped Notice of Filing Notice of Removal in State Court Action.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S**
**MOTION TO HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**                    9

BUSINESS DAY. DELAYED EFLEX FILING DUE TO CLERK'S FACSIMILE SOFTWARE ERROR."

Ark. R. Civ. P. 5(c)(3) provides that, "The clerk shall stamp or otherwise mark a facsimile copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day." Accordingly, the Clerk's docket entry on June 20, 2022, reflecting filing of the Notice on June 1, 2022, is in compliance with this Rule.

The clerk's notation on the State Court docket sheet explains the discrepancy between the date the document was actually received (May 31, 2022) and the date of the electronic file stamp (June 20, 2022). To date, the Notice has not been unfiled or otherwise rejected by the Court in the State Court Action. Therefore, Lincoln was in full compliance with the requirement that Lincoln file a copy of the notice with the clerk of the State Court, pursuant to 28 U.S.C. § 1446(d). Nevertheless, Plaintiff asks this Court to hold Lincoln responsible for the Clerk's software error and expects this Court to ignore the Clerk's docket entry explaining the discrepancy in the dates. However, based on the undisputed facts, the Notice was filed by the Circuit Clerk effective June 1, 2022.

Even if the Clerk's notation on the docket sheet regarding June 1, 2022, as the effective date of the filing of the Notice is disregarded, the filing of the Notice 20 days after the removal was still "prompt" under 28 U.S.C. § 1446(c). A sister court within the Eighth Circuit found that filing the notice in state court 67 days after the case was removed did not warrant remand as the court had taken no action on the case during that 67-day time period. *Bohanna v. Hartford Life & Accident Ins. Co.*, No. 11-899-CV-W-DW (W.D. Mo. Mar.16, 2022) (copy attached). Likewise, the docket sheet in the State Court Action reflects that between the removal date of June 1, 2022, and the alternative filing date of the Notice on June 20, 2022, the Court took no action with regard to the

case.  Moreover, Courts have stated that delays in filing the Notice in state court of 22,[22] 23,[23] 25,[24] 33,[25] 36,[26] 39,[27] or 56[28] days or even three[29] or six[30] months after the case was removed do not defeat the removal.  Therefore, even if the Notice was deemed filed in the State Court Action on June 20, 2022, the removal to this Court still stands.

## CONCLUSION

For the reasons set forth above, Lincoln requests that the Court enter an Order Denying Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand, award Lincoln its attorney's fees and costs associated with Defendant's Response to Plaintiff's Motion, and grant Lincoln such other relief to which it may show itself entitled.

Dated this 14th day of July 2022.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
    Iwana Rademaekers (Texas Bar # 16452560)
    LAW OFFICES OF IWANA RADEMAEKERS, P.C.
    17304 Preston Road, Suite 800
    Dallas, Texas 75252
    Main:  (214) 579-9319
    Fax:  (469) 444-6456
    Email:  iwana@rademaekerslaw.com

    ATTORNEYS FOR DEFENDANT LINCOLN
    LIFE ASSURANCE COMPANY OF BOSTON

---

[22]   Nixon v.Wheatley, 368 F. Supp.2d 635, 640 (E.D. Tex. 2005).
[23]   *Lee v. Smith & Wesson Corp.*, No. 1:11-CV-1940 p. 4 (N.D. Ohio Oct.24, 2011) (copy attached).
[24]   *Tube City IMS Corp. v. Allianz Global Risks US Ins. Co.*, No. 14-1245, p. 10 (W.D. Penn. Nov. 3, 2014) (copy attached).
[25]   *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, No. 1:16-cv-02856-LJM-MPB pp. 10-11 (S.D. Ind. Jan.10, 2017) (copy attached).
[26]   *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 246-47 (S.D. N.Y. 2000).
[27]   *Am. Film & Printing, Ltd. v. Cowart Mulch Prods*, No. 3:15-CV-0682-L-BF pp. 6-7 (N.D. Tex. July 16, 2015) (copy attached).
[28]   *Delgado v. Bank of Am. Corp*., No. 09-1638at * 8-9 (E.D. Cal. Nov. 23, 2009) (copy attached).
[29]   *Packrite, LLC v. Graphic Packaging Int'l, Inc*. No. 1:17CV1019 p. 8 (M.D. N.C. Aug. 29, 2018) (copy attached).
[30]   *Whitney v. Wal-Mart Stores, Inc.*, Civ.04-38-P-H, (D. Me. Aug. 31, 2004) (copy attached).

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S**
**MOTION TO HOLD CASE IN ABEYANCE OR ALTERNATIVELY FOR REMAND**         11

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com


__July 14, 2022__                          /s/ Iwana Rademaekers
Date                                       Iwana Rademaekers