**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JOHN PLUMMER                                                              PLAINTIFF

V.                                    NO. 5:22-CV-05102-TLB

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON              DEFENDANT

**PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE ARKANSAS SUPREME COURT**

1.      Unless otherwise stated, the exhibits cited herein were filed in support of Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand, filed herein on 06/30/2022.

2.      The plaintiff, John Plummer, files this motion pursuant to Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, governing certification of questions of law to the Arkansas Supreme Court.

3.      In accordance with Rule 6-8(c)(1)(A), Plummer submits the following "questions of law to be answered" for inclusion in this court's certification order to the Arkansas Supreme Court:

(a)      Whether the copy of a notice of removal to federal court, sent by facsimile machine from an attorney for the defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), who was not licensed to practice law in the state courts of Arkansas, to the Washington County Circuit Clerk on 05/31/2022, Exhibit 11, is a nullity under *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326.

(b)     Whether Lincoln effected the removal of this case from the Washington County Circuit Court to the U.S. District Court for the Western District of Arkansas under *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988).

(c)     Whether subject matter jurisdiction over this case remains with the Washington County Circuit Court.

4.     In accordance with Rule 6-8(c)(1)(B), Plummer submits the below "facts relevant to the question[s], showing fully the nature of the controversy out of which the question[s] arose" to be included in this court's certification order:

(a)     On 05/02/2022, Plummer filed a complaint in the Washington County Circuit Court against the defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), seeking long term disability benefits.  Exhibit 9.

(b)     On 05/06/2022, a process server hand served the summons and complaint on Lincoln's registered agent.  Exhibit 10.

(c)     On 05/31/2022, Lincoln's attorney filed a notice of removal of this case with the U.S. District Court for the Western District of Arkansas.

(d)     On 05/31/2022, Lincoln's attorney was licensed to practice law in the U.S. District Court for the Western District of Arkansas.

(e)     On 05/31/2022, Lincoln's attorney sent by facsimile machine a copy of the notice of removal to the Washington County Circuit Clerk.  Exhibit 11.

(f)     On 05/31/2022, Lincoln's attorney was not licensed to practice law in the state courts of Arkansas.  Exhibit 13.

(g)     The Washington County Circuit Court is a state court of Arkansas.

(h)      On 05/31/2022, the Washington County Circuit Clerk did not mark the notice of removal as filed.

(i)      On 06/06/2022, the 30-day deadline passed for Lincoln to file an answer with the Washington County Circuit Court under Ark. R. Civ. P. 12(a)(1).

(j)      As of 06/06/2022, Lincoln had not filed an answer with the Washington County Circuit Court.  Exhibit 12.

(k)      On 06/08/2022, Stacey Pectol, the Clerk of the Arkansas Supreme Court and Court of Appeals, signed an affidavit stating that Lincoln's attorney was not licensed to practice law in the state courts of Arkansas.  Exhibit 13.

(l)      On 06/09/2022, the office of the Washington County Circuit Clerk provided a certified copy of the docket showing all filings in the case filed in the Washington County Circuit Court.  Exhibit 12.

(m)      On 06/09/2022, the Washington County Circuit Clerk still had not marked the notice of removal as filed.

(n)      As of 06/09/2022, the notice of removal still did not appear on the docket of Washington County Circuit Court's electronic filing system.  Exhibit 12.

(o)      On 06/09/2022, Plummer filed in the Washington County Circuit Court a motion for default, damages hearing, and for that court to retain jurisdiction (hereinafter "motion for default judgment").  Exhibit 14.

(p)      On 06/20/2022, the Washington County Circuit Clerk made a docket entry which read "06-20-22 … NOTICE REMOVED FEDERAL COURT … DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF

3

ACTION TO FEDERAL COURT, RECEVED VIA FAX 04:40:16 PM 05-31-2022 AFTER BUSINESS HOURS.  FILED FOR RECORD, IN ACCORDANCE WITH ARKANSAS RULES OF CIVIL PROCEDURE, 06-01-2022 08:00:00 UPON OPEN NEXT BUSINESS DAY.  DELAYED EFLEX FILING DUE TO CLERK'S FACSIMILE SOFTWARE ERROR."  Exhibit C to Defendant's Response to Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand, filed herein on 06/30/2022.

(q)    On 06/23/2022, through a second attorney who was licensed to practice law in the state courts of Arkansas, Lincoln filed in the Washington County Circuit Court a response to the plaintiff's motion for default judgment. Exhibit 15.

(r)    On 06/24/2022, Plummer filed a reply in the Washington County Circuit Court.  Exhibit 16.

(s)    On 06/29/2022, Lincoln filed a sur-reply in the Washington County Circuit Court.  Exhibit 17.

(t)    On 07/06/2022, the Washington County Circuit Court issued an order denying Plummer's motion for default judgment.  Exhibit D to Defendant's Response to Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand, filed herein 06/30/2022.

(u)    The Washington County Circuit Court has not issued any orders stating whether it has subject matter jurisdiction of Plummer's case under *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326; *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988); or other law.

4

5.     In accordance with Rule 6-8(a)(1), Plummer submits that the below questions of law may be determinative of this cause and that it appears there is no controlling precedent in the decisions of the Arkansas Supreme Court.   The below questions of law may be determinative of this cause because, if they are answered in the affirmative, in the eyes of Arkansas law, subject matter jurisdiction of this cause exists only in the Washington County Circuit Court and not in this court, in which case this cause should not proceed in this court.

WHEREFORE, in accordance with Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, the plaintiff moves this court to certify the questions of law stated in paragraph 3 herein to the Arkansas Supreme Court.

Respectfully submitted,

Neil Chamberlin, Ark. Sup. Ct. No. 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374-5118
neil@mcmathlaw.com

*Attorney for Plaintiff*