**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JOHN PLUMMER**                                                        **PLAINTIFF**

**V.**                            **NO. 5:22-CV-05102-TLB**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**            **DEFENDANT**

---

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION OF**
**QUESTIONS OF LAW TO THE ARKANSAS SUPREME COURT**

---

### I.      Introduction

The relevant facts are stated in paragraph 4 of the accompanying motion and therefore will not be fully repeated here.  Succinctly stated, Lincoln Life Assurance Company of Boston ("Lincoln") timely filed with this federal court a notice of removal of this action to this federal court, but Lincoln faxed a copy of the notice of removal to the Washington County Circuit Clerk via an attorney not licensed to practice law before that court.

Based on those facts and the Arkansas Supreme Court case law discussed herein, the plaintiff, John Plummer, contends that, in the eyes of Arkansas law, subject matter jurisdiction remains only with the Washington County Circuit Court, not with this federal court.  Plummer contends that, regardless of whether this court decides that it has subject matter jurisdiction under Eighth Circuit case law and regardless of whether this court decides to remand this case to the Washington County Circuit Court, the Washington County Circuit Court is bound by Arkansas Supreme Court case law, under which the Washington County Circuit Court is obligated to exercise subject matter jurisdiction over this case.

This case, therefore, presents a potential conflict in Eighth Circuit case law and Arkansas Supreme Court case law and potential inconsistent rulings from the Washington County Circuit Court and this court. In other words, both courts may decide they have subject matter jurisdiction under the law by which they are bound, and both courts may then make rulings inconsistent with the other court.

## II.   Law

### A.   Certification of Questions of Law

The Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

Rule 6-8(a)(1) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas.

### B.   *Desoto*

In *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, the Arkansas Supreme Court wrote "We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a ***nullity***." *Id.* at *8 (emphasis added) (citing *Preston v. Univ. of Ark. for Medical Sciences*, 354 Ark. 666 (2003) (complaint filed by unlicensed attorney was nullity); *Davenport v. Lee*, 348 Ark. 148 (2002) (same); *see also Abel v. Kowalski*, 323 Ark. 201 (1996) (striking motions filed by unlicensed attorney).

### C.   *Bourland*

2

In *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988), the Arkansas Supreme Court held that, where a defendant insurance company filed a notice of removal in federal court but did not file a copy of it in state court, the removal was not "effected."  "While there is no longer a need to comply with state court filing deadlines to avoid default if the case is removed to the federal court, it is clear that removal is ***not effected*** unless the removal documents are filed promptly with the state court."  *Id.* at 491 (emphasis added).

### D.    *Brooks*

In *Brooks v. Liberty Life Assurance Company of Boston*, 937 F.3d 1144 (2019), the Eighth Circuit wrote "It makes no difference that under Arkansas law certain 'pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity.' *DeSoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017).  After all, removal is a federal procedure governed by a federal statute."  *Id.* at 1145.

### E.    *Dahl*

In *Dahl v. R.J. Reynolds*, 478 F.3d 965 (8th Cir. 2007), the Eighth Circuit wrote "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal."  *Id.* at 968 (citation omitted); *see also* 14B C. Wright & A. Miller, Federal Practice and Procedure § 3721 at 66-80 n.115-117 (4th ed. 2009) (listing cases).

## III.   Argument

In the eyes of Arkansas law, and particularly under *Desoto* and *Bourland*, the Washington County Circuit Court still has subject matter jurisdiction over this case, even if Eighth Circuit case law differs under *Brooks*.  That is because the copy of the notice of

removal faxed by Liberty's attorney to the Washington County Circuit Clerk, whether "promptly" or not under 28 U.S.C. § 1446(d), is a "nullity" under *Desoto*, in which case removal to this court was never "effected" under *Bourland*.

If the Washington County Circuit Court is bound to exercise jurisdiction under the above Arkansas case law, as Plummer contends it is, there is a risk that two courts – that court and this court – will contemporaneously exercise jurisdiction over the same case and make inconsistent rulings. As such, Plummer asks this court to certify the questions of law in the accompanying motion to the Arkansas Supreme Court.

Should the Arkansas Supreme Court decide that subject matter remains with the Washington County Circuit Court in the eyes of Arkansas law, this court should refrain from exercising jurisdiction. That would be consistent with the Eighth Circuit's holding that "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl,* 478 F.3d at 968.

It makes no difference that the Washington County Circuit Court denied Plummer's motion for default judgment, as discussed in paragraph 4(t) of the accompanying motion. That was a discretionary ruling. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default ***may*** be entered by the court." Ark. R. Civ. P. 55(a) (emphasis added). The Washington County Circuit Court has not issued any orders stating whether it still has subject matter jurisdiction of Plummer's case under *Desoto*, *Bourland*, or other law.

**IV.   Conclusion**

In accordance with Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, this court should certify the questions of law stated in paragraph 3 of the accompanying motion to the Arkansas Supreme Court.

Respectfully submitted,

Neil Chamberlin, Ark. Sup. Ct. No. 93222
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone 501-374-5411
Facsimile 501-374

*Attorney for Plaintiff*

5