**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JOHN PLUMMER,**                                                                                              **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 5:22cv05102-TLB-CDC**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**                              **DEFENDANT**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE ARKANSAS SUPREME COURT

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this Response to

Plaintiff's Motion for Certification of Questions of Law to the Arkansas Supreme Court.

**I.**

## FACTUAL BACKGROUND AND SUMMARY

A.        Plaintiff filed this action in the Washington County Circuit Court, which was

assigned Civil Action No. 72CV-22-1012 (the "State Court Action") seeking to recover long-term

disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability

benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.  The

benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. §

1002(1) of the Employee Retirement Income Security Act ("ERISA").  Federal jurisdiction is

proper in this case based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, and

Lincoln timely and properly removed the State Court Action to the United States District Court for

the Western District of Arkansas on May 31, 2022.  Copies of all of the removal documents,

including the Notice of Filing Notice of Removal, were served on Plaintiff's counsel on May 31,

2022.  Lincoln also filed an Answer in the removed action on June 6, 2022.[1]

---

[1]     Dkt 6.

B.      As detailed in the Factual Background in Defendant's Brief in Support of Its Response to Plaintiff's Motion to Remand (Docket 12 pp. 3-4), as directed by the Circuit Court Clerk, the State Court Notice of Filing Notice of Removal was submitted via fax on May 31, 2022, to the Circuit Court Clerk for filing, as Defendant's counsel did not have electronic filing credentials.  The Circuit Court Clerk filed the State Court Notice on June 20, 2022, effective June 1, 2022, and the delay was due to an error in the Circuit Court Clerk's fax system.[2]

C.      On June 30, 2022, Plaintiff filed a Motion to Hold Case in Abeyance or Alternatively for Remand on June 30, 2022.[3]  However, as detailed in Lincoln's Response to Plaintiff's Motion for Remand, removal of this action to federal court was proper, the State Court was properly noticed, and Plaintiff's arguments do not support remand or any other relief requested in Plaintiff's Motion.  Plaintiff has now filed a Motion for Certification of Questions of Law to the Arkansas Supreme Court on August 29, 2022,[4] in which it appears that Plaintiff's motion incorrectly assumes that questions of Arkansas State Law need to be answered by the Arkansas Supreme Court before this Court can properly rule on Plaintiff's Motion to Remand pending before this Court.  The three questions Plaintiff proposed for certification in the Motion are:

(a) Whether the copy of a notice of removal to federal court, sent by facsimile machine from an attorney for the defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), who was not licensed to practice law in the state courts of Arkansas, to the Washington County Circuit Clerk on 05/31/2022, Exhibit 11, is a nullity under *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326.

---

[2]    Response to Motion for Remand, Exhibit "C," State Court Docket Sheet (Dkt 11-3, PageID #374).
[3]    Dkt 9.
[4]    Dkt 14.

(b) Whether Lincoln effected the removal of this case from the Washington County Circuit Court to the U.S. District Court for the Western District of Arkansas under *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988).

(c) Whether subject matter jurisdiction over this case remains with the Washington County Circuit Court.

As described in the Brief in Support of this Response, as well as in Lincoln's Response to Plaintiff's Motion to Remand and in the rulings in the case law that Plaintiff attached to his own Motion to Remand, removal is a federal procedure governed by a federal statute and the question of federal court jurisdiction over this action is a question for this Court. Accordingly, submission of these questions to be answered by the Arkansas Supreme Court is wholly improper and have no bearing on whether removal of this action to federal court was proper.

H.    On August 30, 2022, Amber Prince (Arkansas Bar Number 2007247) of the law firm of Conner & Winter, LLP electronically filed Defendant's Second Notice of Filing Notice of Removal of Action to Federal Court (Exhibit 1, attached hereto), which stated that "Although a Notice of Removal . . . was submitted to this Court on May 31, 2022, marked "Filed" on June 20, 2022, and effectively filed on June 1, 2022, this Second Notice is submitted for filing to remove all doubt that notice of the removal to the United States District Court for the Western District of Arkansas was filed in this Court."

I.    As described in the Brief in Support of this Response, as well as in Lincoln's Response to Plaintiff's Motion to Remand and in the rulings in the case law that Plaintiff attached to his own Motion to Remand, removal is a federal procedure governed by a federal statute and the question of federal court jurisdiction over this action is a question for this Court. Accordingly, submission of these questions to be answered by the Arkansas Supreme Court is wholly improper

and have no bearing on whether removal of this action to federal court was proper.  Moreover, to the extent that the argument that the June 1, 2022, filing of the State Court Notice was a "nullity" has any merit in the face of converse Eighth Circuit authority, that issue has been mooted by the filing of the Second Notice of Filing Notice of Removal that was electronically filed by an attorney licensed in Arkansas.

J.    Lincoln also relies on the arguments contained in and exhibits attached to *Defendant's Response to Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand* and *Defendant's Brief in Support of its Response*, Dkt 11 and 12, filed on July 14, 2022 ("Response to Motion to Remand"), which are incorporated by reference herein.

Lincoln's arguments are set forth in detail in its Brief in Support of this Response, which is filed contemporaneously with this Response and incorporated herein.

## CONCLUSION

For the reasons set forth above and in the Brief in Support, Lincoln requests that the Court enter an Order Denying Plaintiff's Motion for Certification of Questions of Law to the Arkansas Supreme Court, award Lincoln its attorney's fees and costs associated with Defendant's Response to Plaintiff's Motion, and grant Lincoln such other relief to which it may show itself entitled.

Dated this 12th day of September 2022.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
      Iwana Rademaekers (Texas Bar # 16452560)
      LAW OFFICES OF IWANA RADEMAEKERS, P.C.
      17304 Preston Road, Suite 800
      Dallas, Texas 75252
      Main:  (214) 579-9319
      Fax:  (469) 444-6456
      Email:  iwana@rademaekerslaw.com

      ATTORNEYS FOR DEFENDANT LINCOLN
      LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

      Neil Chamberlin, Esq.
      Email:  neil@mcmathlaw.com


    September 12, 2022                         /s/ Iwana Rademaekers
Date                                     Iwana Rademaekers