UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN PLUMMER,                                                    PLAINTIFF

v.                          CIVIL ACTION NO. 5:22cv05102-TLB-CDC

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,                        DEFENDANT


**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION
FOR CERTIFICATION OF QUESTIONS OF LAW TO THE ARKANSAS SUPREME
COURT**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this Brief in Support

of its Response to Plaintiff's Motion for Certification of Questions of Law to the Arkansas Supreme

Court.

**I.**

**FACTUAL BACKGROUND AND SUMMARY**

A.      Plaintiff filed this action in the Washington County Circuit Court, which was

assigned Civil Action No. 72CV-22-1012 (the "State Court Action") seeking to recover long-term

disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability

benefits plan, in which he was a participant by virtue of his employment with Walmart, Inc.  The

benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. §

1002(1) of the Employee Retirement Income Security Act ("ERISA").  Federal jurisdiction is

proper in this case based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, and

Lincoln timely and properly removed the State Court Action to the United States District Court for

the Western District of Arkansas on May 31, 2022.  Copies of all of the removal documents,

including the Notice of Filing Notice of Removal, were served on Plaintiff's counsel on May 31, 2022.  Lincoln also filed an Answer in the removed action on June 6, 2022.[1]

B.      As detailed in the Factual Background in Defendant's Brief in Support of Its Response to Plaintiff's Motion to Remand (Docket 12 pp. 3-4), as directed by the Circuit Court Clerk, the State Court Notice of Filing Notice of Removal was submitted via fax on May 31, 2022, to the Circuit Court Clerk for filing, as Defendant's counsel did not have electronic filing credentials.  The Circuit Court Clerk filed the State Court Notice on June 20, 2022, effective June 1, 2022, and the delay was due to an error in the Circuit Court Clerk's fax system.[2]

C.      On June 30, 2022, Plaintiff filed a Motion to Hold Case in Abeyance or Alternatively for Remand on June 30, 2022.[3]  However, as detailed in Lincoln's Response to Plaintiff's Motion for Remand, removal of this action to federal court was proper, the State Court was properly noticed, and Plaintiff's arguments do not support remand or any other relief requested in Plaintiff's Motion.  Plaintiff has now filed a Motion for Certification of Questions of Law to the Arkansas Supreme Court on August 29, 2022,[4] in which it appears that Plaintiff's motion incorrectly assumes that questions of Arkansas State Law need to be answered by the Arkansas Supreme Court before this Court can properly rule on Plaintiff's Motion to Remand pending before this Court.  The three questions Plaintiff proposed for certification in the Motion are:

(a) Whether the copy of a notice of removal to federal court, sent by facsimile machine from an attorney for the defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), who was not licensed to practice law in the state courts of Arkansas, to the

---

[1]    Dkt 6.
[2]    Response to Motion for Remand, Exhibit "C," State Court Docket Sheet (Dkt 11-3, PageID #374).
[3]    Dkt 9.
[4]    Dkt 14.

<u>**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR**</u>
<u>**CERTIFICATION OF QUESTIONS OF LAW TO THE ARKANSAS SUPREME COURT**</u>                    2

Washington County Circuit Clerk on 05/31/2022, Exhibit 11, is a nullity under *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326.

(b) Whether Lincoln effected the removal of this case from the Washington County Circuit Court to the U.S. District Court for the Western District of Arkansas under *Allstate Ins. Co. v. Bourland*, 296 Ark. 488 (1988).

(c) Whether subject matter jurisdiction over this case remains with the Washington County Circuit Court.

As described below, as well as in Lincoln's Response to Plaintiff's Motion to Remand and in the rulings in the case law that Plaintiff attached to his own Motion to Remand, removal is a federal procedure governed by a federal statute and the question of federal court jurisdiction over this action is a question for this Court.  Accordingly, submission of these questions to be answered by the Arkansas Supreme Court is wholly improper and have no bearing on whether removal of this action to federal court was proper.

H.	On August 30, 2022, Amber Prince (Arkansas Bar Number 2007247) of the law firm of Conner & Winter, LLP electronically filed Defendant's Second Notice of Filing Notice of Removal of Action to Federal Court (Exhibit 1, attached hereto), which stated that "Although a Notice of Removal . . . was submitted to this Court on May 31, 2022, marked "Filed" on June 20, 2022, and effectively filed on June 1, 2022, this Second Notice is submitted for filing to remove all doubt that notice of the removal to the United States District Court for the Western District of Arkansas was filed in this Court."

I.	As described below, as well as in Lincoln's Response to Plaintiff's Motion to Remand and in the rulings in the case law that Plaintiff attached to his own Motion to Remand, removal is a federal procedure governed by a federal statute and the question of federal court

jurisdiction over this action is a question for this Court.  Accordingly, submission of these questions to be answered by the Arkansas Supreme Court is wholly improper and have no bearing on whether removal of this action to federal court was proper.  Moreover, to the extent that the argument that the June 1, 2022, filing of the State Court Notice was a "nullity" has any merit in the face of converse Eighth Circuit authority, that issue has been mooted by the filing of the Second Notice of Filing Notice of Removal that was electronically filed by an attorney licensed in Arkansas.

