IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN PLUMMER                                                                                    PLAINTIFF

v.                                         CIVIL NO. 22-5102

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON                          DEFENDANT

## ORDER

Pursuant to the provisions of 28 U.S.C. §§ 636, the Honorable Timothy L. Brooks, United States District Judge, referred Plaintiff's Motion to Hold Case in Abeyance or Alternatively, For Remand (ECF No. 9) to the undersigned. Having considered the parties' pleadings and exhibits as well as their counsels' arguments during a hearing conducted on September 21, 2022, the Court finds as follows:

1.  Plaintiff's Motion to Hold Case in Abeyance is **DENIED as MOOT.** Plaintiff sought a stay so he could proceed with his Motion for Default in the Circuit Court of Washington County [*Plummer v. Lincoln Life*, 72CV-22-1012]. Plaintiff's Motion for Default was denied by the Honorable Doug Martin on or about July 6, 2022. (ECF No. 11-4).

2.  Plaintiff's Motion to Remand is **DENIED.** Plaintiff contends, *inter alia,* that Defendant's Notice of Removal was not promptly filed with the Washington County Circuit Court as required by 28 U.S.C. § 1446(d) and that even when filed, it is a nullity because Defendant's counsel is not licensed in Arkansas. These issues are repeated in Plaintiff's Motion for Certification of Questions of Law to the Arkansas Supreme Court which has not been referred for consideration by the undersigned. Defendant responds that the Eighth Circuit Court of Appeals has foreclosed Plaintiff's nullity argument, that Defendant promptly faxed its Notice of Filing of Notice of Removal to the Washington County Circuit Clerk who received it but failed to file it for twenty

(20) days, and that courts addressing such delays regularly find that technical or procedural filing defects, in the absence of prejudice, generally do not warrant remand.

In reaching its conclusion herein, the undersigned makes the following factual findings:

* \*     Defendant filed a Notice of Removal in this Court on May 31, 2022.  (ECF No. 2).
* \*     Defendant's counsel and/or staff prepared and faxed a Notice of Filing of Notice of Removal ("Notice") to the Washington County Circuit Clerk on May 31, 2022. (ECF No. 11-1).
* \*     The certified Washington County Circuit Court docket reflects that, on June 20, 2022, the Circuit Clerk "filed" the Notice, noting its receipt by the Circuit Clerk on May 31, 2022, and noting that it is "filed of record" as of June 1, 2022 [the next business day following receipt by fax] in accordance with the Arkansas Rules of Civil Procedure.  (ECF N0. 11-3).

With respect to Plaintiff's argument that the Notice Defendant submitted to the Washington County Circuit Clerk is a nullity because Defendant's counsel was and is not admitted to practice in the State of Arkansas, this argument has been foreclosed by *Brooks v. Liberty Life Assurance Company of Boston,* 937 F.3d 1144 (8th Cir. 2019) ("It makes no difference that under Arkansas law certain 'pleadings filed on behalf of another by a person not licensed to practice in [Arkansas] are a nullity.' *Desoto Gathering Co. v. Hill*, 531 S.W.3d 396, 403 (Ark. 2017).  After all, removal is a federal procedure governed by a federal statute.  And the statute is clear:  removal is effective upon '*fil[ing]* a copy of the notice [of removal] with the clerk of [the] State court,' regardless of how state law might treat the notice after it is filed. 28 U.S.C. § 1446(d) (emphasis added); *see also Anthony,* 76 F.3d at 214.")

With respect to Plaintiff's argument that the Notice was not "promptly" filed, the parties have cited no Eighth Circuit precedent interpreting Section 1446(d)'s promptness requirement. Persuasive to the undersigned is the fact that Defendant's counsel made efforts to file the Notice with the Washington County Circuit Clerk on the same date Defendant filed a Notice of Removal in U.S. District Court – May 31, 2022 – by faxing it as directed to the Circuit Clerk who, apparently as an oversight, failed to file it until Defendant's counsel later called to inquire. Declining Plaintiff's invitation to parse the Circuit Clerk's June 20th decision to file the notice as of June 1 "per the Arkansas Rules of Civil Procedure" or agree that electronic filing was Defendant's sole option for submitting this pleading, the Court instead applies *Brooks, supra,* finding that "[o]nce the deputy clerk stamped the notice "FILED," [Defendant] had done all it needed to do under the federal removal statute." *Id*. at 1145; *see also Anthony v. Runyon,* 76 F.3d 201, 214 (8th Cir. 1996) ("[R]emoval is effected when the notice of removal is filed with the state court. . . ."); *Priority-1, Inc. v. Kitchen & Bath Masters, Inc.,* 2021 WL 4355247 (E.D. Ark. September 24, 2021) (failure to notice the state court is a procedural defect that can be cured).  In light of the state court filing, it is largely immaterial to the undersigned's decision whether the filing occurred on June 1 (undisputedly prompt) or on June 20 (arguably less prompt); courts addressing this issue of promptness routinely find that where the purpose of the removal statute has not been thwarted or undermined by a technical or procedural defect resulting a delayed notice filing, remand is not warranted*.  See e.g., Bohanna v. Hartford Life & Acc. Ins. Co*., 848 F. Supp.2d 1009 (W.D. Mo. 2012) (finding a 67-day lapse between the filing of the notice of removal in the federal court and the filing of the notice of removal in the state court did not warrant remand, noting that no significant action was taken in state court during the delay that would prejudice the plaintiff). Here, Plaintiff suffered no prejudice in state or federal court, and once the notice was filed by the

3

Washington Couty Circuit Clerk, ten (10) days remained before Plaintiff's deadline to file a motion to remand pursuant to 28 U.S.C. § 1447(c), permitting Plaintiff to advance all his arguments herein.

    3.    For these reasons, Plaintiff's Motion to Hold Case in Abeyance (ECF No. 9) is denied as **MOOT** and Plaintiff's Motion to Remand (ECF No. 9) is **DENIED.**

IT IS SO ORDERED this 21st day of September 2022.

        *Christy Comstock*
        CHRISTY COMSTOCK
        UNITED STATES MAGISTRATE JUDGE