J.       Lincoln also relies on the arguments contained in and exhibits attached to *Defendant's Response to Plaintiff's Motion to Hold Case in Abeyance or Alternatively for Remand* and *Defendant's Brief in Support of its Response*, Dkt 11 and 12, filed on July 14, 2022 ("Response to Motion to Remand"), which are incorporated by reference herein.

## II.

## ARGUMENT IN RESPONSE

A. **Plaintiff's Request for Certification Under Arkansas Statute is Improper in this Case.**

In his Motion, Plaintiff requests that the Court certify questions of law in accordance with Rule 6-8(a)(1) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, which states: "The Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States."  However, the Rule further states that such certification is appropriate only if such questions of law "**may be determinative** of the cause then pending in the certifying court and as **to which it appears to the certifying court there is no controlling precedent** in the decisions of the Supreme Court."[5]

---

[5]   Ark S.C. Rules 6-8(a)(1), emphasis added.

In an effort to meet this requirement, Plaintiff asserts that "regardless of whether this court decides that it has subject matter jurisdiction under Eighth Circuit case law," the "Washington County Circuit Court is bound by Arkansas Supreme Court case law, under which the Washington County Circuit Court is obligated to exercise subject matter jurisdiction over this case." Plaintiff argues that this would mean both the State Court and this Court would have jurisdiction.

Plaintiff's argument is nonsensical, as the concept and procedure of removal of state court actions to federal courts is created by a federal statute (28 U.S.C. §§ 1446 and 1447). Further, what Plaintiff asserts is violative of the Supremacy Clause of the United State Constitution. U.S. Const., art. VI, cl. 2; *Brooks v. Howmedica, Inc.*, 273 F.3d 785, 792 (8th Cir. 2001 ("State law which conflicts with federal law is preempted under the Supremacy Clause of the Constitution."). If a state court were to attempt to preempt federal removal statutes and procedure with state law, it "opposes basic constitutional law and is error." *Grovatt v. St. Jude Med. Inc*., 425 F.3d 1116, 1121 (8th Cir. 2005). With the supremacy of the federal removal statute made clear, Plaintiff's basis for the Motion for Certification falls flat. Indeed, as the Eighth Circuit stated, "removal is a federal procedure governed by a federal statute."[6] Further, "it makes no difference that under Arkansas law certain "pleadings filed on behalf of another by a person not licensed to practice law in [Arkansas] are a nullity." [citation omitted]."[7] "After all, removal is effective upon '*fil[ing]* a copy of the notice [of removal] with the clerk of [the] State court,' regardless of how state law might treat the notice after it is filed. 28 U.S.C. § 1446(d)."[8] Id. (emphasis original). Therefore, there are no "questions of Arkansas law" that would be "determinative" of any issues in this case and submission of these

---

[6]    *Brooks v. Liberty Life Assurance Company of Boston*, 937 F.3d 1144, 1145 (2019).
[7]    *Id*.
[8]    *Id.* (emphasis original).

questions to be answered by the Arkansas Supreme Court is wholly improper and has no place in this case in determining whether removal of this action to federal court was effective.

**B.  The Certified Questions in Plaintiff's Motion are Rendered Moot by the Filing of the Second Notice of Filing Notice of Removal by the Arkansas-Licensed Attorney.**

It is clear that the proposed questions and how these relate to the removal of this action to this Court are issues of federal law as described above, and accordingly, are not "determinative" of any issue relevant to this action.  However, even if these matters were not entirely questions of federal law and within the purview of this Court, and even if existing Eighth Circuit precedent did not hold that the June 1st filing of the State Court Notice were sufficient to make the removal effective, all of these proposed questions are moot by virtue of the Second Notice of Filing Notice of Removal that was filed through the Arkansas electronic filing system on August 30, 2022, by an attorney licensed in the State of Arkansas (Exhibit 1, attached hereto).  Of course, the Second Notice was unnecessary, as the Eighth Circuit specifically held in *Brooks* that removal is complete upon the filing of such a Notice, even if such Notice was filed by an attorney who is not licensed in Arkansas.  However, the Second Notice was filed to remove any doubt or question regarding the Notice given to the State Court.

## CONCLUSION

For the reasons set forth above, Lincoln requests that the Court enter an Order Denying Plaintiff's Motion for Certification of Questions of Law to the Arkansas Supreme Court, award Lincoln its attorney's fees and costs associated with Defendant's Response to Plaintiff's Motion, and grant Lincoln such other relief to which it may show itself entitled.

Dated this 12th day of September 2022.

Respectfully submitted,

By: ___/s/ Iwana Rademaekers_____

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LINCOLN
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

___September 12, 2022_____          ___/s/ Iwana Rademaekers_____
Date                                                        Iwana Rademaekers

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR
CERTIFICATION OF QUESTIONS OF LAW TO THE ARKANSAS SUPREME COURT**                 7